

1  **KRONENBERGER BURGOYNE, LLP**
2  Karl S. Kronenberger (Bar No. 226112)
   Henry M. Burgoyne III (Bar No. 203748)
3  150 Post Street, Suite 520
   San Francisco, CA 94108
4  Telephone: (415) 955-1155
   Facsimile:  (415) 955-1158
5  karl@KBInternetLaw.com
6  hank@KBInternetLaw.com

7  Attorneys for Plaintiff
   DIGBY ADLER GROUP d/b/a BANDAGO

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DIGBY ADLER GROUP LLC d/b/a BANDAGO,** a California limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> **IMAGE RENT A CAR, INC.**, a New York corporation, and **VAN RENTAL CO., INC.**, a New York corporation, <br><br> Defendants. | Case No. CV 10 617 <br><br> **COMPLAINT FOR CYBERSQUATTING, TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND FALSE ADVERTISING** <br><br> **DEMAND FOR JURY TRIAL** |

Case No.                                                                                   COMPLAINT

Plaintiff Digby Adler Group LLC d/b/a Bandago ("Plaintiff"), through its attorneys, alleges as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over claims arising under the law of the State of California is conferred upon this Court under 28 U.S.C. § 1367 (supplemental jurisdiction).

2. On information and belief, this Court has personal jurisdiction over defendants Image Rent A Car ("IRAC") and Van Rental Co., Inc. ("VRC") (collectively, "Defendants") because Defendants advertise and/or market their services to clients and potential clients located in California, provide van rentals for use throughout the entire United States, including for use in California, knew that their actions alleged herein were directed at and would and did cause harm to a California entity, and their actions harmed California consumers.

3. Venue is proper pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions, and consumer confusion, giving rise to Plaintiff's claim occurred within the District. Plaintiff is based in the District and suffered the harm here.

## PARTIES

4. Plaintiff is, and at all times herein mentioned was, a California limited liability company organized and existing under the laws of California, with its principal place of business at 2200 Cesar Chavez St., Suite 16, San Francisco, California.

5. Upon information and belief, defendant IRAC is and at all times herein mentioned was, a New York corporation organized and existing under the laws of New York, with its principal place of business at 391 Empire Blvd., Brooklyn, New York.

6. Upon information and belief, defendant VRC is and at all times herein mentioned was, a New York corporation organized and existing under the laws of New York, with its principal place of business at the same location as defendant IRAC's principal place of business, 391 Empire Blvd., Brooklyn, New York.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

7. Upon information and belief, Defendants at all relevant times and in connection with all relevant acts herein, operated as a joint venture, and/or acted as the agent of the other with the advance knowledge, acquiescence, or subsequent ratification of the acts of the other.

8. Whenever in this Complaint reference is made to any act of Defendants, that allegation shall be deemed to mean that its officers, directors, agents, employees or representatives, committed, conspired to commit, authorized, aided, abetted, furnished the means to, advised or encouraged the acts alleged, while actively engaged in the management, direction or control of the affairs of that defendant.

**INTRADISTRICT ASSIGNMENT**

9. For the purposes of Local Rule 3-2(c), this action should be assigned to the San Francisco division of the Court because San Francisco is the county in which a substantial part of the events or omissions which give rise to the claims occurred.

**FACTUAL ALLEGATIONS**

10. Plaintiff, founded in 2002, rents cars and vans, including 15-passenger vans and Dodge "Sprinter" vans for tours, groups, and extended travel and long-term use.

11. Plaintiff's principal offices are located in San Francisco, California, and it has rental locations in California, New Jersey, Illinois, and Oregon. Plaintiff provides van rentals for use throughout the entire United States.

12. Plaintiff has been doing business under the fictitious name and service mark "Bandago" (the "Mark") since 2003, and first used the Mark in commerce on or about August 15, 2003. On May 27, 2008, Plaintiff filed an application to register the Mark with the United States Patent and Trademark Office (Serial Number 77484380). The Mark has not yet been registered, but publication period has been completed and Plaintiff expects the application to proceed to registration shortly.

13. On or about August 7, 2003, Plaintiff registered the domain name bandago.com for use in connection with its car and van rental business.

14. Plaintiff has invested significant resources into building its brand name and reputation under the Mark through advertising and marketing, including building and maintaining the website www.bandago.com. Plaintiff has used the Mark continuously and exclusively since 2003.

15. On information and belief, Defendants are in substantially the same business as Plaintiff, renting cars and vans, including 15-passenger vans and Dodge "Sprinter" vans for tours, groups, and extended travel and long-term use. Notably, Plaintiff and Defendants are some of the only companies to rent Dodge "Sprinter" vans in the country, and such vans are in high demand and attract corporate clients who can spend in excess of six figures renting them.

16. On information and belief, Defendants' principal offices are in New York and have rental locations in New York, New Jersey, and Florida. On information and belief, Defendants provide van rentals for use throughout the entire United States, including for use in California.

