UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIGBY ADLER GROUP LLC d/b/a BANDAGO, a California limited liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>IMAGE RENT A CAR, INC., *a New York* Corporation, and VAN RENTAL CO., INC., a NEW YORK corporation,<br><br>Defendants. | Case No. 3:10-cv-00617-SC<br><br>**DECLERATION OF SHNEIOR ZILBERMAN IN FURTHER SUPPORT OF DEFENDANTS' MOTION** |

I Shneior Zilberman submit this declaration in further support of Defendants' "Motion to Dismiss the Complaint or Alternatively to Transfer Venue to the Eastern District of New York."

I Shneior Zilberman am the General Manager of Image Rent A Car, Inc., ("Image") and have been an employee of Image since its inception in October of 2004.

On or about January 21, 2010 at my Brooklyn office I received a letter from attorneys for Digby dated January 9, 2009 [sic] in an envelope dated January of 2010. The foregoing letter alleges that Image ran a website Bandago.net (the "Bandago-Website"), that the Bandago-Website was owned and operated by Image and that the Bandago-Website re-directed traffic to Image and that operation of same was in violation of Digby's alleged trademark.

However, the Bandago-Website was never owned or operated by Image and was never registered in the name of Image.

Nonetheless, as I am not a lawyer and am not an expert in trademark litigation upon receipt of the letter on January 21, 2010 I immediately directed that Bandago-Website cease to direct traffic to Image and cease to actively operate. I directed that the Bandago-Website cease to operate until legal issues regarding the use of the Bandago-Website were resolved in order to

mitigate legal liability if any.

As the General Manger of Image I am also in charge of the operation and construction of the website for Image imagerentacar.com ("Image-Website"). The Image-Website has over two thousand pages and is constantly being edited and modified.

Furthermore I have examined the opposition of Digby dated May 26, 2010 and the attached exhibits "A" through "N" containing web pages of the website of Image known as Imagerentacar.com (the "Image-Website").

All of the pages from the Image-Website attached as exhibits to Digby's opposition were retrieved on or about May 21, 2010. However, as of that date the Bandago-Website had not been operating for at least four months. Thus, the exhibits attached to Digby's opposition are not exact copies of the pages from the Image-Website when traffic was being directed to it prior to January 21, 2010. Moreover, the Image-Website is modified and changed on a daily basis. Thus, the scant pages referred to by Digby and attached as exhibits "A" through "N" are either different from the webpages of the Image-Website of four months ago or were not even in existence at all at that time.

The Image-Website has not less than two thousand seven hundred ninety pages. The number of pages which a website has may be verified by performing a site check. A site check on the world wide web is performed by entering a website name with the language "site:" before the website name. Thus, on June 2, 2010 I performed a site check of the Image-Website by entering the language "site:imagerentacar.com" wherein a page informing the viewer of the approximate number of pages which the Image-Website contains appeared. A copy of the page evidencing the fact that the Image-Website has not less than two thousand seven hundred ninety pages is attached to the Memorandum of Defendants in Further Support as **Exhibit "1."**.

Moreover, the site Bandago.Net was never registered under the name of Image but rather

2

DECLERATION OF SHNEIOR ZILBRMAN IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT OR ALTERTNATVELY TRANSFER VENUE - Case No. 3:10-cv-00617-SC

it was registered under the name of Van Rental Co., ("Van") and though not currently in operation is still registered under the name of Van. I am not an employee of Van. However, as an employee of Image I am familiar with Van.

Image only has offices in the States of New York and Florida. However, Image delivers rentals to Connecticut, Pennsylvania, Maryland, Washington D.C., and Virginia. Image has never conducted business in the state of California or delivered vehicles to the state of California. Image has never entered into a contract with any entity in the State of California. Image has no presence, office, employees, phone line, bank account or mailing address, in the State of California. The employees of Image's New York offices all reside in New York and mostly in the Eastern District of New York.

Digby attempts to attribute Image as doing business or directing business by referring to entries of a mere 19 pages out of the two thousand seven hundred ninety pages of the Image-Website.

Of the 19 pages listed by Digby **only 4**, Exhibits "A," "C," "F" and "G" even allude (albeit erroneously) to doing business in the State of California. Moreover, none of the 4 pages offer any evidence that a resident of the State of California entered into a contract with Image in the State of California or were directed to Image via the Bandago-Website. Attached to Digby's opposition as Exhibit "A" is a page in a confusing jumble buried in the text after "we deliver conversion van rentals" are the names of the following locations: Sandiego, San Jose, Los Angeles, California, Sacramento, Oakland, Santa Ana, Riverside, Bakersfield, Stockton, Glendale, Irving, and Huntington Beach. Admittedly the names of those cities may be attributed to the State of California. However, Image has never delivered a vehicle to California. While producing the page the foregoing cities were erroneously added. Attached to Digby's opposition as Exhibit "C" is a page which erroneously has the following language: Image Van Rentals has

DECLERATION OF SHNEIOR ZILBRMAN IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT OR ALTERTNATVELY TRANSFER VENUE - Case No. 3:10-cv-00617-SC

been serving the San Diego area . . . for decades. However, San Diego is erroneously listed because Image has never serviced San Diego or any other city in California. Attached to Digby's opposition as Exhibit "F" is a page wherein the following language appears: "Hybrid locations: Throughout California." However, a closer examination of the page evidences the fact that that language is a quote from an article by Chris Brown the editor of Auto Rental News who is discussing the use of Hybrids. Moreover, Digby by its own admission only rents vans and not passenger cars or hybrids. Attached to Digby's opposition as Exhibit "G" is a page which merely states "California Vans". The page does not say that Image does any business or performs and service activity in California.

