**KRONENBERGER BURGOYNE, LLP**
Karl S. Kronenberger (Bar No. 226112)
Henry M. Burgoyne III (Bar No. 203748)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone:  (415) 955-1155
Facsimile:   (415) 955-1158
karl@KBInternetLaw.com
hank@KBInternetLaw.com

Attorneys for Plaintiff
DIGBY ADLER GROUP d/b/a BANDAGO

**LEVI HUEBNER & ASSOCIATES, PC**
Levi Huebner (admitted *pro hac vice*)
478 Malbone Street, Suite 100
Brooklyn, NY 11225
Telephone: (212) 354-5555
Attorneys for Defendants
IMAGE RENT A CAR INC. and VAN RENTAL CO., INC.
newyorklawyer@msn.com

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DIGBY ADLER GROUP LLC**, | Case No. 3:10-cv-00617-SC |
| Plaintiff, | **RULE 26(f) REPORT AND JOINT CASE MANAGEMENT STATEMENT** |
| vs. | |
| **IMAGE RENT A CAR, INC.**, *et al.*, | **[PURSUANT TO FED. R. CIV. P. 26(f) AND CIVIL LOCAL RULE 16-9]** |
| Defendants. | |

Pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, and the Northern District of California Standing Order, Plaintiff Digby Adler Group LLC and Defendants Image Rent A Car, Inc. and Van Rental Co., Inc. (collectively, "Defendants"), respectfully submit the following Rule 26(f) Report and Joint Case Management Statement (the "Statement").

**1.   JURISDICTION AND SERVICE:**

**Plaintiff's Statement:**

The Court has subject matter jurisdiction under 28 U.S.C. §1331, as some or all of the claims alleged herein arise under the laws of the United States. This Court also has supplemental jurisdiction under 28 U.S.C. §1367 over claims arising under the law of the State of California. The Court has personal jurisdiction over defendants because of the business they conduct in California and the harm they have caused to a California entity and California consumers. Venue is proper under 28 U.S.C. §1391 because a substantial part of the events or omissions, and consumer confusion giving rise to Plaintiff's claim occurred within the Northern District of California. All parties named in this action have been served.

**Defendants' Statement:**

Even if this Court has subject matter jurisdiction this Court does not have personal jurisdiction over Defendants because the Defendants do not conduct business in California and have no minimum contacts with California. Venue is not proper under 28 U.S.C. §1391 because the events or omissions, and consumer confusion giving rise to Plaintiff's claim have not occurred within the Northern District of California. At a minimum, this matter should be transferred to the Eastern District of New York because the parties both due business in New York. Moreover, all parties named in this action have not been properly served.

//

//

Case No. 3:10-cv-00617-SC     1     **JOINT CASE MANAGEMENT STATEMENT**

2. **FACTS:**

**Plaintiff's Statement:**

Plaintiff, founded in 2002, rents cars and vans, including 15-passenger vans and Dodge "Sprinter" vans for tours, groups, and extended travel and long-term use. Plaintiff's principal offices are located in San Francisco, California. Plaintiff has been doing business under the fictitious name and service mark "Bandago" (the "Mark") since 2003. On or about August 7, 2003, Plaintiff registered the domain name <www.bandago.com> for use in connection with its car and van rental business. Plaintiff has invested significant resources into building its brand name and reputation under the Mark through advertising and marketing, including building and maintaining the website located at <www.bandago.com>.

Defendants are in substantially the same business as Plaintiff, renting cars and vans, including 15-passenger vans and Dodge "Sprinter" vans for tours, groups, and extended travel and long-term use. Notably, Plaintiff and Defendants are some of the only companies to rent Dodge "Sprinter" vans in the country, and such vans are in high demand. On or about August 28, 2008, Defendants registered the domain name <www.bandago.net>. Defendants then created a website located at <www.bandago.net>, which automatically redirected visitors to defendant Image Rent A Car, Inc.'s website, located at <www.imagerentacar.com>.

