**LEVI HUEBNER & ASSOCIATES, PC**
Levi Huebner (*pro hac vice*)
478 Malbone Street, Suite 100
Brooklyn, NY 11225
Telephone: (212) 354-5555

Attorneys for Defendants
IMAGE RENT A CAR INC. and VAN RENTAL CO., INC.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIGBY ADLER GROUP LLC,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>IMAGE RENT A CAR, INC., *et al.*,<br><br>　　　　Defendants. | Case No. 3:10-cv-00617-SC<br><br>**DEFENDANTS' AMENDED**<br>**<u>ANSWER TO THE COMPLAINT</u>** |

Defendants Image Rent A Car, Inc., and Van Rental CO. Inc., by their attorneys Levi Huebner & Associates, PC Amended its Answer to the Complaint of Plaintiff, on file herein, as follows:

## <u>JURISDICTION AND VENUE</u>

1.　Defendants admit the paragraph in the allegations contained in paragraph "1." of the Complaint.

2.　Defendants admit in part paragraph "2" of the Complaint in that IMAGE RENT A CAR, INC., ("Image") provided van rentals for use throughout the entire Untied States. However Defendants deny the remaining allegations in paragraph "2" of the Complaint that VAN RENTAL

CO., INC. ("Van") provided van rentals for use throughout the entire Untied States and that this Court has personal jurisdiction over Defendants, Defendants advertise and/or market their services to clients or potential clients located in California, knew that their actions alleged herein were directed at and would and did cause harm to a California entity, and their actions harmed California consumers.

3. Defendants admit in part paragraph "3" of the Complaint in that Plaintiff is based in the district and deny the remaining allegations in paragraph "3" of the Complaint.

4. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of the Complaint.

5. Defendants admit in part the allegations contained in paragraph "5", and "6" of the Complaint in that Image and Van are New York corporations and deny the remaining allegations that their principal place of business is at 391 Empire Blvd., Brooklyn, NY.

6. Defendants deny the allegations contained in paragraph "7" of the Complaint.

7. In paragraph "8" of the Complaint Plaintiff is making a statement and not an allegation and therefore no further response is necessary. However, in the event that Paragraph "8" of the complaint is construed as an allegation Defendants deny the allegations contained in paragraph "8" of the Complaint.

8. Defendants deny paragraph "9" of the Complaint in that San Francisco is the county in which a substantial part of the events or omissions which give rise to the claims occurred and deny that this action should be assigned to the San Francisco division of the Court.

9. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the Complaint except that upon information and belief Defendants deny that Plaintiff rents "cars."

10. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of the Complaint that Plaintiff's principal

offices are in California. However, Defendants admit that Plaintiff has rental locations in California, New Jersey, Illinois, and Oregon and that Plaintiff provides van rentals throughout the United States.

11. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "12" of the Complaint. However, Defendants admit that the mark "Bandago" has not been registered as a trademark.

12. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "13" and "14" of the Complaint.

13. Defendants admit in part paragraph "15" of the Complaint in that Image rented cars and vans, including 15-passenger vans and Dodge "Sprinter" vans for tours, groups, and extended travel and long-term use. However, Defendants deny that Van rented cars and vans, including 15-passenger vans and Dodge "Sprinter" vans for tours, groups, and extended travel and long-term use and Defendants deny the remaining allegations in paragraph "15" of the Complaint that Defendants and Plaintiffs are in substantially the same business as Defendants and that Plaintiff and Defendants are some of the only companies to rent Dodge "Sprinter" vans in the country, and that such vans are in high demand and attract corporate clients who can spend in excess of six figures renting them.

14. Defendants admit in part paragraph "16" of the Complaint that Defendant Image had rental locations in New York and Florida and provided rentals for use throughout the United States. However, Defendants deny that Van had rental locations in New York and Florida and provided rentals for use throughout the United States and Defendants deny the remaining allegations that Defendants have rental locations in New Jersey.

