**KRONENBERGER BURGOYNE, LLP**
Karl S. Kronenberger (Bar No. 226112)
Henry M. Burgoyne III (Bar No. 203748)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone:  (415) 955-1155
Facsimile:   (415) 955-1158
karl@KBInternetLaw.com
hank@KBInternetLaw.com

Attorneys for Plaintiff
DIGBY ADLER GROUP d/b/a BANDAGO

**LEVI HUEBNER & ASSOCIATES, PC**
Levi Huebner (admitted *pro hac vice*)
478 Malbone Street, Suite 100
Brooklyn, NY 11225
Telephone: (212) 354-5555
Attorneys for Defendants
IMAGE RENT A CAR INC. and VAN RENTAL CO., INC.
newyorklawyer@msn.com

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DIGBY ADLER GROUP LLC**,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>**IMAGE RENT A CAR, INC.**, *et al.*,<br><br>　　　　　Defendants. | Case No. 3:10-cv-00617-SC<br><br>**AMENDED RULE 26(f) REPORT AND JOINT CASE MANAGEMENT STATEMENT**<br><br>**[PURSUANT TO FED. R. CIV. P. 26(f) AND CIVIL LOCAL RULE 16-9]** |

Pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, and the Northern District of California Standing Order, Plaintiff Digby Adler Group LLC and Defendants Image Rent A Car, Inc. and Van Rental Co., Inc. (collectively, "Defendants"), respectfully submit the following Amended Rule 26(f) Joint Case Management Statement (the "Amended Statement").

## PROCEDURAL BACKGROUND

On February 11, 2010 Plaintiff filed the instant action against Defendants. Pursuant to the ADR Scheduling Order [D.E. No. 2], Federal Rule of Civil Procedure 26(f), and Local Rule 16-9, on June 9, 2010 the parties jointly filed a Case Management Statement [D.E. No. 35].

On May 10, 2010 Defendants filed a motion to dismiss this action for lack of jurisdiction or in the alternative to transfer venue. On July 20, 2010 the Court denied Defendants' motion to dismiss.

Because motion practice and stipulations altered the pre-trial schedule set forth in the parties' initial Case Management Statement, and pursuant to the direction of this Court, the parties hereby submit this Amended Case Management Statement with a revised schedule.

**1.    JURISDICTION AND SERVICE:**

The Court has determined that the Court has personal jurisdiction over the Defendants. The Defendants reserve their objections to jurisdiction, venue and service of process.

**2.    FACTS:**

**Plaintiff's Statement:**

Plaintiff, founded in 2002, rents cars and vans, including 15-passenger vans and Dodge "Sprinter" vans for tours, groups, and extended travel and long-term use. Plaintiff's principal offices are located in San Francisco, California. Plaintiff has been doing business under the fictitious name and service mark "Bandago" (the "Mark") since

Case No. 3:10-cv-00617-SC         1         **AMENDED JOINT CASE MANAGEMENT STATEMENT**

2003. On or about August 7, 2003, Plaintiff registered the domain name <www.bandago.com> for use in connection with its car and van rental business. Plaintiff has invested significant resources into building its brand name and reputation under the Mark through advertising and marketing, including building and maintaining the website located at <www.bandago.com>.

Defendants are in substantially the same business as Plaintiff, renting cars and vans, including 15-passenger vans and Dodge "Sprinter" vans for tours, groups, and extended travel and long-term use. Notably, Plaintiff and Defendants are some of the only companies to rent Dodge "Sprinter" vans in the country, and such vans are in high demand. On or about August 28, 2008, Defendants registered the domain name <www.bandago.net>. Defendants then created a website located at <www.bandago.net>, which automatically redirected visitors to defendant Image Rent A Car, Inc.'s website, located at <www.imagerentacar.com>.

Defendants do not have any trademark or intellectual property rights in the Mark. Defendants registered the domain name <www.bandago.net> with the intent to divert Plaintiff's actual and potential customers to Defendants' website with the intent that those redirected customers use Defendants' services instead of Plaintiff's. Defendants' misconduct caused actual confusion among members of the public between Defendants' and Plaintiff's websites and services.

**Defendants' Statement:**

Defendants and Plaintiff have substantially different business; Defendant Image Rent A Car, Inc., ("Image") has been primarily in the business of renting cars and a minor part of its business consisted of the rental of vans. Defendant Van Rental Co., Inc. ("Van") never rented cars or vans. Plaintiff is primarily in the business of renting vans.

