

150 Post Street  
Suite 520  
San Francisco, CA 94108

Phone 415.955.1155  
Fax 415.955.1158  
www.kbinternetlaw.com

November 22, 2010

Hon. Bernard Zimmerman  
Magistrate Judge  
U.S. District Court for the N.D. of California  
450 Golden Gate Ave.  
San Francisco, CA 94102

RE: Plaintiff's Motion to Compel Discovery Responses;  
*Digby Adler Group LLC v. Image Rent A Car, Inc. et al,*  
3:10-cv-00617-SC

Dear Judge Zimmerman:

This letter responds to Defendants' letter to the Court today regarding the parties' ongoing discovery dispute. Defendants have asserted, in their late-filed letter to the Court, that "the parties have resolved the outstanding discovery issues." This statement is false. There is no resolution nor is there any agreement regarding resolution.

First, Defendants still have not responded to Plaintiff's requests for production of documents and interrogatories. Defendants have informed Plaintiff and the Court that they will respond to the outstanding discovery requests before December 2, 2010. However, there is not an "agreement" between the parties on this matter. Rather, after Plaintiff incurred the expenses of meeting-and-conferring with Defendants and drafting a motion to compel, Defendants informed Plaintiff that they needed two weeks to respond to the discovery that had been pending for months. While Plaintiff acknowledges that Defendants stated that they would provide their tardy discovery responses in two weeks, Plaintiff never agreed to anything or otherwise excused Defendants' discovery failures—which failures have resulted in matters being deemed admitted and Defendants' objections being waived.

Moreover, Plaintiff was forced to spend time and money to file a motion to compel discovery responses due solely to Defendants' disregard of the rules. Importantly, where a party shows that its several attempts to obtain answers to interrogatories prior to filing a motion to compel were of no avail, the party is entitled to an award of attorneys' fees to compensate it for the expense incurred in preparing the motion. *See Walt Disney Co. v. DeFabiis*, 168 F.R.D. 281, 284 (C.D. Cal. 1996). Such a discovery sanction is a self-executing, automatic sanction to provide a strong inducement for disclosure of material; no showing of bad faith or willfulness is required, and no showing of prejudice to the opposing party is required. *See Frontline Medical Associates, Inc. v. Coventry Health Care*, 263 F.R.D. 567, 568 (C.D. Cal. 2009). Thus, the party facing discovery sanctions bears the burden of showing that its failure to comply with the discovery rules was justified. *Id; OracleUSA, Inc. v. SAP AG*, 264 F.R.D. 541, 545 (N.D. Cal. 2009); *see also, O'Connell v. Chapman Univ.*, 245 F.R.D. 652 (C.D. Cal. 2007). (Defendant was entitled to award of attorney fees incurred in preparing motion for sanctions for failure to provide adequate expert report, where plaintiff would not have provided a supplemental expert report if defendant had not filed sanctions motion.)

INTERNET LAW, E-COMMERCE & MEDIA ATTORNEYS

2

For the forgoing reasons, Plaintiff requests that the Court 1) order Defendants to respond to Plaintiff's discovery requests and 2) sanction Defendants for their failure to comply with Court rules.

Respectfully submitted,

KRONENBERGER BURGOYNE, LLP

*/s/ Karl S. Kronenberger*

Karl S. Kronenberger