# LEVI HUEBNER & ASSOCIATES, P.C.
## ATTORNEYS AND COUNSELORS AT LAW

478 MALBONE STREET, SUITE 100
BROOKLYN, NY 11225
TEL: **(212) 354-5555**
FAX: **(347) 350-8789**

EMAIL: NEWYORKLAWYER@MSN.COM

November 23, 2010

The Honorable Bernard Zimmerman
United States Magistrate Judge

**Re:   Digby v. Image, Et al. C10-0617 SC (BZ)
       Defendants Reply Re: Discovery**

Honorable Magistrate Judge Zimmerman:

Plaintiff has engaged in a pattern of fraudulent representations[1] the most recent being the letter of Plaintiff's counsel Karl S. Kronenberger dated November 22, 2010 addressed to this Court. (the "Fallacious Representation")

The Fallacious Representation of Mr. Kronenberger is controverted by the contemporaneous recorded telephonic conference of Plaintiff's counsel Karl S. Kronenberger, Jeff Rosenfeld and Levi Huebner counsel for Defendants, held on November 18, 2010 pursuant to the Order of this Court.

Below is a true transcript of the relevant parts of the recorded telephonic conference evidencing the agreement of the Plaintiff to extend Defendants' time to respond to the remaining discovery demands to December 2, 2010:

Jeff Rosenfeld: . . . We'd still like to see some Responses and hopefully, avoid court action.
. . . .
Levi Huebner:  I believe that I'd be able to get my Responses out on the remaining discovery within two weeks . . . I think that could

---

[1]   Additionally, Plaintiff has fraudulently represented to this Court and the US Patent and Trademark Office that it rent cars. Counsel for Plaintiff has attempted to communicate with Defendants under the guise of settlement and under false pretenses lead the undersigned to believe that discovery would be delayed due to settlement discussions.

resolve the issue . . . what about the two week projection what's the story with that, what's your response to that?
. . . .
Karl S. Kronenberger:  Well we want to get the discovery as soon as possible.
. . . .
Jeff Rosenfeld:  So if you can get us robust Responses in two weeks I don't think that's going to be a problem but I don't think that we can view this situation in the isolation of just **this two week extension this is an extension** after multiple extensions have been granted and we have yet to see discovery responses.  So to summarize if you can get us Responses in two weeks that's great.

Levi Huebner:  I didn't say that it will be only in two weeks. But within two weeks that means on or before.

Jeff Rosenfeld: That's fine, that's fine, that's great then.
....
Levi Huebner:  So are we on the same page than, that if, you'd be satisfied if I got as Mr. Rosenfeld put it like that robust Responses in,  within two weeks.

Jeff Rosenfeld:  Yeah I mean, I think we, both Karl and I would be satisfied with that.

Levi Huebner:  OK.
....
Levi Huebner:  Tomorrow I'll send you out a fax copy of the previously served Responses to the demand for admissions.

Jeff Rosenfeld: OK

Levi Huebner:  I'll e-mail it to you. I'll e-mail you a PDF.  And I'll, do I really, need to fax it to you if I'm going to e-mail you a PDF?

Karl S. Kronenberger:  No, you can just e-mail a PDF.

Levi Huebner:  With a copy of the affidavit of service?

Karl S. Kronenberger:  Yes.
....
Levi Huebner:  If you send me a word [document] of the documents then I can, I'll put the Responses after the questions.  Unless, you don't mind and you just want numerated Responses?

Jeff Rosenfeld:  Yea we can send you a word document.
....
Levi Huebner:  OK, Fine so I think were on the same page, anything else you guys want to address.

Karl S. Kronenberger:  I think that's it.

The foregoing clearly evidences that there is an agreement and resolution, controverting the Fallacious Representation of Mr. Kronenberger.

Pursuant to the California Business and Professions Code §6068 (d) It is the duty of an attorney to do all of the following:

> To employ, for the purpose of maintaining the causes confided to him or her such means only as are consistent with truth, and never to seek to mislead the judge or any judicial officer by an artifice or false statement of fact or law.

Pursuant to the ABA model rules Rule 3.3 Candor Toward the Tribunal §(a)(1):

> A lawyer shall not knowingly (1) make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer.

Moreover, in addition to subjecting themselves to disciplinary action and sanctions Plaintiff has now wasted the recourses of this Court and the undersigned.

Wherefore, the Defendants' request that Plaintiff's application be denied in its entirety, that Plaintiff be sanctioned due to its Fallacious Representation, that Plaintiff pay attorneys fees to Defendants incurred in responding to the Fallacious Representation, and such other relief as this Court may deem just and proper.

                                              Respectfully,
                                                  / s /
                                              Levi Huebner

LH:eh