Exhibit A

**KRONENBERGER BURGOYNE, LLP**

Karl S. Kronenberger (Bar No. 226112)
Henry M. Burgoyne III (Bar No. 203748)
Jeffrey M. Rosenfeld (Bar No. 222187)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone:  (415) 955-1155
Facsimile:   (415) 955-1158
karl@KBInternetLaw.com
hank@KBInternetLaw.com
jeff@KBInternetLaw.com

Attorneys for Plaintiff
DIGBY ADLER GROUP d/b/a BANDAGO

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **DIGBY ADLER GROUP LLC d/b/a BANDAGO,** a California limited liability company,<br><br>              Plaintiff,<br><br>     vs.<br><br>**IMAGE RENT A CAR, INC.**, a New York corporation, **VAN RENTAL CO., INC.**, a New York corporation, **GAD SEBAG**, an individual, and **SHNEIOR ZILBERMAN**, an individual,<br><br>              Defendants. | Case No. Case No. 10-CV-00617-SC<br><br>**FIRST AMENDED COMPLAINT FOR:**<br>• **CYBERSQUATTING,**<br>• **TRADEMARK INFRINGEMENT,**<br>• **UNFAIR COMPETITION,**<br>• **FALSE ADVERTISING, AND**<br>• **COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

*(sidebar, left margin: KRONENBERGER BURGOYNE, LLP / 150 Post Street, Suite 520 / San Francisco, CA 94108 / www.KBInternetLaw.com)*

Plaintiff Digby Adler Group LLC d/b/a Bandago ("Plaintiff"), through its attorneys, alleges as follows:

## JURISDICTION AND VENUE

1.     This Court has subject matter jurisdiction over this action under 28 U.S.C. §1331 (federal question) and 28 U.S.C. §1338.  Supplemental jurisdiction over claims arising under the law of the State of California is conferred upon this Court under 28 U.S.C. § 1367 (supplemental jurisdiction).

2.     On information and belief, this Court has personal jurisdiction over defendants Image Rent A Car ("IRAC") and Van Rental Co., Inc. ("VRC") because Defendants advertise and/or market their services to clients and potential clients located in California, provide van rentals for use throughout the entire United States, including for use in California, knew that their actions alleged herein were directed at and would and did cause harm to a California entity, and their actions harmed California consumers.  On information and belief, this Court has personal jurisdiction over defendants Shneior Zilberman and Gad Sebag because they knew that their actions alleged herein were directed at and would and did cause harm to a California entity, and that their actions harmed California consumers.

3.     Venue is proper pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions, and consumer confusion, giving rise to Plaintiff's claim occurred within the District.  Plaintiff is based in the District and suffered the harm here.

## PARTIES

4.     Plaintiff is, and at all times herein mentioned was, a California limited liability company organized and existing under the laws of California, with its principal place of business at 2200 Cesar Chavez St., Suite 16, San Francisco, California.

5.     Upon information and belief, defendant IRAC is and at all times herein mentioned was, a New York corporation organized and existing under the laws of New York, with its principal place of business at 391 Empire Blvd., Brooklyn, New York.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

6. Upon information and belief, defendant VRC is and at all times herein mentioned was, a New York corporation organized and existing under the laws of New York, with its principal place of business at the same location as defendant IRAC's principal place of business, 391 Empire Blvd., Brooklyn, New York.

7. Upon information and belief, defendant Sebag is an individual residing in New York.

8. Upon information and belief, defendant Zilberman is an individual residing in New York.

9. Upon information and belief, Defendants at all relevant times and in connection with all relevant acts herein, operated as a joint venture, and/or acted as the agent of the others with the advance knowledge, acquiescence, or subsequent ratification of the acts of the other.

10. Whenever in this Complaint reference is made to any act of a Defendant, that allegation shall be deemed to mean that it and/or officers, directors, agents, employees or representatives, committed, conspired to commit, authorized, aided, abetted, furnished the means to, advised or encouraged the acts alleged.

