**KRONENBERGER BURGOYNE, LLP**
Karl S. Kronenberger (Bar No. 226112)
Henry M. Burgoyne III (Bar No. 203748)
Jeffrey M. Rosenfeld (Bar No. 222187)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@KBInternetLaw.com
hank@KBInternetLaw.com
jeff@KBInternetLaw.com

Attorneys for Plaintiff
DIGBY ADLER GROUP d/b/a BANDAGO

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DIGBY ADLER GROUP LLC**,<br><br>Plaintiff,<br><br>vs.<br><br>**IMAGE RENT A CAR, INC.**, *et al.*,<br><br>Defendants. | Case No. 3:10-cv-00617-SC<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO ENLARGE TIME TO FILE OPPOSITION AND FOR CONTINUANCE OF HEARING ON PLAINTIFF'S MOTION FOR LEAVE TO FILE ITS FIRST AMENDED COMPLAINT** |

Case No. 3:10-cv-00617-SC

**PLAINTIFF'S OPP. TO DEFS' MOT. TO ENLARGE TIME TO OPP. MOT. TO FILE FAC**

Defendants' counsel has delayed this action for a year now, through the use of myriad fabricated excuses (*e.g.,* documents lost in the mail, snowstorms, undocumented Jewish holidays, inability to contact client, multiple vacations, misplaced documents, emails getting blocked by spam filters). Defendants' counsel has continuously sought extensions of hearings and deadlines while refusing to provide Plaintiff with discovery responses, coming up with excuse after excuse. Nor has Defendants' counsel responded to Plaintiff's letters, emails, and voicemails. In fact, Defendants' counsel never responded to the three communications Plaintiff sent in an effort to meet-and-confer about the filing of the instant motion (had Defendants' counsel bothered to respond to these communications, a different hearing date could have been agreed upon). Instead, Defendants' counsel waited until the day their opposition was due to try to contact Plaintiff's counsel to request a 2-month extension in the hearing date on the motion.

Defendants' counsel's dilatory tactics have not been limited to this action. In fact, Defendants' counsel has been sanctioned by the Supreme Court of New York for engaging in precisely the same sort of delays at issue here. The New York Court found that Defendants' counsel's "repeated failure to respond to defendants' discovery demands and/or to comply with this Court's discovery demands coupled with inadequate excuses for those defaults gives rise to an inference that said failure was 'will, deliberate and contumacious.'" (Declaration of Jeffrey M. Rosenfeld in Support of Plaintiff's Opposition to Defendants' Motion to Enlarge Time ¶2 & Exhibit A.)

With their ex parte motion, Defendants' counsel has offered yet another excuse to delay this action. At this juncture, the excuses of Defendants' counsel are simply not credible. Defendants seek to continue the hearing on Plaintiff's motion for leave to file an amended complaint by nearly two months. What possible reason could Defendants have for this delay? The only possible explanation is that Defendants seek to push the hearing date closer to the end of discovery, so that Defendants can then argue that they

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

would suffer a greater prejudice if leave is granted. Defendants' transparent motivation is ridiculous.

As a limited example of Defendants' dilatory practices, as of today, seven months after Plaintiff served Defendants with basic discovery requests, Defendants have refused to provide any substantive responses. During a telephonic hearing on February 8, Judge Zimmerman was appalled by the conduct of Defendants' counsel, and granted Plaintiff leave to file a motion to compel, which Plaintiff intends to file imminently. Judge Zimmerman lambasted Defendants' counsel for his failure to engage in the processes that all attorneys are expected to use in litigating an action—such as responding to meet-and-confer correspondence and agreeing to exchange documents with opposing counsel via email instead of postal mail.

Granting Defendants' motion will unfairly delay an already delayed litigation without any justifiable reason.

DATED:  February 11, 2011                           Respectfully submitted,

**KRONENBERGER BURGOYNE, LLP**

BY:   /s/ Jeffrey M. Rosenfeld
            Jeffrey M. Rosenfeld

Attorneys for Plaintiff
DIGBY ADLER GROUP d/b/a BANDAGO

Case No. 3:10-cv-00617-SC        2        **PLAINTIFF'S OPP. TO DEFS' MOT. TO ENLARGE TIME TO OPP. MOT. TO FILE FAC**