**KRONENBERGER BURGOYNE, LLP**
Karl S. Kronenberger (Bar No. 226112)
Henry M. Burgoyne III (Bar No. 203748)
Jeffrey M. Rosenfeld (Bar No. 222187)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@KBInternetLaw.com
hank@KBInternetLaw.com
jeff@KBinterLaw.com

Attorneys for Plaintiff
DIGBY ADLER GROUP d/b/a BANDAGO

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

**DIGBY ADLER GROUP LLC**,

    Plaintiff,

    vs.

**IMAGE RENT A CAR, INC.**, *et al.*,

    Defendants.

Case No. 3:10-cv-00617-SC (BZ)

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY RESPONSES; REQUEST FOR SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Date: April 6, 2011
Time: 10:00 a.m.
Ctrm: G, 15th Floor
Judge: The Hon. Bernard Zimmerman

---

# TABLE OF CONTENTS

INTRODUCTION .................................................................................................................. 2

BACKGROUND .................................................................................................................... 2

CERTIFICATION OF MEET-AND-CONFER EFFORTS ................................................ 4

ARGUMENT .......................................................................................................................... 4

    A. Image has failed to provide substantive responses to several Requests for Production .................................................................................................................. 5

        1. Image's Domain Names ................................................................................. 5

        2. Defendants' Finances .................................................................................... 6

    B. Defendants have refused to respond to Plaintiff's Second Set of Interrogatories ......................................................................................................... 11

    C. Defendants have refused to verify their interrogatory responses ................... 12

    D. Defendants refuse to serve their initial disclosures ......................................... 13

    E. The Court should impose sanctions in the form of Plaintiff's attorneys' fees against Defendants ................................................................................................ 13

IV. CONCLUSION ............................................................................................................... 14

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

Case No. 3:10-cv-00617-SC (BZ)     i    **PLAINTIFF'S NOTICE OF MOTION & MOTION TO COMPEL, REQ FOR SANCTIONS; MPA**

# TABLE OF AUTHORITIES

*A. Farber & Partners, Inc. v. Garber,* 234 F.R.D. 186, 292 (C.D. Cal. 2006) ................. 10

*Aliotti v. Vessel SENORA,* 217 F.R.D. 496, 497-498 (N.D. Cal. 2003) ......................... 10

*E.E.O.C. v. Kovacevich "5" Farms,* No. 106-0165, 2007 WL 1599772, *3
(E.D. Cal. June 4, 2007) ................................................................................................ 12

*Frontline Medical Associates, Inc. v. Coventry Health Care,* 263 F.R.D. 567, 568
(C.D. Cal. 2009) ............................................................................................................ 10

*Knights Armament Co. v. Optical Sys. Tech., Inc.,* 254 F.R.D. 463, 466-67 aff'd, 254
F.R.D. 470 (M.D. Fla. 2008.) ........................................................................................ 12

*OracleUSA, Inc. v. SAP AG,* 264 F.R.D. 541, 545 (N.D. Cal. 2009) ............................. 14

*Saria v. Massachusetts Mut. Life Ins. Co.,* 228 F.R.D. 536, 540 (S.D.W. Va. 2005) ..... 14

*Walt Disney Co. v. DeFabiis,* 168 F.R.D. 281, 284 (C.D. Cal. 1996) ............................ 13

## Federal Statutes and Other Authorities

15 U.S.C. §1117 .............................................................................................................. 10

15 U.S.C. §1125(d) ........................................................................................................... 6

FED. R. CIV. P. 26(a)(1) .................................................................................................. 13

FED. R. CIV. P. 26(b)(1) .................................................................................................. 11

FED. R. CIV. P. 33(b)(2) .................................................................................................. 11

FED. R. CIV. P. 37(a)(5) .................................................................................................. 13

