**LEVI HUEBNER & ASSOCIATES, PC**
Levi Huebner (*pro hac vice*)
478 Malbone Street, Suite 100
Brooklyn, NY 11225
Telephone: (212) 354-5555

Attorneys for Defendants
IMAGE RENT A CAR INC. and VAN RENTAL CO., INC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DIGBY ADLER GROUP LLC**, <br><br> Plaintiff, <br><br> vs. <br><br> **IMAGE RENT A CAR, INC.**, *et al.*, <br><br> Defendants. | Case No. 3:10-cv-00617-SC <br><br> **DEFENDANTS OPPOSITION TO PLANTIFFS MOTION FOR LEAVE TO AMEND ITS COMPLAINT** |

I submit this declaration in support of Defendants' Opposition to Plaintiff's Motion For Leave to Amend its Complaint (the "Motion").

**I.     *INTRODUCTION AND SUMMARY OF ARGUMENT***

Plaintiff now seeks leave to amend its complaint. This new complaint would add frivolous and improper claims, just two months before discovery is to end. Plaintiff's bring this motion well after the deadline to amend has passed, despite knowing about the "new" claims long before. Plaintiff's lack of diligence in bringing their motion is reason enough to deny it under Rule 16(b). Combined with the prejudice Defendants will suffer as result of the amendments and Plaintiff's bad faith in bringing this motion, there is ample reason to deny Plaintiff's motion under Rule 15(a) as well.

Case No. 3:10-cv-00617-SC          **OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND ITS COMPLAINT**

*Plaintiff's belated amendment unduly prejudices Defendants*. There are but a few months left in discovery. Adding new defendant's and new claims for copyright infringement would be unfair and would prejudice Defendants, who do not have enough time on an already extended schedule to properly conduct discovery to defend against these claims.

*Plaintiff's motion is brought in bad faith*. Plaintiff's statements that they did not or could not know about the "new" claims until just recently are false. Plaintiff's misrepresentations in this motion are but an instance in a pattern of misrepresentations made to this Court (for example, Plaintiff in its initial complaint and in its proposed amended complaint <u>falsely</u> alleges that Plaintiff rents cars. This also was the perjurious basis for its application for trademark registration of Bandago.

*Plaintiff cannot establish good cause for bringing its belated motion*. Bring the motion months after the amendment deadline pursuant to Rule 15(a) expired Plaintiff's application should be denied on that basis alone. Even were the Court to excuse Plaintiff's late filing, the motion should still be denied under Rule 15(a), because of Plaintiff's undue delay and bad faith and the unfair prejudice to Defendants.

## II. RELEVANT BACKGROUND

### A. *The Case Schedule and This Belated Motion.*

This case began over a year ago on or about January 19, 2010 when Plaintiff sent a cease and desist letter to Defendant Image and subsequently, on or about February 11, 2010, when the Plaintiff filed the initial complaint in this action. This Court's Status Conference Order dated December 3, 2010, set May 18, 2009 as the fact discovery cut-off date and stated that all discovery shall be completed and all depositions taken by May 18, 2011. The Order further provided that "[n]o provision of this order may be changed except by written order of this court

Case No. 3:10-cv-00617-SC 1 **OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND ITS COMPLAINT**

upon its own motion or upon motion of one or more parties made pursuant to Civil Local Rule 7.

**B.** *Plaintiff's Knowledge of Its Potential Claims.*

Plaintiffs could have asserted the additional claims from the beginning of this case. Plaintiffs' claims have always encompassed alleged cybersquating, trademark infringement, unfair competition false advertising, when this case was filed, and regarding the additional claims for copyright infringement, Plaintiff unequivocally knew about Images website as Plaintiff has quoted from and referred to Images website since the beginning of this case.

Moreover, Plaintiffs had ample notice of their potential claims related to copyright infringement. In September after Defendants' had filed their initial answer dated September 16, 2010 counsel for Plaintiff Karl Kronenberger had preliminary discussions regarding this case with the undersigned. Long before Plaintiff's time to amend its complaint pursuant to Rule 15(a) expired. During those discussions over five months ago in September of 2010 Kronenberger threatened that he might amend Plaintiffs complaint to include claims for copyright infringement add the Zilberman and Sebag as defendants. Additionally, he repeated those same threats on numerous occasions.

