1

2

3

4                    IN THE UNITED STATES DISTRICT COURT

5                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

6

7   DIGBY ADLER GROUP LLC,            )  Case No. 10-617 SC
                                      )
8              Plaintiff,             )  ORDER GRANTING PLAINTIFF
                                      )  LEAVE TO FILE FIRST AMENDED
9         v.                          )  COMPLAINT
                                      )
10                                    )
   IMAGE RENT A CAR, INC., and        )
11  VAN RENTAL CO., INC.,             )
                                      )
12             Defendants.            )
                                      )
13  _____   )

14  **I.    INTRODUCTION**

15       Before the Court is a Motion by Plaintiff Digby Adler Group

16  LLC ("Plaintiff") for leave to file a first amended complaint.  ECF

17  No. 66 ("Mot.").  Defendants Image Rent A Car, Inc. ("Image"), and

18  Van Rental Co., Inc. ("Van Rental") (collectively, "Defendants")

19  filed an Opposition, and Plaintiff filed a Reply.  ECF Nos. 80

20  ("Opp'n"), 81 ("Reply").  For the following reasons, the Court

21  GRANTS Plaintiff's Motion.

22

23  **II.   BACKGROUND**

24       Plaintiff is a California limited liability company

25  headquartered in San Francisco that rents cars and vans, with a

26  focus on long-term rentals to touring music groups.  ECF No. 1

27  ("Compl.") ¶¶ 4, 10.  Plaintiff operates rental locations in

28  California, New Jersey, Illinois, and Oregon, and provides van

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1   rentals for use throughout the United States.  Id. ¶ 11.  Since
2   2003, Plaintiff has done business under the service mark "Bandago"
3   ("the Mark").  Id. ¶ 12.  Plaintiff filed an application to
4   register the Mark with the U.S. Patent and Trademark Office in
5   2008, but a Certificate of Registration has not yet issued.  Id.
6   In 2003, Plaintiff registered the Internet domain name bandago.com
7   and has since used it in connection with its van rental business.
8   Id. ¶¶ 13-14.

9        On February 11, 2010, Plaintiff brought this action against
10  Defendants, alleging cybersquatting, unfair competition, and false
11  advertising under the Lanham Act, as well as common law trademark
12  infringement and violation of Section 17200 of California's
13  Business and Professions Code.  See Compl.  Plaintiff alleges that
14  in August 2008, Van Rental, as an agent of Image, registered the
15  Internet domain name bandago.net.  Id. ¶¶ 18-21.  Plaintiff claims
16  that Defendants created a website at bandago.net that redirects
17  visitors to Imagerentacar.com.  Id. ¶¶ 18-21.  Plaintiff alleges
18  that Defendants had never before used the "Bandago" name in
19  commerce, and that Defendants used bandago.net solely to divert
20  Plaintiff's customers to Defendant.  Id. ¶¶ 24, 25.  Plaintiff
21  claims it has received calls from confused customers, and claims
22  that some customers have used Defendants' services rather than
23  Plaintiff's.  Id. ¶ 28.

24       On March 4, 2010, Defendants moved to dismiss the action for
25  lack of jurisdiction.  ECF No. 8.  The Court denied this motion on
26  the basis that Defendants, who are both corporate entities, were
27  not represented by counsel in violation of Civil Local Rule 3-9(b).
28  ECF No. 9.  On March 12, 2010, Defendants filed an almost identical

1   motion to dismiss, which the Court again denied.  ECF Nos. 10, 14.

2   Defendants moved for two extensions of time to respond to the

3   Complaint; the Court denied the first because Defendants had yet to

4   associate with counsel and granted the second.  ECF Nos. 10, 17,

5   18, 20.  After associating with counsel, Defendants filed a third

6   motion to dismiss for lack of jurisdiction, which the Court denied.

7   ECF Nos. 21, 37.

8       On July 29, 2010, Plaintiff served Defendants with its first

9   set of discovery requests; on November 3, 2010, Plaintiff filed a

10   motion to compel, claiming Defendants had failed to respond to

11   these requests.  Reply at 2.  Defendants began to serve responses

12   on December 3, 2010.  Id.