17. On information and belief, Defendants own and operate the website imagerentacar.com.

18. On information and belief, Defendants advertise and/or market their services to clients and potential clients located in California.

19. On information and belief, on or about August 28, 2008, defendant VRC registered the domain name bandago.net.

20. On information and belief defendant VRC was acting as the agent of defendant IRAC and registered the domain name for its and IRAC's use, or subsequently transferred or shared ownership and control, via license or otherwise, of the domain name to/with IRAC.

21. On information and belief, Defendants created a website at their domain bandago.net that automatically and immediately redirected visitors to defendant IRAC's website, imagerentacar.com.

//

22. On information and belief, Defendants do not, and have never had, any trademark or intellectual property rights in the name "Bandago."

23. On information and belief, the domain name bandago.net does not consist of any name commonly used to identify Defendants.

24. On information and belief, other than in registering the domain name bandago.net and redirecting visitors from bandago.net to their own website, Defendants have never used the name "Bandago" in commerce or in connection with any bona fide offering of any goods or services.

25. On information and belief, Defendants registered the domain name bandago.net with the intent to divert Plaintiff's actual or potential customers to Defendants' website with the desire and intent that those redirected customers use Defendants' services instead of Plaintiff's.

26. Defendants' domain name bandago.net is confusingly similar to Plaintiff's Mark and Plaintiff's website bandago.com; except for the top level domains (*i.e.*, ".com" and ".net"), Defendants' domain name is identical to Plaintiff's Mark and website.

27. Defendants' website bandago.net caused actual confusion among members of the public between Defendants' and Plaintiff's websites and services.

28. On information and belief, actual or potential customers were actually deceived by Defendants' use of the domain name bandago.net into using Defendants' services instead of Plaintiff's services.

29. On information and belief, Defendants registered the domain name bandago.net knowing that Plaintiff provided similar services under the Mark and via its own website bandago.com and knowing that it would likely harm Plaintiff. On information and belief, Defendants took these actions also knowing that Plaintiff's principal place of business was in California and that such actions would likely harm Plaintiff in California.

//
//
//

## FIRST CLAIM FOR RELIEF

**Cybersquatting [Lanham Act § 43(d); 15 USC § 1125(d)(1)]**

30. Plaintiff re-alleges and incorporates herein the above Paragraphs 1-29, as if fully alleged herein.

31. Plaintiff is the owner of the Mark.

32. The Mark is distinctive.

33. Defendant, in bad faith, intended to profit from the Mark by registering, trafficking in, and/or using the domain name bandango.net, which contains the Mark.

34. At the time Defendant registered the domain name www.bandango.net, it was identical, or confusingly similar, to the Mark.

35. As a direct and proximate result of Defendant's actions, conduct, and practices alleged above, Plaintiff has been damaged and will continue to be damaged.

36. Defendants' acts have also caused and are causing irreparable and incalculable injury to Plaintiff and its Mark, and to the business and goodwill represented thereby, and unless enjoined, will cause further irreparable and incalculable injury, whereby Plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

**Unfair Competition [Lanham Act § 43(a), 15 U.S.C. § 1125(a)]**

37. Plaintiff re-alleges and incorporates herein the above Paragraphs 1-36, as if fully alleged herein.

38. Plaintiff is the owner of the Mark.

39. The Mark is distinctive.

40. Defendants registered and used in commerce the domain name bandago.net.

41. Defendants' registration and use in commerce of the domain name bandago.net, including its redirecting of visitors to bandago.net to Defendants' website, is likely to cause confusion, to cause mistake, or to deceive members of the public,

//

including potential and current clients of Plaintiff, as to the source and origin of the services offered and to be offered by Defendants under the domain name bandago.net.

42. Defendants' registration and use in commerce of the domain name bandago.net constitutes trademark infringement of Plaintiff's common law trademark rights in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

43. As a direct and proximate result of Defendant's actions, conduct, and practices alleged above, Plaintiff is likely to be and has been damaged and will continue to be damaged.

44. Defendants' acts have also caused and are causing irreparable and incalculable injury to Plaintiff and its Mark, and to the business and goodwill represented thereby, and unless enjoined, will cause further irreparable and incalculable injury, whereby Plaintiff has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF

### False Advertising [Lanham Act § 43(a), 15 U.S.C. § 1125(a)(1)(B)]

45. Plaintiff re-alleges and incorporates herein the above Paragraphs 1-44, as if fully alleged herein.

46. Plaintiff is the owner of the Mark.

47. The Mark is distinctive.

48. Defendants registered and used in commerce the domain name bandago.net.

49. Defendants' registration and use in commerce of the domain name bandago.net, including its redirecting of visitors to bandago.net to Defendants' website, constitutes commercial advertising or promotion within the meaning of Section 43(a)(a)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

50. Defendants' registration and use in commerce of the domain name bandago.net misrepresents the nature, characteristics, and qualities of Defendants' and Plaintiff's goods, services, and commercial activities.

//

51. As a direct and proximate result of Defendant's actions, conduct, and practices alleged above, Plaintiff is likely to be and has been damaged and will continue to be damaged.