The pages attached to Digby's opposition as Exhibits "B," "D," "E," "H," "I," merely state the following: "vans for long distance runs to California," "renting a large van to explore each regions vineyards, is the best way to see an taste the wines California has to offer" "driven cross country and long distances, such as . . .San Francisco" "traveling to California." The foregoing pages only suggest that one may rent a van from Image and drive it to California.

The page attached to Digby's opposition as Exhibit "J," is merely a testimonial from a customer who lives in California and rented a vehicle in New York. Nothing in the testimonial evidences the fact that the customer entered into the rental agreement anywhere else other than New York. Moreover, nothing suggests that the customer was directed to Image via the Bandago-Website. Moreover, the customer's testimonial is referring to a luxury car which Digby does not rent.

The page attached to Digby's opposition as Exhibit "K," is merely a testimonial from a California resident who rented a vehicle in Michigan. However, Image does not service Michigan and the testimonial does not refer to Image. Rather the testimonial was placed in order to promote and illustrate a luxury car specifically, the Mercedes Benz ML 320, which Digby

4

DECLERATION OF SHNEIOR ZILBRMAN IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT OR ALTERTNATVELY TRANSFER VENUE - Case No. 3:10-cv-00617-SC

admittedly does not rent.

Digby alleges that attached as Exhibit "M" is a page in which a customer may create a reservation from California. While I do not know of an example of customer who created a reservation on line from California even if one did so the vehicle would not be delivered to them in California. Moreover, they would only be able to execute the Contract when they presented their identification at a location of Image located within the Eastern Seaboard twenty five hundred miles from California.

The pages attached to Digby's opposition as Exhibit "O" and "P" are of advertising by Image on Facebook and Twitter. The advertising of Image on Facebook and Twitter are only informative and one may not make reservations, orders, or services. Additionally, an examination of the site Image on Twitter clearly evidences the fact that Image is listed as a New York entity who rents in NY, NJ, Ct, Miami, Fort Lauderdale, and West Palm Beach Florida. The heading from the Twitter page is copied below.

> **Name** IMAGE Rent A Car
> **Location** New York NY
> **Web** http://imagerenta...
> **Bio** Luxury Car Rentals in NYC NJ CT And Miami, FLL WPB Florida. Rent Luxury Cars, Luxury Vans 12 and 15 Passenger Van Rentals and more

Finally, attached to Digby's opposition as Exhibit "Q" and "R" are pages elatedly evidencing the fact that Facebok, Inc. and Twitter, Inc. are California Companies. However, Image never entered into a contract with Facebok, Inc. and Twitter, Inc.

Moreover, I am a resident of Brooklyn, New York. I am not a party to the within action and I would testify at trial regarding the foregoing. Additionally, I would testify to the fact that I am the President of Adir Rent A Car Inc. ("Adir") the prior owner of the trademark Bandago

5

DECLERATION OF SHNEIOR ZILBRMAN IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT OR ALTERTNATVELY TRANSFER VENUE - Case No. 3:10-cv-00617-SC

since the early 1990's until 2008. Wherein, in 2008 Adir assigned the mark and the goodwill associated with the mark and the right to sue for past infringement to one Menachem Sneerson. Moreover, I will testify that Adir had a printer located in Brooklyn, NY Chaim Lifsch who printed material for the trademark Bandego. Additionally, I will testify that Rachamim Chudaitov also a Brooklyn resident from 1996 distributed material for the trademark Bandago. I will also testify that Moshe Gotlieb printed business cards for the trademark Bandago in Brooklyn NY from the early 1990's until 2000. Finally, I will testify that Buruch Kay of Crown Travel in Brooklyn, NY referred rentals using Adir's trademark Bandego prior to Adir's assignment of the trademark Bandego.

Furthermore, Menachem Sneerson, Chaim Lifsch, Rachamim Chudaitov and Moshe Gotlieb all Brooklyn residents and non party residents have informed me that they will testify regarding the foregoing.

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 2, 2010.

Dated: Brooklyn, NY
June 2, 2010

/s/ Shneior Zilberman

DECLERATION OF SHNEIOR ZILBRMAN IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT OR ALTERTNATVELY TRANSFER VENUE - Case No. 3:10-cv-00617-SC

6