Defendants do not have any trademark or intellectual property rights in the Mark. Defendants registered the domain name <www.bandago.net> with the intent to divert Plaintiff's actual and potential customers to Defendants' website with the intent that those redirected customers use Defendants' services instead of Plaintiff's. Defendants' misconduct caused actual confusion among members of the public between Defendants' and Plaintiff's websites and services.

**Defendants' Statement:**

Plaintiff has improperly filed this lawsuit in an inconvenient forum for Defendants. Plaintiffs main legal strategy is to make the high cost of litigation impossible Defendants

to properly defend themselves.

This Court lacks jurisdiction of Defendants, small companies that mainly do business in New York and have never had any contacts with California and have never done business in California.

Moreover, Defendants have never directed any activities or advertising at residents of California.

Even if the Court did have jurisdiction over Defendants, the appropriate venue does not lie in the Northern District of California. At a minimum, this matter should be transferred to the Eastern District of New York because every factor to be considered weighs heavily in favor of a transfer:

- Defendants' sales are in the Eastern District of New York
- All of Defendants witnesses reside in the Eastern District of New York
- The principal of Defendants, resides in the Eastern District of New York
- Defendants are incorporated and licensed to do business in New York
- Plaintiff advertises and does business in New York
- Plaintiff is incorporated and licensed to do business in New Jersey

Defendants' reserve its right to supplement its statement of facts pending the outcome of Defendants pending motion to dismiss or transfer venue.

## 3. <u>LEGAL ISSUES</u>:

**Plaintiff's Statement of legal issues:**

A. Whether Defendants engaged in cybersquatting by registering and using the domain name <www.bandago.net> in violation of 15 U.S.C. §1125(d).

B. Whether Defendants engaged in unfair competition by registering and using the domain name <www.bandago.net> in violation of 15 U.S.C. §1125(a)(1)(A).

C. Whether Defendants engaged in false advertising by registering and using the domain name <www.bandago.net> in violation of 15 U.S.C. §1125(a)(1)(B).

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

D. Whether Defendants engaged in common law trademark infringement by registering and using the domain name <www.bandago.net>.

E. Whether Defendants engaged in unfair competition by registering and using the domain name <www.bandago.net> in violation of California Business and Professions Code section 17200.

**Defendant's Statement of legal issues:**

A. Whether the within action should be dismissed for lack of jurisdiction, improper venue and insufficient service of process or, in the alternative, venue transferred to the Eastern District of New York pursuant to 28 U.S.C. § 1404**.**

B. Whether Plaintiff engaged in cybersquatting by registering and using the domain name <www.bandago.com> in violation of 15 U.S.C. §1125(d).

C. Whether Plaintiff engaged in unfair competition by registering and using the domain name <www.bandago.com> in violation of 15 U.S.C. §1125(a)(1)(A).

D. Whether Plaintiff engaged in false advertising by registering and using the domain name <www.bandago.com> in violation of 15 U.S.C. §1125(a)(1)(B).

E. Whether Plaintiff engaged in common law trademark infringement by registering and using the domain name <www.bandago.com>.

F. Whether Plaintiff engaged in unfair competition by registering and using the domain name <www.bandago.com>.

Defendants' reserve their right to file and amend their statement of legal issues pending the outcome of Defendants' pending motion to dismiss or transfer venue.

4. <u>**MOTIONS**</u>:

**Pending Motions:**

Defendants have filed a motion to dismiss for lack of jurisdiction, improper venue and insufficient service of process or, in the alternative to transfer venue to the Eastern District of New York pursuant to 28 U.S.C. § 1404**..**  The hearing on Defendants' motion is scheduled for June 16, 2010.

**Plaintiff's Anticipated Motions:**

Plaintiff anticipates bringing a motion for summary judgment or summary adjudication.