15. Defendants admit in part paragraph "17" of the Complaint in that Defendant Image owned and operated the website imagerentacar.com. Defendants deny the allegation in paragraph "17" of the Complaint that Defendant Van owns and operates the website imagerentacar.com.

16. Defendants deny the allegations in paragraph "18" of the Complaint.

17. Defendants admit the allegation in paragraph "19" of the Complaint.

18. Defendants deny the allegations contained in paragraph "20" of the Complaint.

19. Defendants admit in part the allegation in paragraph "21" of the Complaint that Van created a website at its domain bandago.net that redirected visitors to Image's website imagerentacar.com. However, Defendants deny that Image created a website that at the domain bandago.net that that redirected visitors to Image's website imagerentacar.com. Defendants also deny the allegation in paragraph "21" of the complaint that visitors were "automatically and immediately" redirected to the website, imagerentacar.com.

20. Defendants admit the allegations contained in paragraph "22" and "23" of the Complaint.

21. Defendants admit in part the allegation in paragraph "24" of the Complaint that Van registered the domain name bandago.net that redirected visitors from bandago.net to Image's website imagerentacar.com. and Defendants never used the name "Bandago" in commerce or in connection with any bona fide offering of goods or services. However, Defendants deny that Image registered the domain name bandago.net that redirected visitors from bandago.net to Image's website imagerentacar.com.

22. Defendants deny the allegations in paragraphs "25" and "26" of the Complaint.

23. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "27" and "28" of the Complaint.

24. Defendants deny the allegations in paragraphs "29" of the Complaint.

## PLAINTIFF'S FIRST CLAIM FOR RELIEF

25. Defendants re-allege and incorporate herein by reference its responses to paragraphs "1" through "29" of the Complaint.

26. Defendants deny the allegations contained in paragraphs "31" of the Complaint as the Defendants understand that Menchem Sneerson is the owner of the mark Bandago.

27. Defendants deny the allegations contained in paragraphs "32" of the Complaint but admit that the mark Bandago is distinctive from bandago.net.

28. Defendants deny the allegations in paragraphs "33", "34", "35", and "36" of the Complaint.

**PLAINTIFF'S SECOND CLAIM FOR RELIEF**

29. Defendants re-allege and incorporate herein by reference its responses to paragraphs "1" through "36" of the Complaint.

30. Defendants deny the allegations contained in paragraphs "38" of the Complaint as the Defendants understand that Menchem Sneerson is the owner of the mark Bandago.

31. Defendants deny the allegations contained in paragraphs "39" of the Complaint but admit that the mark Bandago is distinctive from bandago.net.

32. Defendants deny the allegations in paragraphs "40", "41", "42" "43" and "44" of the Complaint.

**PLAINTIFF'S THIRD CLAIM FOR RELIEF**

33. Defendants re-allege and incorporate herein by reference its responses to paragraphs "1" through "44" of the Complaint.

34. Defendants deny the allegations contained in paragraphs "46" of the Complaint as the Defendants understand that Menchem Sneerson is the owner of the mark Bandago.

35. Defendants deny the allegations contained in paragraphs "47" of the Complaint but admit that the mark Bandago is distinctive from bandago.net.

36. Defendants deny the allegations in paragraphs "48", "49", "50", "51" and "52" of the Complaint.

## PLAINTIFF'S FOURTH CLAIM FOR RELIEF

37. Defendants re-allege and incorporate herein by reference its responses to paragraphs "1" through "52" of the Complaint.

38. Defendants deny the allegations contained in paragraphs "54" of the Complaint as the Defendants understand that Menchem Sneerson is the owner of the mark Bandago.

39. Defendants deny the allegations contained in paragraphs "55" of the Complaint but admit that the mark Bandago is distinctive from bandago.net.

40. Defendants deny the allegations in paragraphs "56", "57", "58" and "59" of the Complaint.

## PLAINTIFF'S FIFTH CLAIM FOR RELIEF

41. Defendants re-allege and incorporate herein by reference its responses to paragraphs "1" through "59" of the Complaint.