Van registered and operated a website <www.bandago.net> (the "Van Website") which directed traffic to the website of Image. Image never registered or operated the Van Website. Furthermore, Defendants were of the understanding that the Van registered and operated the Van Website pursuant to the authorization of Menchem

Case No. 3:10-cv-00617-SC      2      **AMENDED JOINT CASE MANAGEMENT STATEMENT**

Sneerson who Defendants understood to be the senior holder and owner of the mark Bandago.

On or about January 20, 2010, Image received a cease and desist letter (from Plaintiff regarding the website <www.bandago.net> alleging that Plaintiff held rights to the mark Bandago and that Image had improperly registered the website <www.bandago.net> and that Defendant Image was improperly redirecting traffic from <www.bandago.net> to the website of Defendant Image.

Upon receipt of the foregoing cease and desist letter on or about January 21, 2010 in an abundance of caution and without any admission of wrongdoing Image directed that Van cease from directing traffic from the Van Website to the website of Image. Moreover, on or about January 21, 2010 in an abundance of caution and without any admission of wrongdoing Van terminated operation of the Van Website.

Defendants have never done business in the State of California, Defendants have never directed any activities or advertising at residents of California and Defendants have never had any offices in California.

Plaintiffs have never suffered any damages due to any of the foregoing activities of Defendants.

.

**3.   LEGAL ISSUES:**

**Plaintiff's Statement of legal issues:**

A.  Whether Defendants engaged in cybersquatting by registering and using the domain name <www.bandago.net> in violation of 15 U.S.C. §1125(d).

B.  Whether Defendants engaged in unfair competition by registering and using the domain name <www.bandago.net> in violation of 15 U.S.C. §1125(a)(1)(A).

C.  Whether Defendants engaged in false advertising by registering and using the domain name <www.bandago.net> in violation of 15 U.S.C. §1125(a)(1)(B).

D.  Whether Defendants engaged in common law trademark infringement by registering and using the domain name <www.bandago.net>.

E. Whether Defendants engaged in unfair competition by registering and using the domain name <www.bandago.net> in violation of California Business and Professions Code section 17200.

**Defendant's Statement of legal issues:**

A. Whether Image engaged in cybersquatting in violation of 15 U.S.C. §1125(d) when Image never registering or used the domain name <www.bandago.com>.

B. Whether Van engaged in cybersquatting in violation of 15 U.S.C. §1125(d) when Van never offered any goods or services, never used the mark in commerce and had the understanding that Van's use was pursuant to the authorization of Menchem Sneerson who Van understood to be the senior holder and owner of the mark Bandago.

C. Whether Image engaged in unfair competition in violation of 15 U.S.C. §1125(a)(1)(A) when Image never registered or used the domain name <www.bandago.com.>.

D. Whether Van engaged in unfair competition in violation of 15 U.S.C. §1125(a)(1)(A) when Van never offered any goods or services, never used the mark in commerce and had the understanding that Van's use was pursuant to the authorization of Menchem Sneerson who Van understood to be the senior holder and owner of the mark Bandago.

E. Whether Image engaged in false advertising in violation of 15 U.S.C. §1125(a)(1)(B) when Image never registering or used the domain name <www.bandago.com>.

F. Whether Van engaged in false advertising in violation of 15 U.S.C. §1125(a)(1)(B) when Van never offered any goods or services, never used the mark in commerce and had the understanding that Van's use was pursuant to the authorization of Menchem Sneerson who Van understood to be the senior holder and owner of the mark Bandago.

G. Whether Image engaged in common law trademark infringement when Image never registering or using the domain name <www.bandago.com>.

H. Whether Van engaged in common law trademark infringement when Van never offered any goods or services and never used the mark in commerce and had the Van's use was pursuant to the authorization of Menchem Sneerson who Van understood to be the senior holder and owner of the mark Bandago.

I. Whether Image engaged in unfair competition when Image never registering or used the domain name <www.bandago.com>.

J. Whether Van engaged in unfair competition when Van never offered any goods or services, never used the mark in commerce and had the understanding that Van's use was pursuant to the authorization of Menchem Sneerson who Van understood to be the senior holder and owner of the mark Bandago.

K. Whether Plaintiff is entitled to monetary award absent the showing of any damages.

L. Whether Plaintiff is entitled to attorneys' fees, treble damages, or restituionary, award absent the showing of any willful, fraudulent, deliberate, or malicious conduct on the part of Defendants.