**INTRADISTRICT ASSIGNMENT**

11. For the purposes of Local Rule 3-2(c), this action should be assigned to the San Francisco division of the Court because San Francisco is the county in which a substantial part of the events or omissions which give rise to the claims occurred.

**FACTUAL ALLEGATIONS**

**Plaintiff's Business and Plaintiff's BANDAGO Mark**

12. Plaintiff, founded in 2002, rents cars and vans, including 15-passenger vans and Dodge "Sprinter" vans for tours, groups, and extended travel and long-term use.

13. Plaintiff's principal offices are located in San Francisco, California, and it has rental locations in California, New Jersey, Illinois, and Oregon. Plaintiff provides van rentals for use throughout the entire United States.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

14. Plaintiff has been doing business under the fictitious name and service mark "Bandago" (the "Mark") since 2003, and first used the Mark in commerce on or about August 15, 2003.

15. On or about August 7, 2003, Plaintiff registered the domain name bandago.com for use in connection with its car and van rental business.

16. On August 31, 2010 Plaintiff obtained federal trademark registration for the mark, BANDAGO, for use in connection with rental of passenger cars and vans, Registration No. 3839689.

17. Plaintiff has invested significant resources into building its brand name and reputation under the Mark through advertising and marketing, including building and maintaining the website www.bandago.com.  Plaintiff has used the Mark continuously and exclusively since 2003.

18. Plaintiff has also invested significant time and money in developing Plaintiff's website, located at <www.bandago.com> ("Plaintiff's Website").

19. In particular, Plaintiff has invested significant time and money in drafting the text that appears on the Plaintiff's Website, so that the text is easily understandable by customers and potential customers, and so that the text triggers optimal search engine listings.

20. Plaintiff's Website—and the text that appears on Plaintiff's Website—are original, creative works in which Plaintiff owns protectable copyright interests.

21. Plaintiff's current version of Plaintiff's Website was published on October 9, 2010.  However many of the texts that appear on Plaintiff's Website were published before July 2007.

22. On January 11, 2011 and January 20, 2011 Plaintiff applied for a copyright registrations with the United States Copyright Office, which applications cover Plaintiff's Website and the texts that appear on Plaintiff's Website.

23. As of the filing of this First Amended Complaint, Plaintiff's copyright application is pending before the United States Copyright Office.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

**Defendants' Disregard of Corporate Entities**

24.     On information and belief, Defendants IRAC and VRC (the "Corporate Defendants") are in substantially the same business as Plaintiff, renting cars and vans, including 15-passenger vans and Dodge "Sprinter" vans for tours, groups, and extended travel and long-term use.   Notably, Plaintiff and the Corporate Defendants are some of the only companies to rent Dodge "Sprinter" vans in the country, and such vans are in high demand and attract corporate clients who can spend in excess of six figures renting them.

25.     On information and belief, the Corporate Defendants' principal offices are in New York and have rental locations in New York, New Jersey, and Florida.   On information and belief, the Corporate Defendants provide van rentals for use throughout the entire United States, including for use in California.

26.     On information and belief, the Corporate Defendants own and operate the website imagerentacar.com.

27.     On information and belief, the Corporate Defendants advertise and/or market their services to clients and potential clients located in California.

28.     VRC is the alter ego of IRAC.  IRAC has dominated the affairs of VRC and disregarded the separate identity of VRC, and IRAC has used VRC to perpetrate a fraud. VRC is completely lacking in any corporate formalities and paraphernalia that would be part and parcel of the existence of a bona fide corporation.  VRC has no constitution, charters, or bylaws.  VRC has no board of directors, has never held a board meeting, and has no board minutes.  VRC has never issued any stock or kept records of its stockholders.  VRC has never prepared or maintained any profit and loss statements, balance sheets, or other financial records, and on information and belief, was never capitalized.    The   Corporate   Defendants   have   common   ownership,   common management, interrelated operations, and centralized control of employees, namely in the common control of day-to-day matters.  On information and belief the Corporate Defendants have also commingled funds and assets, held out each entity as the other

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

entity, and have used the same offices and employees. On information and belief, the Corporate Defendants have also used common credit cards, common websites, and common email addresses. On information and belief, the Corporate Defendants used the same computers, hosting services, and accounts to carry out their mutual online business. There are no documents that evidence any formal relationship between the Corporate Defendants or any other evidence that the Corporate Defendants dealt with each other at arms length, even though an overt symbiotic relationship exists between the Corporate Defendants.