TO THE COURT, THE PARTIES, AND ALL COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT at a date and time to be determined by the Court, in the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiff Digby Adler Group LLC d/b/a Bandago ("Plaintiff") will move this Court for an order: a) compelling Defendants Image Rent A Car, Inc. and Van Rental Co. to amend and supplement their responses to Plaintiff's First Set of Requests for Production, b) compelling Defendants to serve responses to Plaintiff's Second Set of Interrogatories, c) compelling Defendants to provide verifications to their responses to Plaintiff's First and Second Sets of Interrogatories, d) compelling Defendants to serve their initial disclosures, and e) imposing sanctions, in the form of Plaintiff's attorneys' fees, against Defendants and in favor of Plaintiff pursuant to Federal Rule of Civil Procedure 37(a)(5).

This motion is made upon the ground that despite Defendants' verbal agreement to amend and supplement their responses to Plaintiff's First Set of Interrogatories and Requests for Production, Defendants have failed to amend their deficient responses. Furthermore, despite Plaintiff's multiple efforts to meet-and-confer, Defendants have refused to respond to Plaintiff's Second Set of Interrogatories, and even failed to meet-and-confer. Finally, Defendants have refused to serve their verification of their interrogatory responses or their initial disclosures.

This motion is based upon this notice as well as the accompanying memorandum of points and authorities, the declaration of Jeffrey M. Rosenfeld in support of this motion, the record in this case, and any other evidence and argument that may be adduced at any hearing.

DATED: February 15, 2011   **KRONENBERGER BURGOYNE, LLP**

BY:   /s/ Jeffrey M. Rosenfeld
      Jeffrey M. Rosenfeld

Attorneys for Plaintiff
DIGBY ADLER GROUP d/b/a BANDAGO

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Despite Plaintiff's multiple efforts to meet-and-confer, Defendants' discovery responses remain deficient. Defendants have refused to produce documents at the center of this lawsuit. For example, Defendants have refused to produce any financial records or any lists of the domain names that Defendant Image Rent A Car, Inc. ("Image") has owned. Moreover, Defendants have altogether refused to respond to Plaintiff's second set of discovery, have refused to provide verifications for any of their responses to Plaintiff's first set of discovery, and have refused to provide initial disclosures.

Plaintiff is left with no choice but to bring this motion. Given Defendants' refusal to abide by the spirit or letter of the federal discovery rules, the Court should compel Defendants to supplement their discovery responses and should impose sanctions, in the form of attorneys' fees, against Defendants.

### BACKGROUND

Plaintiff filed its complaint in this action on February 11, 2010. [D.E. No. 1.] Counsel for the parties met-and-conferred pursuant to Federal Rule of Civil Procedure 26(f) in early June 2010, filing their initial Rule 26(f) case management statement with the Court on June 9. (Declaration of Jeffrey M. Rosenfeld in Support of Plaintiff's Motion to Compel ("Rosenfeld Decl.") ¶2.) & [D.E. No. 35.] On July 29, 2010 Plaintiff served on both Defendants Plaintiff's First Set of Requests for Production of Documents and Plaintiff's First Set of Interrogatories (collectively, the "First Set of Discovery Requests"). (Rosenfeld Decl. ¶3.) Defendants' responses to the First Set of Discovery Requests were due on September 2, 2010. (*Id.* ¶4.)

Even after Plaintiff sent meet-and-confer letters and the parties held telephonic conferences, Defendants failed to provide responses to the First Set of Discovery Requests. (Rosenfeld Decl. ¶5.) Only after Plaintiff filed its Motion to Compel on November 3, 2010, and the Court ordered Defendants to respond did Defendants serve

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

their responses to the First Set of Discovery Requests. (*Id.* ¶6.) Although Defendants had ample time to prepare responses, their responses were highly deficient. (*Id.* ¶6 & Exs. A-D.) The parties engaged in a telephonic meet-and-confer about these responses on January 5, 2011, which they recorded. (*Id.* ¶7.) During this conference, Defendants agreed to amend and supplement their responses by January 13, 2011 and to provide verifications to their interrogatory responses by the same date. (*Id.* ¶8.)