**1.** *Plaintiff Knew About Its Alleged Amended Claims.*

The fact that Network Solutions is the registrar for bandago.net and imagerentacar.com (Defendants' "Websites") is public information easily ascertained by Plaintiff or any other party. All one has to do is google any one of the multiple of domain registration information sites which clearly indicate who the registrant for a particular website is. Any search would have revealed that Network Solutions is the registrar for Defendants' Websites. Moreover, Plaintiffs waited until January 4, 2011 before sending Subpoenas to Net Work Solutions and January 19, 2011 and before serving a subpoena upon Google. However, the date when Plaintiff served subpoenas is a red herring because as discussed above Plaintiff could have discovered that Network Solutions is

Case No. 3:10-cv-00617-SC  2  **OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND ITS COMPLAINT**

the registrant of Defendants Websites by a simple google search. In fact Plaintiff had to know the foregoing information when they sent a cease and desist letter to Defendants in January of 2010.

**2. *Plaintiff Cannot Hide Behind Discovery Disputes and Feign Ignorance of its Alleged Claims.***

Similarly, Plaintiffs amendments regarding copyright infringement and the further amendments to the complaint have been known to Plaintiff since the commencement of this action. Moreover, since January of 2010 when Plaintiffs sent the cease and desist letter addressed to Gad Sebag ("Sebag") Plaintiffs knew of his position as CEO of the Defendant corporations. Furthermore, since March 4, 2010 when Shneior Zilberman ("Zilberman") filed his letter application to this Court Plaintiff was aware of his involvement with Defendant Image. Additionally, Plaintiff's offer no new information in support of its adding Sabag and Zilberman as Defendants. Furthermore, Plaintiffs merely allege that Image and Van had "not adhered to corporate formalities", "operate as alter egos", that Sabag and Zilberman "appear" to control the operations of Image and Van" all without furnishing any evidence indicating that Van and Image have acted in any activities which should or could result in piercing the corporate veil. Nor has Plaintiff offer anything other than circular arguments for adding Sabag and Zilberman as Defendants.

Plaintiff's failure to offer cogent evidence indicating that Sabag and Zilberman should be added as defendants further evidences Plaintiff's bad faith in attempting to adding defendants at this late stage.

**III. PLAINTIFF'S PATTERN OF MISREPRESENTATIONS MADE TO THIS COURT**

Plaintiff's misrepresentations in this motion are but an instance in a pattern of misrepresentations made to this Court (for example, Plaintiff in its initial complaint and in its proposed amended complaint <u>falsely</u> alleges that Plaintiff rents cars. Plaintiff also falsely alleged that it rents cars in its perjurious application for its trademark registration of Bandago. On November 19, 2010 after the case management conference Kronenberger admitted to the

1 undersigned that contrary to the allegations in its complaint Plaintiff has <u>never</u> rented cars. Due to foregoing misrepresentation Defendants will be submitting a motion for leave to reconsider defendants' motion to transfer venue based on the emergence of new material facts previously unknown to Defendants. Kronenberger also made material fallacious misrepresentations to the Honorable Magistrate Zimmerman regarding a contemporaneous recorded telephonic conference between counsel for the parties, held on November 18, 2010 which resulted in Magistrate Zimmerman cancelling a so ordered conference call by Order dated November 23, 2010. Plaintiff's also served Subpoenas on third parties without serving copies of same on the undersigned. Which resulted in Magistrate Zimmerman Order dated February 8, 2011 requiring that Plaintiff withdraw the Subpoenas.