13       On January 20, 2011, Plaintiff notified Defendants' counsel of

14   Plaintiff's intent to amend its complaint, seeking a stipulation

15   from Defendants.  Plaintiff filed the current Motion on January 26,

16   2011.  See Mot.  Plaintiff alleges that through Defendants'

17   discovery responses, it learned that two individuals, Shneior

18   Zilberman ("Zilberman") and Gad Sebag ("Sebag"), directed

19   Defendants' alleged misconduct, and that Defendants also infringed

20   on Plaintiff's copyright.  Id.  Plaintiff alleges that discovery

21   responses and documents produced by third parties revealed that

22   Image and Van Rental had not adhered to basic corporate

23   formalities; that Image and Van Rental operate as alter egos,

24   working at the same address, using the same e-mail account and

25   websites, employing the same personnel, and using the same

26   financial and office resources; that Zilberman and Sebag registered

27   and used the domain name bandago.net; that Defendants bid on

28   Plaintiff's Bandago trademark in the Google AdWords service; and

**United States District Court**
For the Northern District of California

that Defendants infringed Plaintiff's copyright.  Mot. at 2.
Plaintiff seeks to add Zilberman and Sebag as defendants and add
additional copyright and trademark claims.  <u>Id.</u>

On February 11, 2010, the date before Defendants' Opposition
was due, Defendants filed a motion for additional time to respond
to Plaintiff's Motion.  ECF No. 73.  Defendants sought a two-month
extension, citing a recent illness of Defendant's counsel.  <u>Id.</u>
Plaintiff opposed the motion, alleging it was one of many acts by
Defendants' counsel to delay proceedings.  ECF No. 74.  The Court
granted the motion in part, giving Defendants two additional weeks
to file its Opposition.  ECF No. 77.

**III.  <u>LEGAL STANDARD</u>**

A party may amend its pleadings with leave of the court, and
"[t]he court should freely give leave when justice so requires."
Fed. R. Civ. P. 15(a)(2).  This policy should be applied with
"extreme liberality."  <u>Eminence Capital, LLC v. Aspeon, Inc.</u>, 316
F.3d 1048, 1051 (9th Cir. 2003).  However, district courts may deny
amendments that would cause undue prejudice to another party, that
would cause undue delay, that are sought in bad faith, or that are
futile.  <u>Bowles v. Reade</u>, 198 F.3d 752, 757-58 (9th Cir. 1999).
Not all of these factors merit equal weight, as "it is the
consideration of prejudice to the opposing party that carries the
greatest weight."  <u>Eminence Capital</u>, 316 F.3d at 1052 (citations
omitted).  "The party opposing amendment bears the burden of
showing prejudice."  <u>DCD Programs, Ltd. v. Leighton</u>, 833 F.2d 183,
187 (9th Cir. 1987).

**IV.  <u>DISCUSSION</u>**

Defendants argue that they will be unduly prejudiced if Plaintiff is permitted to amend its Complaint, alleging that because there are "but a few months left in discovery," Defendants would not have enough time to "properly conduct discovery to defend against these claims."  Opp'n at 1.  Defendants also allege that Plaintiff unduly delayed in bringing this Motion, arguing that Plaintiff knew these claims existed well before its filing of this Motion.  <u>Id.</u>

In response, Plaintiff refers to the above timeline of proceedings in this action as evidence that Defendants, not Plaintiff, are responsible for delay in this action by failing to respond to discovery requests and seeking a continuance of this Motion.  Reply at 2-3.  Plaintiff also disputes Defendants' allegation that it knew of its additional claims before filing its motion, stating: "While Plaintiff knew that Sebag and Zilberman were employees of Defendants, Plaintiff did not know of their individual misconduct until Plaintiff received documents from Defendants, Google, and Network Solutions."  <u>Id.</u> at 4.  Plaintiff alleges that while it knew Defendants had engaged in some copyright infringement before January 2011, it believed the infringement was de minimis, and "[o]nly after Plaintiff spent considerable time reviewing the thousands of pages comprising Defendants' websites, did Plaintiff discover significant and chronic copyright infringement."  <u>Id.</u>

Upon consideration of the above arguments and in light of this circuit's liberal rules for amendment, the Court finds for Plaintiff.  Defendants have not shown that allowing Plaintiff to

**United States District Court**
For the Northern District of California

1   amend its Complaint to include Zilberman and Sebag as Defendants

2   and add new trademark and copyright claims would cause undue

3   prejudice or delay proceedings, or that Plaintiff's Motion was

4   brought in bad faith.

5

6   **V.**   **CONCLUSION**

7       For the foregoing reasons, the Court GRANTS Plaintiff Digby

8   Adler Group LLC's Motion for Leave to File a First Amended

9   Complaint.  Plaintiff must file its amended complaint within ten

10  (10) days of this Order.

11

12      IT IS SO ORDERED.

13

14      Dated: March 16, 2011

15                                          UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28