52. Defendants' acts have also caused and are causing irreparable and incalculable injury to Plaintiff and its Mark, and to the business and goodwill represented thereby, and unless enjoined, will cause further irreparable and incalculable injury, whereby Plaintiff has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF

### Common Law Trademark Infringement

53. Plaintiff re-alleges and incorporates herein the above Paragraphs 1-52, as if fully alleged herein.

54. Plaintiff is the owner of the Mark.

55. The Mark is distinctive.

56. Plaintiff used the Mark in commerce continuously and exclusively prior to Defendants' use of the Mark.

57. Defendants' registration and use in commerce of the domain name bandago.net, including its redirecting of visitors to bandago.net to Defendants' website, is likely to cause confusion, to cause mistake, or to deceive members of the public, including potential and current clients of Plaintiff, as to the source and origin of the services offered and to be offered by Defendants under the domain name bandago.net and to cause members of the public to confuse Defendants' use of "bandago" with Plaintiff's Mark.

58. As a direct and proximate result of Defendant's actions, conduct, and practices alleged above, Plaintiff has been damaged and will continue to be damaged.

59. In committing the conduct and acts alleged herein, Defendants have acted despicably, and have been guilty of oppression, fraud, and/or malice, and acted with a willful and conscious disregard for Plaintiff's rights, and with intent to deceive.

//

# FIFTH CLAIM FOR RELIEF

**Unlawful, Unfair, or Fraudulent Business Practices [Cal. Bus. & Prof. C. § 17200]**

60. Plaintiff re-alleges and incorporates herein the above Paragraphs 1-59, as if fully alleged herein.

61. Plaintiff is the owner of the Mark.

62. The Mark is distinctive.

63. Defendants' registration and use in commerce of the domain name bandago.net, including its redirecting of visitors to bandago.net to Defendants' website, are unlawful business practices in violation of Sections 43(a) and 43(d) of the Lanham Act.

64. Defendants' registration and use in commerce of the domain name bandago.net, including its redirecting of visitors to bandago.net to Defendants' website, are unfair and/or fraudulent business practices that are designed to deceive, confuse, and misguide members of the public, including Plaintiff's actual and potential customers, as to owner of the Bandago brand and the source of services provided under the Bandago brand, and are designed to siphon, redirect, and improperly take Plaintiff's actual and potential customers for Defendants' own commercial gain and to the detriment of Plaintiff.

65. As a direct and proximate result of Defendant's actions, conduct, and practices alleged above, Defendants have acquired improper commercial benefits and Plaintiff has been damaged and will continue to be damaged.

66. In committing the conduct and acts alleged herein, Defendants have acted despicably, and have been guilty of oppression, fraud, and/or malice, and acted with a willful and conscious disregard for Plaintiff's rights, and with intent to deceive.

//

//

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests judgment as follows:

1. That the Court enter judgment against the Defendant that it has
    a. Committed and is committing cybersquatting in violation of 15 U.S.C. §1125(d);
    b. Committed and is committing acts of infringement of an unregistered trademark and unfair competition in violation of 15 U.S.C. §1125(a);
    c. Committed and is committing acts of infringement of Plaintiff's trademark under California law;
    d. Committed and is committing acts of unfair competition in violation of California Business & Professions Code section 17200.
2. That the Court issue injunctive relief against Defendant, requiring Defendant to transfer the domain name bandango.net to Plaintiff.
3. That the Court order Defendant to pay Plaintiff's damages as follows:
    a. The greater of Plaintiff's damages (composed of Plaintiff's actual damages and Defendant's profits) in an amount to be determined according to proof pursuant to <u>or</u> Plaintiff's statutory damages of $100,000 pursuant to 15 U.S.C. §1117(a), (d).
    b. Plaintiff's damages (composed of Plaintiff's actual damages and Defendant's profits) in an amount to be determined according to proof pursuant to 15 U.S.C. §1117(a) for Defendant's willful infringement of Plaintiff's unregistered trademark;
    c. Plaintiff's restitutionary damages for Defendant's violation of California Business and Professions Code section 17200.
    d. Such other damages as the Court shall deem appropriate;
    e. Interest, including prejudgment interest, on the foregoing sums;

//
//

4. That the Court grant to Plaintiff such additional relief as is just and proper.

Respectfully Submitted,

DATED: February 11, 2010.

                    **KRONENBERGER BURGOYNE, LLP**

                    By: _____
                    Karl S. Kronenberger

                    Attorneys for Plaintiff DIGBY ADLER GROUP d/b/a BANDAGO

**REQUEST FOR JURY TRIAL**

Plaintiff hereby demands a trial of this action by jury.

DATED: February 11, 2010.

                    **KRONENBERGER BURGOYNE, LLP**

                    By: _/s/ Karl S. Kronenberger_
                    Karl S. Kronenberger

                    Attorneys for Plaintiff DIGBY ADLER GROUP d/b/a BANDAGO