**Defendants' Anticipated Motions:**

Defendants' reserve their right to file additional motions pending the outcome of Defendants' pending motion to dismiss or transfer venue.

5. **AMENDMENT OF PLEADINGS**:

Plaintiff's investigation of the relevant facts is ongoing, and Plaintiff reserves the right to amend its complaint as permitted under the Federal Rules of Civil Procedure.

Defendants have not filed a responsive pleading yet. Defendants' reserve their right to file responsive pleadings pending the outcome of Defendants pending motion to dismiss or transfer venue.

6. **EVIDENCE PRESERVATION:**

**Plaintiff's Statement:**

Plaintiff's counsel has informed Plaintiff and its employees of their obligations to preserve evidence. Plaintiff agrees to preserve any and all evidence that could reasonably be relevant to this action.

**Defendants' Statement:**

Defendants' counsel has informed Defendants and its employees of their obligations to preserve evidence. Defendants agree to preserve any and all evidence that could reasonably be relevant to this action.

7. **DISCLOSURES:**

The deadline for parties to serve initial disclosures under Federal Rule of Civil Procedure 26 has not yet passed. The parties agree that initial disclosures shall be served no later than July 18, 2010.

**8. DISCOVERY:**

To date, the parties have not served any discovery. The parties expect to serve multiple rounds of written discovery to each other. The parties also expect that the depositions of the defendants and plaintiffs, and their principals and employees, will be taken.

The parties anticipate that electronically stored information ("ESI") will comprise a significant portion of the discovery at issue in this action. The parties agree to produce ESI in formats reasonably useable to the receiving party, without the need to create databases and data fields that do not already exist. The parties agree to produce ESI as single-page TIFF images with associated information including metadata in a Concordance load file or PDF files with Metadata. The parties further agree that ESI not reasonably useable as single-page TIFF images PDF files, such as audiovisual data, large spreadsheets, or database information, shall be produced in native format. Upon reasonable request in writing, the parties shall produce in native format ESI previously produced as single-page TIFF or PDF images with metadata.

The parties do not foresee any significant modifications or other adjustments that will need to be made to discovery rules or ordinary discovery procedures.

**9. CLASS ACTIONS:**

Not applicable.

**10. RELATED CASES:**

Not applicable.

**11. RELIEF:**

**Plaintiff's Statement:**

Plaintiff asks that the Court to award the following relief to Plaintiff and against Defendants:

1  A. Injunctive relief against Defendant, requiring Defendant to transfer the domain name <www.bandango.net> to Plaintiff.

2  B. The greater of Plaintiff's damages (composed of Plaintiff's actual damages and Defendant's profits) in an amount to be determined according to proof pursuant to <u>or</u> Plaintiff's statutory damages of $100,000 pursuant to 15 U.S.C. §1117(a), (d);

3  C. Plaintiff's damages (composed of Plaintiff's actual damages and Defendant's profits) in an amount to be determined according to proof pursuant to 15 U.S.C. §1117(a) for Defendant's willful infringement of Plaintiff's unregistered trademark. Plaintiff asks that these damages be tripled under 15 U.S.C. §1117(a);

4  D. Plaintiff's compensatory damages under California common law;

5  E. Plaintiff's restitutionary damages for Defendant's violation of California Business and Professions Code section 17200.

6  F. Plaintiff's costs.

7  G. Plaintiff's attorneys' fees under 15 U.S.C. §1117(a).

8  H. Such other damages as the Court shall deem appropriate;

9  I. Interest, including prejudgment interest, on the foregoing sums;

**Defendants' Statement:**

Defendants request the Court to award the following relief to Defendants and against Plaintiff:

A. Dismissing the within action for lack of jurisdiction, improper venue and insufficient service of process or, in the alternative to transfer venue to the Eastern District of New York pursuant to 28 U.S.C. § 1404**.**