42. Defendants deny the allegations contained in paragraphs "61" of the Complaint as the Defendants understand that Menchem Sneerson is the owner of the mark Bandago.

43. Defendants deny the allegations contained in paragraphs "62" of the Complaint but admit that the mark Bandago is distinctive from bandago.net.

44. Defendants deny the allegations in paragraphs "63", "64", "65" and "66" of the Complaint.

## PLAINTFF'S PRAYER FOR RELIEF

45. Defendants deny that Plaintiff is entitled to any relief.

## AS AND FOR SEPARATE AND AFFIRMATIVE DEFENSES TO THE COMPLAINT, DEFENDANT ALLEGES AS FOLLOWS:

### FIRST AFFIRMATIVE DEFENSE
(Fails to State Cause of Action)

For a first, separate and affirmative defense, and without admitting any of the allegations of the Complaint, the answering Defendants are informed and believe, and based thereupon allege that the Complaint fails to state facts sufficient to constitute a cause of action against the answering Defendants.

### SECOND AFFIRMATIVE DEFENSE
(Laches)

For a second, separate and affirmative defense and without admitting any of the allegations of the Complaint, this answering Defendants are informed and believe, and based thereupon allege that the Complaint herein is barred by the *Doctrine of Laches.*

### THIRD AFFIRATIVE DEFENSE
(Statute of Limitations)

For a third, separate and affirmative defense, and without admitting any of the allegations of the Complaint, this answering Defendants are informed and believe, and based thereupon allege that all causes of action referred to in the Complaint are barred by the applicable *Statute of Limitations.*

### FOURTH AFFIRMATIVE DEFENSE
(Waiver)

For a fourth, separate and affirmative defense, and without admitting any of the allegations of the Complaint, this answering Defendants are informed and believe, and based thereupon allege that Plaintiff's claims, if any, are barred by the *Doctrine of Waiver*.

## FIFTH AFFIRMATIVE DEFENSE
(Apportionment)

For a fifth, separate and affirmative defense, and without admitting any of the allegations of the Complaint, this answering Defendants are informed and believe, and based thereupon allege that if Plaintiff suffered or sustained any damages as alleged in the Complaint, that said damages were proximately caused and contributed by person[s] other than this answering Defendant, and the liability of all responsible parties, named or unnamed, should be apportioned according to the relative degree of fault, and liability of this answering Defendant should be reduced accordingly. This answering Defendant further asserts that, pursuant to *California Civil Code § 1431, et seq.,* and the equal protection and due process clauses of the California Constitution and the United States Constitution, to require this answering Defendant to pay any greater percentage of comparative fault by way of damages than assigned by the verdict would be a denial of equal protection and due process under the aforementioned statutes and constitutions.

## SIXTH AFFIRMATIVE DEFENSE
(Consent)

For a sixth, separate and affirmative defense, and without admitting any of the allegations of the Complaint, the answering Defendants are informed and believe, and based thereupon alleges that Plaintiff consented to the conduct alleged in the Complaint, and therefore Plaintiff is barred from recovery.

## SEVENTH AFFIRMATIVE DEFENSE
(Failure to Mitigate)

For a seventh, separate and affirmative defense, and without admitting any of the allegations of the Complaint, this answering Defendants are informed and believe, and based thereupon allege that Plaintiff has failed to take reasonable or adequate steps to mitigate, alter,

reduce or otherwise diminish the damages, if any, suffered by Plaintiff, and thus is barred from any recovery for such damage.

**EIGHTH AFFIRMATIVE DEFENSE**
(Estoppel)

For an eighth, separate and affirmative defense, and without admitting any of the allegations of the Complaint, this answering Defendant is informed and believes, and based thereupon alleges that Plaintiff has engaged in conduct and activities by reason of which he is estopped to assert any claim or demand against the Defendants.