**4. MOTIONS**:

**Pending Motions:**

Plaintiff has filed a motion to compel Defendants to respond to discovery requests, to deem requests for admission as admitted, and for sanctions.  As of the date of this Amended Statement, Plaintiff's motion has not been assigned to a magistrate judge and thus no hearing date has been set.

**Plaintiff's Anticipated Motions:**

Plaintiff anticipates bringing a motion for summary judgment or summary adjudication.

**Defendants' Anticipated Motions:**

Defendants anticipate bringing a motion for summary judgment or summary adjudication.

## 5. AMENDMENT OF PLEADINGS:

Plaintiff's investigation of the relevant facts is ongoing, and Plaintiff reserves the right to amend its complaint as permitted under the Federal Rules of Civil Procedure.

Defendants' investigation of the relevant facts is ongoing, and Defendants reserve the right to amend their answer as permitted under the Federal Rules of Civil Procedure.

## 6. EVIDENCE PRESERVATION:

**Plaintiff's Statement:**

Plaintiff's counsel has informed Plaintiff and its employees of their obligations to preserve evidence. Plaintiff agrees to preserve any and all evidence that could reasonably be relevant to this action.

**Defendants' Statement:**

Defendants' counsel has informed Defendants and its employees of their obligations to preserve evidence. Defendants agree to preserve any and all evidence that could reasonably be relevant to this action.

## 7. DISCLOSURES:

The deadline for parties to serve initial disclosures under Federal Rule of Civil Procedure 26 has not yet passed. The parties agree that initial disclosures shall be served no later than December 15, 2010.

## 8. DISCOVERY:

### a. Discovery Taken To Date

**Plaintiff's Statement**

As of the filing of this Amended Statement, Plaintiff has served Defendants with interrogatories, requests for admission, and requests for production. Despite the passing of the relevant deadlines, Plaintiff has received no responses to these discovery requests. These discovery requests are the subject of Plaintiff's pending motion to compel.

As of the filing of this Amended Statement, Defendants have not served Plaintiff with any written discovery requests.

**Defendants' Statement:**

As of the filing of this Amended Statement, Defendants have timely served Plaintiff with a response to its Notice to Admit. Responses to Plaintiff's discovery requests are pending. Defendants anticipate on shortly serving Plaintiff with interrogatories, requests for admission, and requests for production.

### b. <u>Scope of Anticipated Discovery</u>

**Plaintiff's Statement:**

Plaintiff intends to pursue discovery on the following topics through additional written discovery and party and third-party depositions.

- Defendants' corporate structures and relationship with each other;
- Defendants' products and services;
- Defendants' Internet and website presence and use;
- Defendants' purported acquisition of rights in the BANDAGO mark;
- Defendants' use of the BANDAGO mark, particularly in Internet publications;
- Defendants' purported development and maintenance of rights in the BANDAGO mark;
- Incidents of confusion resulting from Defendants' use of the BANDAGO mark;

- Defendants' revenues and profits resulting from their use of the BANDAGO mark.

**Defendants' Statement:**

Defendant intends to pursue discovery on the following topics through written discovery and party and third-party depositions.

- Plaintiff's products and services;
- Plaintiff's Internet and website presence and use;
- Plaintiff's purported acquisition of rights in the BANDAGO mark;
- Plaintiff's use of the BANDAGO mark;
- Plaintiff's purported development and maintenance of rights in the BANDAGO mark;
- Incidents of confusion alleged by Plaintiff regarding the BANDAGO mark;
- Plaintiff's loss of revenue resulting from Defendants' alleged use of the BANDAGO mark.
- Plaintiff's damages resulting from the Defendants' alleged use of the BANDAGO mark.

### c. Electronically Stored Information

The parties anticipate that electronically stored information ("ESI") will comprise a significant portion of the discovery at issue in this action. The parties agree to produce ESI in formats reasonably useable to the receiving party, without the need to create databases and data fields that do not already exist. The parties agree to produce ESI as single-page TIFF images with associated information including metadata in a Concordance load file or PDF files with Metadata. The parties further agree that ESI not reasonably useable as single-page TIFF images PDF files, such as audiovisual data, large spreadsheets, or database information, shall be produced in native format. Upon

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

reasonable request in writing, the parties shall produce in native format ESI previously produced as single-page TIFF or PDF images with metadata.