29.    Defendants Sebag and Zilberman (the "Individual Defendants") are or have been employees, officers, and/or shareholders of the Corporate Defendants. On information and belief, Sebag and Zilberman control the day-to-day operations of the Corporate Defendants.

30.    Sebag and Zilberman are the alter egos of both of the Corporate Defendants. Sebag and Zilberman have disregarded the entities of the Corporate Defendants, making the Corporate Defendants mere conduits for the transactions of the Individual Defendants' own private business. The affairs of the Corporate Defendants are so dominated by the Individual Defendants that the Corporate Defendants' business has been primarily transacted for the Individual Defendants. As a result, separate individualities between the Corporate Defendants on the one hand and the Individual Defendants on the other hand have ceased to exist. The Individual Defendants have failed to adopt any bylaws, charters, or constitutions for the Corporate Defendants. The Individual Defendants have failed to keep any other corporate records that would be kept by any bona fide corporation. The Individual Defendants have failed to adopt any board of directors for the Corporate Defendants, and thus have not conducted any board meetings or kept any board minutes. The Individual Defendants have failed to prepare any profit and loss statements or balance sheets for the Corporate Defendants. On information and belief, the Individual Defendants have failed to issue any stock on behalf of the Corporate Defendants, and thus have not prepared any shareholder lists or other

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

1   shareholder documents.  The Individual Defendants have used the offices and resources

2   of the Corporate Defendants for their own business and business conducted by third

3   party entities.  And at least with respect to VRC, the Individual Defendants have failed to

4   file any tax returns.

5   31.   As a result of the above, there is such unity of interest among all of the

6   Defendants that the separate personalities of the Corporate Defendants, and between

7   the Corporate Defendants on the one hand and the Individual Defendants on the other

8   hand, have ceased to exist.

9   **Defendants' Misconduct**

10   Defendants' Registration and Use of <bandago.net>

11   32.   On information and belief, the Individual Defendants determine what

12   Internet domain names to register on behalf of the Corporate Defendants and how to use

13   those domain names.  On information and belief, the Individual Defendants create and

14   maintain websites on behalf of the Corporate Defendants and associate those websites

15   with domain names the Individual Defendants register.

16   33.   On information and belief, on or about August 28, 2008, defendant Sebag,

17   on behalf of the Corporate Defendants, registered the domain name bandago.net.

18   34.   On information and belief, defendant Zilberman was aware of Sebag's

19   registration of the domain name bandago.net and Sebag's bad faith purpose in

20   registering it.

21   35.   On information and belief, Zilberman and Sebag, in bad faith and on behalf

22   of the Corporate Defendants, created a website at the domain name bandago.net, which

23   automatically and immediately redirected visitors to defendant IRAC's website, located at

24   <imagerentacar.com>.

25   36.   On information and belief, Defendants do not, and have never had, any

26   trademark or intellectual property rights in the name "Bandago."

27   37.   On information and belief, the domain name bandago.net does not consist

28   of any name commonly used to identify Defendants.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

38.     On information and belief, other than in registering the domain name bandago.net and redirecting visitors from bandago.net to their own website, Defendants have never used the name "Bandago" in commerce or in connection with any bona fide offering of any goods or services.

39.     On information and belief, Zilberman and Sebag, on behalf of the Corporate Defendants, registered and used the domain name bandago.net with the intent to divert Plaintiff's actual or potential customers to Defendants' website with the desire and intent that those redirected customers use Defendants' services instead of Plaintiff's.

40.     The domain name bandago.net is confusingly similar to Plaintiff's Mark and Plaintiff's Website bandago.com; except for the top level domains (*i.e.*, ".com" and ".net"), Defendants' domain name is identical to Plaintiff's Mark and domain.