In addition to Plaintiff's First Set of Discovery Requests, Plaintiff propounded a second set of interrogatories to both Defendants (the "Second Set of Interrogatories") on December 9, 2010. (Rosenfeld Decl. ¶9 & Exs. E-F.) Responses to the Second Set of Interrogatories were due on January 13, 2011, along with Defendants' supplemental responses to the First Set of Discovery. (*Id.* ¶10.) On January 13, 2011 Defendants informed Plaintiff that their supplemental responses would not be ready by the agreed upon deadline, but would be served the following week. (*Id.* ¶10 & Ex. G.) A month has passed and to this day Defendants have not provided: 1) supplemental responses to the First Set of Discovery Requests, 2) responses to the Second Set of Interrogatories (collectively, the "Responses"). Nor have Defendants contacted Plaintiff about their delinquent Responses, served their verifications, or served their initial disclosures. (*Id.* ¶12.)

Plaintiff has contacted Defendants to meet-and-confer about the Responses by various means in the last month. On January 18, 2011 Plaintiff sent a letter to Defendants by overnight courier, requesting an opportunity to discuss the Responses and reminding Defendants about the required verifications. (Rosenfeld Decl. ¶13 & Ex. H.) By January 24, Defendants had still not responded. Plaintiff called Defendants and left a voicemail on January 24. (*Id.* ¶14.) To follow-up, Plaintiff emailed Defendants the next day, January 25. (*Id.* ¶15 & Ex. I.) As a final measure, on January 31 Plaintiff sent another letter to Defendants by overnight courier, notifying Defendants that Plaintiff would seek Court intervention unless Defendants provided the promised Responses. (*Id.* ¶16 & Ex. J.)

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

Case No. 3:10-cv-00617-SC (BZ)

3

**PLAINTIFF'S NOTICE OF MOTION & MOTION TO COMPEL, REQ FOR SANCTIONS; MPA**

On February 2, 2010, Plaintiff filed a letter brief to Magistrate Judge Zimmerman, requesting the Court hold a telephonic conference to discuss the outstanding discovery issues. (Rosenfeld Decl. ¶17) & [D.E. 68.] Defendants filed their own brief on February 3, 2010. [D.E. 69.] Defendants' brief failed to address the issues in Plaintiff's February 2 letter, but rather introduced their own complaints. (*Id.*) Defendants' February 3 letter was the first contact Defendants had made with Plaintiff's counsel since Defendants' January 13 email. (*Id.* ¶18.) On February 8, 2011 Judge Zimmerman held a telephonic conference for the parties. (D.E. 72.) During the telephonic conference, Judge Zimmerman granted Plaintiff leave to file a motion to compel.

## CERTIFICATION OF MEET-AND-CONFER EFFORTS

Plaintiff's counsel met-and-conferred with Defendants' counsel on January 5, 2011 during a recorded, telephonic conference. (Rosenfeld Decl. ¶7.) When Defendants failed to supplement their responses to Plaintiff's First Set of Discovery Requests and failed to provide Responses to Plaintiff's Second Set of Interrogatories, Plaintiff contacted Defendants' counsel by sending correspondence via overnight courier on January 18 and 31, by phone, leaving a voicemail on January 24, and by email on January 25. Despite Plaintiff's varied attempts to meet-and-confer with Defendants, Defendants never responded to Plaintiff's counsel. (Rosenfeld Decl. ¶¶13-16.) Although Plaintiff's counsel has made a good faith effort to meet-and-confer with Defendants' counsel, the parties have failed to resolve the disputes raised in this motion—and in regards to the Second Set of Interrogatories, Plaintiff has been unable to meet-and-confer with Defendants about the missing responses despite repeated efforts. (*Id.* ¶19.)

## ARGUMENT

Rule 26(b)(1) allows discovery regarding any non-privileged matter that is relevant to any party's claims or defenses. With its First Set of Discovery Requests and its Second Set of Interrogatories, Plaintiff sought information and documents from Defendants at the center of this action. Defendants either provided facially deficient

responses or refused to respond altogether. Plaintiff requests that the Court compel Defendants to supplement their deficient responses.