## IV. *LEGAL STANDARDS*

### A. *Rule 16(b)'s "Good Cause" Standard Applies When the Deadline for a Motion to Amend Has Passed.*

When a party moves to amend a complaint after the deadline to amend has passed, the party must first satisfy Rule 16(b) of the Federal Rules of Civil Procedure, which governs modifications to scheduling order deadlines. *See Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1294 (9th Cir. 2000); *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 607-08, 610 (9th Cir. 1992); *RE: LAUNCH, LLC v. PC Treasures, Inc.,* No. C-05-0697 PJH, 2006 U.S. Dist. LEXIS 27673, at *2-3 (N.D. Cal. Apr. 28, 2006) (Hamilton, J.). Rule 16(b) provides that a pretrial scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). It is Rule 16(b)'s more stringent good cause standard, and not the more liberal amendment procedures afforded by Rule 15 that governs a motion to amend filed past the deadline for amending a pleading. *See Johnson,* 975 F.2d at 610 (noting that Rule 16's standards may not be "short-circuited" by those of Rule 15 because "[d]isregard of the [scheduling] order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the

indolent and the cavalier"); *Lendall v. Chase Manhattan Mortgage Corp.,* No. C 05-03295 WHA, 2006 U.S. Dist. LEXIS 81430, at *18-19 (N.D. Cal. Oct. 27, 2006).

Good cause depends on the diligence of the moving party, and "[a] lack of diligence alone is grounds to deny leave to amend." *Lukovsky v. City & County of San Francisco,* No. C 05-00389 WHA, 2006 U.S. Dist. LEXIS 26762, at *4 (N.D. Cal. Apr. 26, 2006); *see also Johnson,* 975 F.2d at 609 (holding that if the moving party was not diligent, "the inquiry should end"). To meet the good cause standard, the moving party must show that despite its diligence, it could not reasonably have met the scheduling order deadline. *See, e.g., Lendall,* 2006 U.S. Dist. LEXIS 81430, at *18-19; *RE: LAUNCH, LLC,* 2006 U.S. Dist. LEXIS 27673, at *3; *Hannon v. Chater,* 887 F. Supp. 1303, 1319 (N.D. Cal. 1995). Prejudice to the non-moving party provides additional justification to deny leave to amend under Rule 16(b). *See Johnson,* 975 F.2d at 609.

**B.** *Even If "Good Cause" Is Shown, Rule 15(a) Must Also Be Satisfied.*

Even if a party succeeds in showing good cause for amendment under Rule 16(b), the party must still establish that the post-deadline amendment is proper under Rule 15(a). *See AmerisourceBergen Corp. v. Dialysist West, Inc.,* 465 F.3d 946, 952 (9th Cir. 2006); *Atmel Corp. v. Authentec, Inc.,* No. C 06-2138 CW, 2008 U.S. Dist. LEXIS 10846, at *3 (N.D. Cal. Jan. 31, 2008); *Hannon,* 887 F. Supp. at 1319 (denying plaintiff's motion to amend the complaint under both Rule 16(b) and Rule 15(a)).

Under Rule 15(a), leave to amend a pleading is given "when justice so requires." Fed. R. Civ. P. 15(a)(2). Although Rule 15(a) has a more permissive standard, leave to amend "is not to be granted automatically." *Coleman,* 232 F.3d at 1294. In evaluating a motion to amend, a court will consider whether the moving party is guilty of bad faith (or dilatory motive), undue delay or prejudice to non-moving party. *See Allen v. Beverly Hills,* 911 F.2d 367, 373 (9th Cir. 1990); *Mullen v. Surtshin,* 590 F. Supp. 2d 1233, 1236 (N.D. Cal. 2008) (denying amendment due to plaintiff's undue delay, prejudice to defendant).

Case No. 3:10-cv-00617-SC 5 **OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND ITS COMPLAINT**

**V. ARGUMENT: PLAINTIFFS' MOTION SHOULD BE DENIED AS TO THE CONTESTED AMENDMENTS**

Plaintiffs' motion fails under Rule 16(b) because Plaintiffs could have asserted all the contested amendments before the amendment deadline. Plaintiffs are not entitled to "liberal amendment" under Rule 15(a) because this motion is brought in bad faith, after undue delay, to the great prejudice of Defendants.

**A.** *Plaintiffs Must Move Under Both Rule 16(b) and Rule 15(a) Because They Missed the Deadline to Amend.*

Plaintiffs must meet Rule 16(b)'s good cause standard because they filed this motion well after the the deadline to amend pleadings had expired.