B. Injunctive relief against Plaintiff, requiring Plaintiff to transfer the domain name <www.bandango.com> to Defendant.

C. The greater of Defendants' damages (composed of Defendants' actual damages and Plaintiff's profits) in an amount to be determined according to proof pursuant

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

1. to or Defendants' statutory damages of $100,000 pursuant to 15 U.S.C. §1117(a), (d);

D. Defendants' damages (composed of Defendants' actual damages and Plaintiff's profits) in an amount to be determined according to proof pursuant to 15 U.S.C. §1117(a) for Plaintiff's willful infringement of Defendants trademark. Defendant requests that these damages be tripled under 15 U.S.C. §1117(a);

E. Defendants' compensatory damages under New York law;

F. Damages for restitution due to Plaintiffs' violation of New York law.

G. Defendants' costs.

H. Defendants' attorneys' fees under 15 U.S.C. §1117(a).

I. Interest, including prejudgment interest, on the foregoing sums;

J. Such other damages and further relief as the Court may deem just and appropriate;

K. Defendants' reserve its right to file amend its statement of relief pending the outcome of Defendants pending motion to dismiss or transfer venue.

## 12. **SETTLEMENT AND ADR:**

Plaintiff and Defendants have certified to the Court that they have complied with ADR requirements to date. The parties have not yet reached an agreement to an ADR process, and the Court has set an ADR phone conference for June 14, 2010.

## 13.   **CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES:**

The parties do not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

## 14.   **OTHER REFERENCES:**

The case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. NARROWING OF ISSUES:**

The parties do not presently believe that the salient issues of fact in this matter are capable of narrowing or stipulation.

**16. EXPEDITED SCHEDULE:**

This is not the type of action that can be handled on an expedited basis with streamlined procedures.

**17. SCHEDULING:**

The Parties propose the following schedule:

| | |
|---|---|
| Non-Expert Discovery Cutoff | 11/19/2010 |
| Designation of Experts | 12/17/2010 |
| Designation of Rebuttal Experts | 01/14/2011 |
| Expert Discovery Cutoff | 02/11/2011 |
| Last Day to Hear Dispositive Motions | 04/08/2011 |
| Pretrial Conference | 04/29/2011 |
| Trial | 05/16/2011 |

**18. TRIAL:**

The Parties agree to the case being tried by a jury. The Parties expect the trial will last for 5-7 days.

**19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS:**

**Plaintiff's Statement:**

Plaintiff has filed a Certificate as to Interested Parties and certifies that other than the named parties, there is no such interest to report. Defendants have yet to file their Certification of Interested Entities or Persons.

**Defendants' Statement:**

Defendants have yet to file their Certification of Interested Entities or Persons. Defendants' reserve their right to file Certification of Interested Entities or Persons pending the outcome of Defendants' pending motion to dismiss or transfer venue.

**20. OTHER MATTERS**

The parties do not presently know of any other matters to be addressed here that may facilitate the just, speedy and inexpensive disposition of this matter.

Dated: June 9, 2010　　　　　　　　　　　　**KRONENBERGER BURGOYNE, LLP**

　　　　　　　　　　　　　　　　　　　　　　BY:　/s/Karl S. Kronenberger
　　　　　　　　　　　　　　　　　　　　　　　　　Karl S. Kronenberger

　　　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　　　　　　　　　　　　　　DIGBY ADLER GROUP d/b/a BANDAGO

Dated: June 9, 2010　　　　　　　　　　　　**LEVI HUEBNER & ASSOCIATES, PC**

　　　　　　　　　　　　　　　　　　　　　　BY:　　　　/s/Levi Huebner
　　　　　　　　　　　　　　　　　　　　　　　　　Levi Huebner

　　　　　　　　　　　　　　　　　　　　　　Attorneys for Defendants
　　　　　　　　　　　　　　　　　　　　　　IMAGE RENT A CAR INC. and VAN
　　　　　　　　　　　　　　　　　　　　　　RENTAL CO., INC.