**NINTH AFFIRMATIVE DEFENSE**
(Unclean Hands)

For a ninth, separate and affirmative defense, and without admitting any of the allegations of the Complaint, the answering Defendants are informed and believe, and based thereupon allege that Plaintiff's claims against this answering Defendants are barred by the *Doctrine of Unclean Hands.*

**TENTH AFFIRMATIVE DEFENSE**
(Fair Use Doctrine)

For a tenth, separate and affirmative defense, and without admitting any of the allegations of the Complaint, the answering Defendants are informed and believe, and based thereupon allege that Plaintiff's claims against this answering Defendant are barred by the *Fair Use Doctrine*.

**ELEVENTH AFFIRMATIVE DEFENSE**
(Public Domain)

For an eleventh, separate and affirmative defense, and without admitting any of the allegations of the Complaint, this answering Defendant is informed and believes, and based thereupon alleges that the mark that Plaintiff claims has been infringed is not entitled to copyright

protection on the grounds that it is within the public domain and/or do not constitute trademark subject matter.

### TWELFTH AFFIRMATIVE DEFENSE
(Defense Opposing Punitive Damages)

For a twelfth, separate and affirmative defense to each and every cause of action, and without admitting any of the allegations of the Complaint, the answering Defendants are informed and believe, and based thereupon allege that the acts complained of by Plaintiff were motivated by Plaintiff's unlawful and wrongful conduct. The answering Defendants further assert that the answering Defendants did not authorize, have advance knowledge of, or ratify in any way the acts and / or omissions alleged in Plaintiff's complaint. Plaintiff is, therefore, not entitled to an award of punitive damages.

### THIRTEENTH AFFIRMATIVE DEFENSE
(Plaintiff did not suffer actual damages)

For a thirteenth, separate and affirmative defense, and without admitting any of the allegations of the Complaint, the answering Defendants are informed and believe, and based thereupon allege that Plaintiff did not suffer any actual damages, and that Plaintiff's Complaint herein fails to allege facts sufficient to state a claim for the recovery of any civil penalties from this answering Defendants, and the imposition of such a penalty would violate the constitutional rights of this answering Defendants.

### FOURTEENTH AFFIRMATIVE DEFENSE
(Defense Opposing Attorney's Fees)

For a fourteenth, separate and affirmative defense, and without admitting any of the allegations of the Complaint, the answering Defendants are informed and believe, and based

Case No. 3:10-cv-00617-SC

9

**DEFENDANTS AMENDED ANSWER TO THE COMPLAINT**

Case No. 3:10-cv-00617-SC　　　　9　　　　**DEFENDANTS AMENDED ANSWER TO THE COMPLAINT**

thereupon alleges that Plaintiff's Complaint, and each and every cause of action contained therein, fails to allege facts sufficient to entitle plaintiff to a recovery of attorney's fees.

**FIFTEENTH AFFIRMATIVE DEFENSE**
(No Standing)

For a fifteenth, separate and affirmative defense, and without admitting any of the allegations of the Complaint, the answering Defendants are informed and believe, and based thereupon allege that Plaintiff does not have standing to assert the claims alleged in its Complaint.

**SIXTEENTH AFFIRMATIVE DEFENSE**
(No Violation of 15 U. S. C. § 1125(d) (1))

For an sixteenth, separate and affirmative defense, and without admitting any of the allegations of the Complaint, the answering Defendants are informed and believe, and based thereupon allege that they did not perform any acts in connection with a bad faith intent to profit from that mark, including a personal name which is protected as a mark under this section; and registers, traffic in, or uses a domain name that in the case of a mark that is distinctive at the time of registration of the domain name, is identical or confusingly similar to that mark; in violation of § 43(a) of the Lanham Act, 15 U.S.C. § (d)(1)).