The parties do not foresee any significant modifications or other adjustments that will need to be made to discovery rules or ordinary discovery procedures.

9. **CLASS ACTIONS:**

Not applicable.

10. **RELATED CASES:**

Not applicable.

11. **RELIEF:**

**Plaintiff's Statement:**

Plaintiff asks that the Court to award the following relief to Plaintiff and against Defendants:

A. Injunctive relief against Defendants, requiring Defendants to transfer the domain name <www.bandango.net> to Plaintiff.

B. The greater of Plaintiff's damages (composed of Plaintiff's actual damages and Defendant's profits) in an amount to be determined according to proof pursuant to <u>or</u> Plaintiff's statutory damages of $100,000 pursuant to 15 U.S.C. §1117(a), (d);

C. Plaintiff's damages (composed of Plaintiff's actual damages and Defendant's profits) in an amount to be determined according to proof pursuant to 15 U.S.C. §1117(a) for Defendant's willful infringement of Plaintiff's unregistered trademark. Plaintiff asks that these damages be tripled under 15 U.S.C. §1117(a);

D. Plaintiff's compensatory damages under California common law;

E. Plaintiff's restitutionary damages for Defendant's violation of California Business and Professions Code section 17200.

F. Plaintiff's costs.

G. Plaintiff's attorneys' fees under 15 U.S.C. §1117(a).

H. Such other damages as the Court shall deem appropriate;

I. Interest, including prejudgment interest, on the foregoing sums;

**Defendants' Statement:**

Defendants request the Court to award the following relief to Defendants and against Plaintiff:

A. Dismissing the within action.

B. Defendants' costs.

C. Defendants' attorneys' fees under 15 U.S.C. §1117(a).

D. Interest, including prejudgment interest, on the foregoing sums; and

E. Such other and further relief as the Court may deem just and appropriate;

## 12. <u>SETTLEMENT AND ADR:</u>

On September 8, 2010 counsel for the parties participated in an ADR phone conference with the Court's ADR Program. During this conference, Plaintiff's counsel proposed mediation as possible ADR method. Defendants' counsel stated that he thought that ADR was a positive idea, but that he understood that Defendants had not agreed to mediation at the time. Defendants' counsel asked for additional time to confer with his clients to see if they would change their position about ADR. Since then, Defendants' counsel has not provided Plaintiff's counsel with an update on Defendants' ADR position.

## 13. <u>CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES:</u>

The parties do not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

**14. OTHER REFERENCES:**

The case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. NARROWING OF ISSUES:**

The parties do not presently believe that the salient issues of fact in this matter are capable of narrowing or stipulation.

**16. EXPEDITED SCHEDULE:**

This is not the type of action that can be handled on an expedited basis with streamlined procedures.

**17. SCHEDULING:**

The Parties propose the following schedule:

| | |
|---|---|
| Non-Expert Discovery Cutoff | 03/14/2011 |
| Designation of Experts | 03/28//2011 |
| Designation of Rebuttal Experts | 04/18/2011 |
| Expert Discovery Cutoff | 05/13/2011 |
| Last Day to Hear Dispositive Motions | 06/17/2011 |
| Pretrial Conference | 07/07/2011 |
| Trial | 07/11/2011 |

**18. TRIAL:**

The Parties agree to the case being tried by a jury. The Parties expect the trial will last for 5-7 days.

**19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS:**

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

**Plaintiff's Statement:**

Plaintiff has filed a Certificate as to Interested Parties and certifies that other than the named parties, there is no such interest to report. Defendants have yet to file their Certification of Interested Entities or Persons.

**Defendants' Statement:**

Defendants have yet to file their Certification of Interested Entities or Persons. Defendants' reserve their right to file Certification of Interested Entities or Persons pending the outcome of further discovery.

## 20. OTHER MATTERS

The parties do not presently know of any other matters to be addressed here that may facilitate the just, speedy and inexpensive disposition of this matter.

Dated: November 12, 2010     **KRONENBERGER BURGOYNE, LLP**

BY:  /s/Karl S. Kronenberger
           Karl S. Kronenberger

Attorneys for Plaintiff
DIGBY ADLER GROUP d/b/a BANDAGO

Dated: November 12, 2010     **LEVI HUEBNER & ASSOCIATES, PC**

BY:  /s/Levi Huebner
           Levi Huebner

Attorneys for Defendants
IMAGE RENT A CAR INC. and VAN RENTAL CO., INC.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com