41.     Defendants' website bandago.net caused actual confusion among members of the public between Defendants' and Plaintiff's Websites and services.

42.     On information and belief, actual or potential customers were actually deceived by Defendants' use of the domain name bandago.net into using Defendants' services instead of Plaintiff's services.

43.     On information and belief, Defendants registered and used the domain name bandago.net knowing that Plaintiff provided similar services under the Mark and via its own website bandago.com and knowing that it would likely harm Plaintiff.  On information and belief, Defendants took these actions also knowing that Plaintiff's principal place of business was in California and that such actions would likely harm Plaintiff in California.

44.     As a result of Defendants' misconduct, Plaintiff has been substantially harmed.

Defendants' Trademark Infringement by Keyword Advertising on the BANDAGO Mark

45.     AdWords is a service provided by Google, Inc. through which advertisers purchase terms (or keywords) that will trigger the display of their ads in Google search results.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

46.     When an advertiser bids on a keyword, and when an Internet user enters that keyword into the Google search engine, the keyword triggers the appearance of the advertiser's ad in the search results.  Specifically, the Google search engine presents an ordered list of relevant websites identified by the Google database with the most relevant website listed first.  The Google search engine also presents a separate list of websites in a "Sponsored Links" section, either at the top or in the right margin of the search-results screen.

47.     When a user clicks on an ad, the user is taken to the advertiser's website.

48.     Advertisers pay Google based on the number of times Internet users click on their advertisements.

49.     Since before 2008, Defendants have used Google's AdWords service to bid on multiple keywords, spending thousands of dollars in their online marketing campaign.

50.     Beginning in 2008, and without Plaintiff's consent, Defendants bid on several variations of the BANDAGO Mark in AdWords, namely "Bandago," "Bandago Van Rentals," and "Bandago Van Rental."

51.     When a user searched on the BANDAGO Mark in the Google search engine, Defendants paid Google to display advertisements for Defendants' van rental services in the search results.  And when a user clicked on Defendants' advertisement, the user was taken to Defendants' website, which offered van rental services.

52.     As a result of Defendants' bidding on the BANDAGO mark, users who searched for Plaintiff's Website were diverted to Defendants' competitive website.

53.     Moreover, as a result of Defendants' misconduct, actual confusion occurred about the relationship between Plaintiff and Plaintiff's services on the one hand and Defendants and Defendants' services on the other hand.  This confusion occurred because users who had searched on the BANDAGO mark were looking for and expected to find Plaintiff's Website or information about Plaintiff's services.  Instead, such users were diverted to Defendants' website.

54.    Defendants' infringement through keyword bidding was not limited to the BANDAGO Mark.  Defendants engaged in a pattern and practice of bidding on third parties' trademarks for competitive van and car rental services.

55.    As a result of Defendants' misconduct, Plaintiff has been substantially harmed.

Defendants' Copyright Infringement

56.    On information and belief, without any license or permission, Defendants copied multiple original texts from Plaintiff's Website, which texts are covered by Plaintiff's copyright applications (collectively, "Plaintiff's Texts").

57.    Plaintiff's Texts were first published before July 2007.

58.    As examples, Defendants copied, altered, and displayed the following texts on Defendants websites, which texts are covered by Plaintiff's copyright application:

- "Are you planning a tour or long trip for your group? Need a van that is big enough and comfortable enough for an extended travel period?"

- "The Ford Econoline XLT extended 15 Passenger van is the standard workhorse for touring groups across America. It is by far the most popular van in the United States, and has achieved it's hard fought for dominance by delivering dependable performance year after year. Our Ford vans are all equipped with tow hitch receivers, so should you need to tow a trailer to carry your gear, we can accomodate you."

- "Our new sprinter vans are the wave of the future. With loads of room (you can stand up in them), and comfortable seating, this is the way to go if you are going to be traveling in a van for an extended period. Popular in Europe for many years."

- "Road vibrations, normal wear and tear, misuse, even car washes can all lead to the AV system malfunctioning."