Importantly, while many of Defendants' responses to Plaintiff's First Set of Discovery Requests are not credible, Plaintiff has chosen not to raise them in this motion. As limited examples, in response to Plaintiff's First Set of Discovery Requests, Defendant Van Rental Co. ("Van") maintained that it never had any employees, never had a board of directors, never promoted its goods or services on any website, never had any bylaws or charters, never had any documents identifying its shareholders, never had a legal relationship with Image, never prepared any profit and loss statements, never prepared any balance sheets, never prepared any documents evidencing any expenses, and had never filed any tax returns. (*Id.* ¶6 & Ex. C-D.) Image's discovery responses are similarly incredible. (*Id.* ¶6 & Exs. A-B.) Plaintiff intends to present these incredible responses to the jury, and Plaintiff requests that the Court be wary of any attempt by Defendants to substantively change these responses.

Based on the foregoing, Plaintiff has moved to compel regarding only those discovery requests where Defendants failed to respond or where Defendants' response is so facially deficient that Plaintiff cannot proceed in the litigation without a substantive response.

**A. Image has failed to provide substantive responses to several Requests for Production.**

**1. Image's Domain Names**

- **Request for Production No. 9 to Image:**

DOCUMENTS sufficient to IDENTIFY every domain name YOU have owned, registered, or licensed since January 2007.

- **Image's Response to Request No. 9:**

Defendant Image objects to this demand on the grounds that it is vague, ambiguous, overly broad, vexatious, unduly burdensome and seeks irrelevant

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

information not reasonably calculated to lead to the discovery of admissible evidence.

The domain names that Image has owned, registered, or licensed are directly relevant to Plaintiff's cybersquatting claim. The Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. §1125(d), states that in determining whether a defendant engaged in bad faith conduct, a court may consider, "the person's registration or acquisition of multiple domain names which the person knows are identical or confusingly similar to marks of others that are distinctive at the time of registration of such domain names . . ." Plaintiff is entitled to discover whether Defendant has engaged in a pattern and practice of cybersquatting by registering or using domain names similar to third parties' trademarks.

Defendants' objection that the Request is vague or ambiguous is nonsensical. The Request is straightforward and any reasonable person would understand it. Moreover, the Request is not overly-broad or unduly burdensome. Documents identifying Defendants' domain names are in Defendants' possession or can easily be generated by Defendants through their domain name registrar account.

Thus, the Court should order Image to produce a list of all domain names that it has owned, registered, or licensed since 2007.

**2.     Defendants' Finances**

Requests for Production Nos. 50-53 all relate to Image and Van's finances. Thus, to streamline this motion, Plaintiff has set forth Requests for Production Nos. 50-53 and their responses consecutively, followed by Plaintiff's argument regarding all of these discovery requests.

- **Request for Production No. 50 to Image:**

    ALL of YOUR profit and loss statements for the fiscal years 2007, 2008, 2009, and 2010.

- **Image's Response to Request No. 50:**

  Defendant objects to this demand on the grounds that it is vague, ambiguous, overly broad, vexatious, unduly burdensome and seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. However, over objection without waiting same, Image Reponds [sic] as follows: Image is not in possession or control of any balance sheets for the fiscal years 2007, 2008, 2009, and 2010.

- **Request for Production No. 51 to Image:**

  ALL of YOUR balance sheets for the fiscal years 2007, 2008, 2009, and 2010.

- **Image's Response to Request No. 51:**

  Defendant objects to this demand on the grounds that it is vague, ambiguous, overly broad, vexatious, unduly burdensome and seeks irrelevant information not reasonably calculated to lad to the discovery of admissible evidence. However, over objection without waiving same, Image Reponds [sic] as follows: Image is not in possession or control of any balance sheets for the fiscal years 2007, 2008, 2009 and 2010.