**B.** *Plaintiffs Fail to Meet the Rule 16(b) "Good Cause" Standard Because They Were Not Diligent in Bringing This Motion*

When a party inexplicably delays moving to amend until after the deadline to amend has passed, the party has not acted diligently, and its motion to amend must be denied. *See Lendall,* 2006 U.S. Dist. LEXIS 81430, at *18-19 (denying amendment where plaintiff failed to articulate "new" facts that explained why she filed the motion to amend after the deadline). Plaintiffs could long ago have moved to add the contested amendments. Their lack of diligence is, alone, reason to deny the Motion.

**1.** *Plaintiffs Could Have Asserted the Amendments as Early as the Initial Complaint.*

When a motion to amend seeks to add a new theory that is "fully congruent with the facts alleged in [the] original pleading" and, thus, "should have been included therein," a court will deny the motion. *Hannon,* 887 F. Supp. at 1319. Plaintiff knew from itsr pre-lawsuit investigation about Image's website, Plaintiff could have asserted both claims when this case started in the initial complaint. Plaintiffs' failure to do so demonstrates a lack of diligence and alone justifies denial of the motion.

**2.** *Plaintiffs Were on Notice of all Issues of which they seek to Amend.*

This Court has made clear that a plaintiff's failure to conduct a sufficient investigation of the facts of its case, which would have earlier revealed the existence of a potential claim based on information in the plaintiff's possession, does not constitute good cause for the belated filing of a motion to amend. *See RE: LA UNCH, LLC,* 2006 U.S. Dist. LEXIS 27673, at *3 (denying amendment because plaintiff "failed to establish that it acted diligently in discovering the availability of the new cause of action" and thus lacked good cause). Plaintiff's service of subpoenas upon google and network solutions in January of 2011 and its failure to timely search Images website or the registrars of Defendants' websites does not show Plaintiff's' diligence, but rather their lack thereof. There was no other barrier to Plaintiffs search of Defendants Websites or the registrars of Defendants' Websites prior to the initial complaint. Plaintiff offers no meaningful explanation for their delay in amending the complaint regarding information which has long been available for Plaintiff to assert.

**C.** *Plaintiffs Brought This Motion in Bad Faith After Undue Delay, to the Prejudice of Defendants.*

Even if Plaintiffs could show good cause for bringing their motion long after the amendment deadline, Plaintiffs' motion fails the separate Rule 15(a) standard because Plaintiffs brought their motion in bad faith, after undue delay and to the prejudice of Defendants. A court's "discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *St. Paul Fire & Marine Ins. Co. v. Vedatech Int'l, Inc.,* 245 Fed. Appx. 588, 591-92 (9th Cir. 2007); *see Mullen,* 590 F. Supp. 2d at 1236. That discretion should be exercised to deny Plaintiffs' Motion.

**1.** *Plaintiffs' Bad Faith in Bringing This Motion Justifies Denial.*

Courts deny leave to amend if the moving party brings the motion in bad faith or for a

dilatory motive. *See e.g., Chodos v. West Publ'g Co.,* 292 F.3d 992, 1003 (9th Cir. 2002); *Lockheed Martin Corp. v. Network Solutions, Inc.,* 194 F.3d 980, 986 (9th Cir. 1999); *Robertson v. Qadri,* No. 06-4624 JF (HRL), 2009 U.S. Dist. LEXIS 3790, at *7-8 (N.D. Cal. Jan. 15, 2009) (finding that attempts to amend a claim with facts known prior to the complaint in order to avoid dismissal was both bad faith and undue delay); *Brown v. Wireless Networks, Inc.,* No. C 07-4301 (EDL), 2008 U.S. Dist. LEXIS 36472, at *4 (N.D. Cal. Apr. 24, 2008) (Laporte, M.J.). Further, the longer a party waits to amend its complaint, the more likely it is that there is bad faith. *Strickland v. Jewell,* 562 F. Supp. 2d 661, 668-69 (M.D.N.C. 2007) ("[T]he further the case progresses, the more likely it is that the amendment will prejudice the opposing side or will help support a finding of bad faith."). Plaintiffs rely upon mischaracterizations and misrepresentations to conceal their dilatory motives behind bringing this motion. The Court should deny the Motion in light of Plaintiffs' bad faith.