**SEVENTEENTH AFFIRMATIVE DEFENSE**
(No Violation of 15 U. S. C. § 1125(a))

For an seventeenth, separate and affirmative defense, and without admitting any of the allegations of the Complaint, the answering Defendants are informed and believe, and based thereupon allege that they did not perform any acts in connection with any goods or services, or any container for goods, use in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or

false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or in commercial advertising or promotion, misrepresent the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

**EIGHTEENTH AFFIRMATIVE DEFENSE**
(No Violation of 15 U. S. C. § 1125(a) (1) (B))

For an eighteenth, separate and affirmative defense, and without admitting any of the allegations of the Complaint, the answering Defendants are informed and believe, and based thereupon allege that they did not perform any acts in connection with any goods or services, or any container for goods, use in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or in commercial advertising or promotion, misrepresent the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) (1) (B).

**NINETEENTH AFFIRMATIVE DEFENSE**
(No Common Law Trademark Infringement)

For a nineteenth, separate and affirmative defense, and without admitting any of the allegations of the Complaint, the answering Defendants are informed and believe, and based

thereupon alleges that they did not wrongfully appropriate any trademark of Plaintiff that would constitute common law trademark infringement.

### TWENTIETH AFFIRMATIVE DEFENSE
(No Violation of 17200)

For a twentieth, separate and affirmative defense, and without admitting any of the allegations of the Complaint, the answering Defendants are informed and believe, based thereupon allege that they did not perform any acts constituting any unlawful or unfair business practices, nor did it wrongfully divert business, money and / or property in violation of *California Business and Professions Code § 17200, et seq.*

### TWENTY-FIRST AFFIRMATIVE DEFENSE
(Venue Improper)

For a twenty-first, separate and affirmative defense, and without admitting any of the allegations of the Complaint, the answering Defendants are informed and believe, and based thereupon allege that venue is not proper in this judicial district.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
(No Personal Jurisdiction)

For a twenty-second, separate and affirmative defense, and without admitting any of the allegations of the Complaint, the answering Defendants are informed and believe, and based thereupon allege that no personal jurisdiction exists as to the answering Defendants.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
(Complaint is Vague, Ambiguous and Unintelligible)

For a twenty-third, separate and affirmative defense to each and every cause of action, and without admitting any of the allegations of the Complaint, the Answering Defendants are

informed and believe, and based thereupon alleges that under the existing known facts, Plaintiff's Complaint is vague, ambiguous and unintelligible. Based thereupon, Defendant may have additional, as yet unascertained, affirmative defenses. Defendant reserves the right to plead such additional affirmative defenses when they become ascertainable.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**
(No bad faith or reckless disregard)

For a twenty-fourth, separate and affirmative defense, and without admitting any of the allegations of the Complaint, the answering Defendants are informed and believe, and based thereupon allege that Plaintiff is not entitled to monetary relief because upon receipt of the cease and desist letter when Defendants became aware of Plaintiff and Plaintiffs claim Defendants did immediately close the alleged offending website bandago.net. and thus Defendants did not act in bad faith or reckless disregard.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**
(Additional Defenses)

For a twenty-fifth, separate and affirmative defense to each and every cause of action contained in the Complaint, the answering Defendants reserve the right to raise additional affirmative defenses at time of trial.

**WHEREFORE**, the Defendants respectfully demand judgment against Plaintiff dismissing the Complaint, Defendants pray that Plaintiff takes nothing by reason of their

Case No. 3:10-cv-00617-SC       13       **DEFENDANTS AMENDED ANSWER TO THE COMPLAINT**

Complaint on file herein, and that Defendants recover from Plaintiff reasonable attorneys fees, costs and disbursements in this action, and for such other and further relief this Court may deem just and proper.

DATED: Brooklyn, NY
         October 25, 2010

LEVI HUEBNER & ASSOCIATES, PC

BY: /s/ Levi Huebner
      Levi Huebner

Attorneys for Defendants
IMAGE RENT A CAR INC. and VAN RENTAL CO., INC.