- "We provide power outlets for the game systems and your personal use. However please keep in mind that these do not supply *unlimited* power. If you plug too many things into our outlets you will either blow a fuse or melt the inverter. Keep

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

an eye on how many cell phone chargers are plugged into the system, and make sure you disconnect them from the power supply if your phone is fully charged. Often we run into problems when 5 or 6 people have each of their cell phone chargers plugged in, both x-boxes running, and then they plug in a couple laptops and melt the inverter. Most of our vans have at least 1000 watts of power. This should be more then enough for normal day to day use."

- "All of our vans come equipped with a large LCD video screen, DVD player, Video game system (video game library included!), iPod Support, Remote Entry, Tinted Windows, Cruise Control, Power Locks, Power Windows, Power Mirrors, and more. And for a small additional fee we can provide you with a GPS system."

- "We provide a video/game system in all of our vehicles as an amenity to our clients. We do everything in our power to make sure the AV system is in working order before you leave, and if you find that something is broken during your rental, we will do everything in our power to get it repaired as soon as your schedule permits. However it is important to keep a couple things in mind: AV systems are easy to break. Road vibrations, normal wear and tear, misuse, even car washes can all lead to the AV system malfunctioning. If your AV system does not work for some reason, please contact us, and we will schedule an appointment to get it repaired at the nearest Stereo/Alarm store your schedule will permit. Due to the fact that the typical breakdown is beyond our control we do not offer discounts due to a AV system breakdown."

- "We provide power outlets for the game systems and your personal use.  However please keep in mind that these do not supply unlimited power. If you plug too many things into our outlets you will either blow a fuse or melt the inverter. Keep an eye on how many cell phone chargers are plugged into the system, and make sure you disconnect them from the power supply if your phone is fully charged. Often we run into problems when 5 or 6 people have each of their cell phone chargers plugged in and then they plug in a couple laptops and melt the inverter.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

1  Most of our vans have at least 1000 watts of power. This should be more then

2  enough for normal day to day use."

3  59.   Defendants altered Plaintiff's Texts after copying Plaintiff's Texts from

4  Plaintiff's Website.

5  60.   Without any license or permission, Defendants displayed Plaintiff's Texts on

6  Defendants' websites in connection with Defendants' products and services.

7  61.   On information and belief, Defendants engaged in this copying, alteration,

8  and display of Plaintiff's Texts with knowledge that Plaintiff owned the copyrights to

9  Plaintiff's Texts, and that Defendants were infringing on these copyrights.

10  62.   On information and belief, the Defendants' websites, which displayed

11  Plaintiff's Texts, have been viewed by thousands of customers and potential customers

12  during the period in which the website displayed Plaintiff's Texts.

13  63.   As a result of Defendants' misconduct, Plaintiff has been substantially

14  harmed.

15  **FIRST CLAIM FOR RELIEF**

16  **Cybersquatting [Lanham Act §43(d); 15 USC §1125(d)(1)]**

17  64.   Plaintiff re-alleges and incorporates herein the above Paragraphs 1-63, as if

18  fully alleged herein.

19  65.   Plaintiff is the owner of the Mark.

20  66.   The Mark is distinctive.

21  67.   Defendants, in bad faith, intended to profit from the Mark by registering,

22  trafficking in, and/or using the domain name bandango.net, which contains the Mark.

23  68.   At the time Defendants registered the domain name www.bandango.net, it

24  was identical, or confusingly similar, to the Mark.

25  69.   As a direct and proximate result of Defendant's actions, conduct, and

26  practices alleged above, Plaintiff has been damaged and will continue to be damaged.

27  70.   Defendants' acts have also caused and are causing irreparable and

28  incalculable injury to Plaintiff and its Mark, and to the business and goodwill represented

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

1  thereby, and unless enjoined, will cause further irreparable and incalculable injury,

2  whereby Plaintiff has no adequate remedy at law.

3  **SECOND CLAIM FOR RELIEF**

4  **Unfair Competition [Lanham Act §43(a), 15 U.S.C. §1125(a)]**

5  71.   Plaintiff re-alleges and incorporates herein the above Paragraphs 1-70, as if

6  fully alleged herein.