- **Request for Production No. 52 to Image:**

  ALL DOCUMENTS REGARDING ANY cost or expense identified in YOUR 2007, 2008, 2009, or 2010 profit and loss statement.

- **Image's Response to Request No. 52:**

  Defendant objects to this demand on the grounds that it is vague, ambiguous, overly broad, vexatious, unduly burdensome and seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. However, over objection without waiving same, Image Reponds [sic] as follows: Image is not in possession or control of any documents reflecting any cost or expense profit [sic] and loss

statement for the reasons stated in the Response of Image to "Request 50 and 51".

- **Request for Production No. 53 to Image:**

ALL of YOUR tax filings for the fiscal years 2007, 2008, 2009, and 2010.

- **Image's Response to Request No. 53:**

Defendant objects to this demand on the grounds that it is vague, ambiguous, overly broad, vexatious, unduly burdensome and seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. Moreover, Plaintiff is not entitled to same as Plaintiff never alleged in the Complaint that Defendants profited from the alleged use of the Bandago Mark.

- **Request for Production No. 50 to Van:**

ALL of YOUR profit and loss statements for the fiscal years 2007, 2008, 2009, and 2010.

- **Van's Response to Request No. 50:**

Defendants objects to this demand on the grounds that it is vague, ambiguous, overly broad, vexatious, unduly burdensome and seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. However, over objection without waiting same, Van Respond [sic] as follows: Van has never had any income and thus, Van has never prepared a profit and loss statement.

- **Request for Production No. 51 to Van:**

ALL of YOUR balance sheets for the fiscal years 2007, 2008, 2009, and 2010.

- **Van's Response to Request No. 51:**

Defendant objects to this demand on the grounds that it is vague, ambiguous, overly broad, vexatious, unduly burdensome and seeks

irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. However, over objection without waiting same, Van has never had any income and thus, Van has never prepared a balance sheet.

- **Request for Production No. 52 to Van:**

ALL DOCUMENTS REGARDING ANY cost of expense identified in YOUR 2007, 2008, 2009, or 2010 profit and loss statement.

- **Van's Response to Request No. 52:**

Defendant objects to this demand on the grounds that it is vague, ambiguous, overly broad, vexatious, unduly burdensome and seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. However, over objection without waiving same, Van Responds [sic] as follows: Van is not in possession or control of any documents reflecting any cost of expense [sic] profit and loss statement for the reasons stated in the Response of Van to "Request 50 and 51.". [sic]

- **Request for Production No. 53 to Van:**

ALL of YOUR tax filings for the fiscal years 2007, 2008, 2009, and 2010.

- **Van's Response to Request No. 53:**

Defendant objects to this demand on the grounds that it is vague, ambiguous, overly broad, vexatious, unduly burdensome and seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. However, over objection without waiving same, Van Responds [sic] as follows: Van has never had any income sufficient to require filing of taxes and thus, Van has never filed taxes.

Defendants refused to produce any financial information in response to these Requests, claiming that they do not have such basic documents as balance sheets and profit and loss statements. Defendants' responses are not credible, and the Court should not consider them valid responses.

Defendants also objected to these Requests on the ground that they seek irrelevant information. However, Defendants' finances are directly relevant to this action, where Plaintiff has asserted claims for cybersquatting, unfair competition, and false advertising under the Lanham Act. The Lanham Act specifically authorizes a plaintiff to recover a defendant's wrongful profits. 15 U.S.C. §1117. Plaintiff is entitled to Defendants' basic financial records to assess Defendants' wrongful profits. It is impossible to calculate such wrongful profits without this basic financial information.