### 2. *Plaintiffs Unduly Delayed Bringing This Motion.*

The undue delay factor under Rule 15(a) is similar to the lack of diligence consideration under Rule 16(b). Undue delay occurs "when a party has filed a motion for leave to amend long after it should have become aware of the information that underlies that motion." *Scognamillo v. Credit Swisse First Boston, LLC,* 587 F. Supp. 2d 1149, 1157 (N.D. Cal. 2008); *see also AmerisourceBergen Corp.,* 465 F.3d at 953 (quoting *Jackson v. Bank of Hawaii,* 902 F.2d 1385, 1388 (9th Cir. 1990)) ("[I]n evaluating undue delay, [the question is] "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading."). Although delay alone is generally insufficient to deny a motion to amend, late amendment is "not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." *Acri v. Int'l Ass'n of Machinists & Aerospace Workers,* 781 F.2d 1393, 1398 (9th Cir. 1986). For this reason, courts have found that a moving party's delay in discovering information relevant to the amendment

Case No. 3:10-cv-00617-SC     8     **OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND ITS COMPLAINT**

constitutes undue delay. *See Scognamillo,* 587 F. Supp. 2d at 1157-58 (denying motion to amend when the amendments were based on documents that defendants had produced more than a year before the motion, despite plaintiff's argument that these documents had been buried in a large production and the significance of these documents was only revealed as a result of subsequent discovery); *Brown v. Wireless Networks, Inc.,* 2008 U.S. Dist. LEXIS 36472, at *4.

**3. *Defendants Will Be Prejudiced by Late Amendment.***

Defendants will be prejudiced if Plaintiffs are permitted to add their substantial, non-conforming amendments at this late date. Prejudice to the non-moving party is a proper basis on which to deny a motion to amend, particularly where the plaintiff seeks to amend a complaint late in litigation. *See Scognamillo,* 587 F. Supp. 2d at 1155-56 (finding undue prejudice and delay where plaintiffs filed a motion to amend 12 weeks before the discovery cutoff and "[g]ranting leave to amend ... would require extensive additional discovery on entirely new topics and the redeposition of witnesses, on top of the significant discovery that has occurred to date"). "Prejudice typically arises where the opposing party is surprised with new allegations which require more discovery or will otherwise delay resolution of the case." *Atmel Corp.,* 2008 U.S. Dist. LEXIS 10846, at *5-6; *see In re Fritz Cos. Secs. Litig.,* 282 F. Supp. 2d 1105, 1109 (N.D. Cal. 2003); *AmerisourceBergen Corp.,* 445 F.3d at 1137 (finding that permitting plaintiff to "advance different legal theories and require proof of different facts" with eight months of discovery remaining would prejudice defendant "by forcing it to undertake burdensome discovery and would have unnecessarily delayed final judgment").

Even if this Court were decide Plaintiff's motion on the March 18, 2011 return date, there will only be two months left in discovery. This is simply not enough time for Defendants to conduct the discovery necessary to properly defend regarding the additional defendants and claims of copyright infringement.

**VI. PLAINTIFF'S ANALYSIS**

The four cases which Plaintiff cites in support of its Motion are inapposite to the within matter as the actions were not a mere two months away from the discovery cut-off deadline, did not involve dilatory conduct or bad faith on the part of Plaintiffs and did not prejudice the defendants.

**VII.** *CONCLUSION*

For all of these reasons, this Court should deny Plaintiffs' Motion to Amend its Complaint. It is time for all of the current issues already in the case to be joined and this case resolved.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: February 28, 2011                **LEVI HUEBNER & ASSOCIATES, PC**

                                                        BY:/s/ Levi Huebner
                                                          Levi Huebner

                                                        Attorneys for Defendants
                                                        IMAGE RENT A CAR INC. and VAN RENTAL CO., INC.