7  72.   Plaintiff is the owner of the Mark.

8  73.   The Mark is distinctive.

9  74.   Defendants registered and used in commerce the domain name

10  bandago.net.

11  75.   Defendants' registration and use in commerce of the domain name

12  bandago.net, including its redirecting of visitors to bandago.net to Defendants' website, is

13  likely to cause confusion, to cause mistake, or to deceive members of the public,

14  including potential and current clients of Plaintiff, as to the source and origin of the

15  services offered and to be offered by Defendants under the domain name bandago.net.

16  76.   Defendants' registration and use in commerce of the domain name

17  bandago.net constitutes trademark infringement of Plaintiff's common law trademark

18  rights in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

19  77.   As a direct and proximate result of Defendant's actions, conduct, and

20  practices alleged above, Plaintiff is likely to be and has been damaged and will continue

21  to be damaged.

22  78.   Defendants' acts have also caused and are causing irreparable and

23  incalculable injury to Plaintiff and its Mark, and to the business and goodwill represented

24  thereby, and unless enjoined, will cause further irreparable and incalculable injury,

25  whereby Plaintiff has no adequate remedy at law.

26

27  //

28  //

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

**THIRD CLAIM FOR RELIEF**

**False Advertising [Lanham Act §43(a), 15 U.S.C. §1125(a)(1)(B)]**

79.    Plaintiff re-alleges and incorporates herein the above Paragraphs 1-78, as if fully alleged herein.

80.    Plaintiff is the owner of the Mark.

81.    The Mark is distinctive.

82.    Defendants registered and used in commerce the domain name bandago.net.

83.    Defendants' registration and use in commerce of the domain name bandago.net, including its redirecting of visitors to bandago.net to Defendants' website, constitutes commercial advertising or promotion within the meaning of Section 43(a)(a)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

84.    Defendants' registration and use in commerce of the domain name bandago.net misrepresents the nature, characteristics, and qualities of Defendants' and Plaintiff's goods, services, and commercial activities.

85.    As a direct and proximate result of Defendant's actions, conduct, and practices alleged above, Plaintiff is likely to be and has been damaged and will continue to be damaged.

86.    Defendants' acts have also caused and are causing irreparable and incalculable injury to Plaintiff and its Mark, and to the business and goodwill represented thereby, and unless enjoined, will cause further irreparable and incalculable injury, whereby Plaintiff has no adequate remedy at law.

**FOURTH CLAIM FOR RELIEF**

**Common Law Trademark Infringement**

87.    Plaintiff re-alleges and incorporates herein the above Paragraphs 1-86, as if fully alleged herein.

88.    Plaintiff is the owner of the Mark.

89.    The Mark is distinctive.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

90.    Plaintiff used the Mark in commerce continuously and exclusively prior to Defendants' use of the Mark.

91.    Defendants' registration and use in commerce of the domain name bandago.net, including its redirecting of visitors to bandago.net to Defendants' website, is likely to cause confusion, to cause mistake, or to deceive members of the public, including potential and current clients of Plaintiff, as to the source and origin of the services offered and to be offered by Defendants under the domain name bandago.net and to cause members of the public to confuse Defendants' use of "bandago" with Plaintiff's Mark.

92.    As a direct and proximate result of Defendant's actions, conduct, and practices alleged above, Plaintiff has been damaged and will continue to be damaged.

93.    In committing the conduct and acts alleged herein, Defendants have acted despicably, and have been guilty of oppression, fraud, and/or malice, and acted with a willful and conscious disregard for Plaintiff's rights, and with intent to deceive.

**FIFTH CLAIM FOR RELIEF**

**Unlawful, Unfair, or Fraudulent Business Practices [Cal. Bus. & Prof. C. §17200]**

94.    Plaintiff re-alleges and incorporates herein the above Paragraphs 1-93, as if fully alleged herein.

95.    Plaintiff is the owner of the Mark.

96.    The Mark is distinctive.

97.    Defendants' registration and use in commerce of the domain name bandago.net, including its redirecting of visitors to bandago.net to Defendants' website, are unlawful business practices in violation of Sections 43(a) and 43(d) of the Lanham Act.