Given Defendants' refusal to produce any financial information, it is appropriate for the Court to order Defendants to produce their tax returns. In determining whether the discovery of tax returns is warranted the Court must engage in a two-part test. First, the Court must determine whether the tax returns are relevant to the subject matter of the action. Second, the Court must determine whether a compelling need exists for the returns because such information is not otherwise available. *See A. Farber & Partners, Inc. v. Garber,* 234 F.R.D. 186, 292 (C.D. Cal. 2006); *Aliotti v. Vessel SENORA*, 217 F.R.D. 496, 497-498 (N.D. Cal. 2003). This two-part test is satisfied here. First, 15 U.S.C. §1117 specifically authorizes a plaintiff to recover a defendant's wrongful profits, and a defendant's financial records are necessary to evaluate its wrongful profits. Second, a compelling need exists for Defendants to produce their tax records here because Defendants have refused to produce any other financial information—and in fact, Defendants maintain that they have no financial records in their possession other than their tax returns.

Because Defendants' finances are relevant to this action, and because Defendants have refused to produce any financial records, the Court should order Defendants to produce their tax records. If Defendant Van still maintains that it has not

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

filed any tax returns, the Court should order Van to produce documents sufficient to identify the income or loss (and supporting financial data) that was passed through to its shareholders during the last five years.

**B. Defendants have refused to respond to Plaintiff's Second Set of Interrogatories.**

On December 9, 2010, Plaintiff served its Second Set of Interrogatories on Defendants Image and Van. Pursuant to Federal Rule of Civil Procedure 33(b)(2), Defendants' responses were due on January 13, 2011. Despite Plaintiff's meet and confer efforts, Defendants have refused to respond to these Interrogatories.

- **Interrogatory No. 8 to Image and Van:**

  IDENTIFY ALL PERSONS involved in the registration or re-registration of the domain name <bandago.net>.

- **Interrogatory No. 9 to Image and Van:**

  IDENTIFY the method of payment for ANY registration or re-registration of the domain name <bandago.net>, including the name on ANY payment account, credit card or debit card that was used for payment.

- **Interrogatory No. 10 to Image and Van:**

  IDENTIFY ALL PERSONS who accessed or edited the domain name registration account for the domain name <bandago.net>, including but not limited to re-directing the domain name <bandago.net> to another website.

- **Interrogatory No. 11 to Image and Van:**

  IDENTIFY ALL of YOUR shareholders, including the number of shares owned and/or the percentage of the company owned since 2007.

- **Interrogatory No. 12 to Image and Van:**

  IDENTIFY ES Colin.

Case No. 3:10-cv-00617-SC (BZ)     11     **PLAINTIFF'S NOTICE OF MOTION & MOTION TO COMPEL, REQ FOR SANCTIONS; MPA**

Plaintiff's Second Set of Interrogatories are directly relevant to this action. The interrogatories seek to clarify who was responsible for the registration of the domain name <bandago.net>. The interrogatories also seek to identify any shareholders of the corporate defendants Van and Image, and to identify an individual who filed a document with this Court on behalf of Defendants. This is basic information about the misconduct at issue and the corporate structure of Defendants. Plaintiff is entitled to this information, and the Court should order Defendants to respond to Plaintiff's Second Set of Interrogatories.

## C. Defendants have refused to verify their interrogatory responses.

Courts have stressed that the verification requirement is an essential part of responding to interrogatories. By failing to provide explicit, responsive, complete, candid, and verified answers, a party fails to comply with its discovery obligations under Federal Rule 33. *E.E.O.C. v. Kovacevich "5" Farms,* No. 106-0165, 2007 WL 1599772, *3 (E.D. Cal. June 4, 2007). Verifications remain an important aspect of discovery because they allow the receiving party to trust that the responding party has attested to the truth of its interrogatory responses. *Knights Armament Co. v. Optical Sys. Tech., Inc.*, 254 F.R.D. 463, 466-67 *aff'd,* 254 F.R.D. 470 (M.D. Fla. 2008.) Thus, the failure to meet the simple requirement of providing verifications can only be seen as a flagrant disregard of the federal discovery rules. *Saria v. Massachusetts Mut. Life Ins. Co.,* 228 F.R.D. 536, 540 (S.D.W. Va. 2005).