98.    Defendants' registration and use in commerce of the domain name bandago.net, including its redirecting of visitors to bandago.net to Defendants' website, are unfair and/or fraudulent business practices that are designed to deceive, confuse, and misguide members of the public, including Plaintiff's actual and potential customers,

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

1    as to owner of the Bandago brand and the source of services provided under the

2    Bandago brand, and are designed to siphon, redirect, and improperly take Plaintiff's

3    actual and potential customers for Defendants' own commercial gain and to the detriment

4    of Plaintiff.

5         99.    As a direct and proximate result of Defendant's actions, conduct, and

6    practices alleged above, Defendants have acquired improper commercial benefits and

7    Plaintiff has been damaged and will continue to be damaged.

8         100.    In committing the conduct and acts alleged herein, Defendants have acted

9    despicably, and have been guilty of oppression, fraud, and/or malice, and acted with a

10    willful and conscious disregard for Plaintiff's rights, and with intent to deceive.

11                        **SIXTH CLAIM FOR RELIEF**

12    **(COPYRIGHT INFRINGEMENT, VICARIOUS COPYRIGHT INFRINGEMENT, AND**

13    **CONTRIBUTORY COPYRIGHT INFRINGEMENT 17 U.S.C. §501 *et seq.*)**

14         101.    Plaintiff re-alleges and incorporates herein the above Paragraphs 1-100, as

15    if fully alleged herein.

16         102.    Plaintiff's Texts are original, creative works in which Plaintiff owns

17    protectable copyright interests.

18         103.    Plaintiff first published Plaintiffs' Texts before July 2007, and first published

19    the current version of Plaintiff's Website, containing Plaintiff's Texts on October 9, 2010.

20         104.    Plaintiff owns the copyright for Plaintiff's Texts and has applied for a

21    copyright registration with the United States Register of Copyrights covering Plaintiff's

22    Texts.

23         105.    Plaintiff has not licensed Defendants to use Plaintiff's Texts in any manner,

24    nor has Plaintiff assigned any of its exclusive rights in its copyrights to Defendants.

25         106.    Without permission or authorization from Plaintiff, and in willful violation of

26    Plaintiff's rights under 17 U.S.C. §106, Defendants reproduced Plaintiff's Texts.

27    //

28    //

107.   Without permission or authorization from Plaintiff, and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendants prepared derivative works based on Plaintiff's Texts.

108.   Without permission or authorization from Plaintiff, and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendants displayed Plaintiff's Texts on Defendants' websites.

109.   Defendants' reproduction of Plaintiff's Texts, preparation of a derivative work based on Plaintiff's Texts, and display of Plaintiff's Texts on Defendants' websites constitute copyright infringement.

110.   On information and belief, thousands of customers and potential customers of Plaintiff and Defendants have viewed the unlawful copies of Plaintiff's Texts on Defendants' websites.

111.   On information and belief, all Defendants had knowledge of the copyright infringement alleged herein and had the ability to stop the reproduction, alteration, and display of Plaintiff's copyrighted materials.

112.   On information and belief, all Defendants provided substantial assistance in the copyright infringement.

113.   Plaintiff is serving notice of this action on the Register of Copyright at the same time Plaintiff is filing this complaint with the Court, and thus Plaintiff is entitled to institute this action for copyright infringement.

114.   Defendants' copyright infringement has damaged Plaintiff in an amount to be proved at trial.

### SEVENTH CLAIM FOR RELIEF

### (INFRINGEMENT OF AN UNREGISTERED TRADEMARK 15 U.S.C. §1125(a))

115.   Plaintiff re-alleges and incorporates herein the above Paragraphs 1-114, as if fully alleged herein.

116.   Plaintiff is the owner of the BANDAGO Mark.

117.   The BANDAGO Mark is distinctive and entitled to trademark protection.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

118. Without Plaintiff's knowledge or consent, Defendants bid on keywords comprising and including the BANDAGO Mark in the Google AdWords service.