Defendants have refused to provide verifications to their interrogatory responses. During the January 5, 2011 telephonic conference, Plaintiff reminded Defendants that they had not yet provided verifications. Defendants promised to provide verifications with their forthcoming supplemental and amended responses. Yet, Defendants' verifications never came. In subsequent correspondence regarding Defendants' missing supplemental and amended responses, Plaintiffs reminded Defendants again and again about their need to verify their interrogatory responses. Even so, Defendants have

refused to produce verifications. Thus, the Court should order Defendants to produce verifications immediately.

### D. Defendants refuse to serve their initial disclosures.

Rule 26(a)(1) requires parties to serve their initial disclosures fourteen (14) days after the initial scheduling conference or at a date agreed upon by the parties. In the Amended Rule 26(f) Report and Joint Case Management Statement, which Defendants filed with the Court on November 16, 2010 [D.E. 50], the parties agreed to serve Initial Disclosures no later than December 15, 2010. Defendants never served their initial disclosures. Despite Plaintiff's efforts to meet-and-confer, Defendants have continued to refuse to serve their initial disclosures. The Court should order Defendants to serve their initial disclosures immediately as required by Rule 26(a).

### E. The Court should impose sanctions in the form of Plaintiff's attorneys' fees against Defendants.

Federal Rule of Civil Procedure 37(a)(5) provides that if a motion to compel is granted—or if the requested discovery is provided after the motion was filed—"the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Where a party shows that its several attempts to obtain answers to interrogatories prior to filing a motion to compel were of no avail, the party is entitled to an award of attorneys' fees to compensate it for the expense incurred in preparing the motion. *See Walt Disney Co. v. DeFabiis*, 168 F.R.D. 281, 284 (C.D. Cal. 1996). Such a discovery sanction is a self-executing, automatic sanction to provide a strong inducement for disclosure of material; no showing of bad faith or willfulness is required, and no showing of prejudice to the opposing party is required. *See Frontline Medical Associates, Inc. v. Coventry Health Care*, 263 F.R.D. 567, 568 (C.D. Cal. 2009). Thus, the party facing discovery sanctions bears the burden of showing that its failure to

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

comply with the discovery rules was justified. *Id.; OracleUSA, Inc. v. SAP AG*, 264 F.R.D. 541, 545 (N.D. Cal. 2009).

   Defendants have not—and cannot—make any showing of substantial justification for their complete avoidance of the meet-and-confer process regarding Plaintiff's Second Set of Interrogatories, and their failure to amend and supplement their responses to Plaintiff's First Set of Discovery Requests. Because Defendants have refused to provide substantive responses to Plaintiff's discovery requests, despite multiple extensions and meet-and-confer efforts, the Court should impose sanctions, in the form of Plaintiffs' attorneys' fees, against Defendants and in favor of Plaintiff. The Court should also impose sanctions against Defendants for their chronic failure to provide verifications or initial disclosures despite Plaintiff's repeated reminders.

## CONCLUSION

   For the foregoing reasons, Plaintiff respectfully requests that the Court issue an order: a) compelling Defendants to amend and supplement their responses to Plaintiff's First Set of Set of Requests for Production, b) compelling Defendants to provide responses to Plaintiff's Second Set of Interrogatories, c) compelling Defendants to provide verifications for their responses to Plaintiff's First and Second Sets of Interrogatories, and d) compelling Defendants to serve their initial disclosures, and e) imposing sanctions, in the form of Plaintiff's attorneys' fees, against Defendants and in favor of Plaintiff.

DATED: February 15, 2011      Respectfully submitted,

**KRONENBERGER BURGOYNE, LLP**

BY:  /s/ Jeffrey M. Rosenfeld
   Jeffrey M. Rosenfeld

Attorneys for Plaintiff
DIGBY ADLER GROUP d/b/a BANDAGO

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

Case No. 3:10-cv-00617-SC (BZ)    14    **PLAINTIFF'S NOTICE OF MOTION & MOTION TO COMPEL, REQ FOR SANCTIONS; MPA**