119. Defendants bid on these keywords knowing that they comprised Plaintiff's trademark and with an intent to divert Plaintiff's customers to Defendants' website.

120. Defendants thus used Google AdWords to display ads for their competitive van rental service when users performed Google searches on the BANDAGO Mark.

121. Users who searched on the BANDAGO Mark expected to find Plaintiff's Website or information about Plaintiff's services.

122. By bidding on the BANDAGO mark in Google Adwords, Defendants diverted users looking for Plaintiff's Website to Defendants' website.

123. As a result of Defendants' misconduct, users who searched on the BANDAGO mark were confused about the relationship between Plaintiff and Plaintiff's services on the one hand and Defendants and Defendants' services on the other hand.

124. As a direct and proximate result of Defendants' actions, conduct, and practices alleged above, Plaintiff has been damaged and will continue to be damaged.

125. Defendants' acts have also caused and are causing irreparable and incalculable injury to Plaintiff and its Mark, and to the business and goodwill represented thereby, and unless enjoined, will cause further irreparable and incalculable injury, whereby Plaintiff has no adequate remedy at law.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests judgment as follows:

1. That the Court enter judgment against the Defendants that they have

   a. Committed and are committing cybersquatting in violation of 15 U.S.C. §1125(d);

   b. Committed and are committing acts of infringement of an unregistered trademark and unfair competition in violation of 15 U.S.C. §1125(a);

c. Committed and are committing acts of infringement of Plaintiff's trademark under California law;

d. Committed and are committing acts of unfair competition in violation of California Business & Professions Code section 17200.

e. Committed and are committing copyright infringement in violation of 17 U.S.C. §501 *et seq.*

f. Committed have committed trademark infringement in violation of 15 U.S.C. §1125(a)

2. That the Court issue injunctive relief against Defendants, requiring Defendants to transfer the domain name bandango.net to Plaintiff and to remove Plaintiff's copyrighted materials from all media Defendants possess or control.

3. That the Court order Defendants to pay Plaintiff's damages as follows:

a. The greater of Plaintiff's damages (composed of Plaintiff's actual damages and Defendant's profits) in an amount to be determined according to proof pursuant to <u>or</u> Plaintiff's statutory damages of $100,000 pursuant to 15 U.S.C. §1117(a), (d).

b. Plaintiff's damages (composed of Plaintiff's actual damages and Defendant's profits) in an amount to be determined according to proof pursuant to 15 U.S.C. §1117(a) for Defendant's willful infringement of Plaintiff's unregistered trademark;

c. Plaintiff's restitutionary damages for Defendant's violation of California Business and Professions Code section 17200.

d. Plaintiff's damages (composed of Plaintiff's actual damages and Defendant's profits) in an amount to be determined at trial, including three times the amount found as actual damages by the trier of fact under 17 U.S.C. §504(a) and (b) <u>or</u> Plaintiff's statutory damages of $150,000 pursuant to 17 U.S.C. §504(c);

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

1        e.     Plaintiff's costs and attorneys' fees pursuant to 15 U.S.C. §1117(a)

2           and 17 U.S.C. §505;

3        f.     Such other damages as the Court shall deem appropriate;

4        g.     Interest, including prejudgment interest, on the foregoing sums;

5     4.    That the Court grant to Plaintiff such additional relief as is just and proper.

Respectfully Submitted,

DATED:  January ___, 2011.

**KRONENBERGER BURGOYNE, LLP**

By: _____

Karl S. Kronenberger

Attorneys for Plaintiff DIGBY ADLER
GROUP d/b/a BANDAGO

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

Case No. 10-CV-00617-SC

19

**FIRST AMENDED COMPLAINT**

1

**REQUEST FOR JURY TRIAL**

2

3   Plaintiff hereby demands a trial of this action by jury.

4

5   DATED:  January ___, 2011.

6

7                                        **KRONENBERGER BURGOYNE, LLP**

8

9                          By:_____

10                             Karl S. Kronenberger

11                             Attorneys for Plaintiff DIGBY ADLER
                               GROUP d/b/a BANDAGO
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com