United States District Court
For the Northern District of California

|  |  |
|---|---|
| DIGBY ADLER GROUP LLC, | Case No. 10-cv-00617-SC |
| Plaintiff, | ORDER ON MOTION TO WITHDRAW |
| v. |  |
| IMAGE RENT A CAR, INC., et al., |  |
| Defendants. |  |

    Now before the Court is Levi Huebner & Associates PC ("LH") and Duane & Seltzer LLP's ("D&S") motion to withdraw as counsel for Defendants Image Rent A Car, Inc. ("Image") and Van Rental Co., Inc. ("Van"). ECF No. 101. Plaintiff Digby Adler Group d/b/a Bandago ("Bandago") does not oppose the motion. ECF No. 102.

    Civil Local Rule 11-5(a) prohibits counsel from withdrawing from an action until (1) the Court has issued an order permitting the withdrawal, and (2) written notice has been given reasonably in advance to the client and to all other parties. Rule 11-5(b)

1 applies where, as here, withdrawal is not accompanied by
2 simultaneous appearance of substitute counsel or agreement of the
3 party to appear pro se. That Rule authorizes the Court to permit
4 withdrawal subject to the condition that papers may continue to be
5 served on withdrawing counsel until the client appears by other
6 counsel.

7     In this District, standards of professional conduct for
8 attorneys are governed by the rules established by the State Bar of
9 California. Civ. L.R. 11-4(a)(1); see also Cal. Native Plant Soc'y
10 v. EPA, C 06-3604 PJH, 2008 WL 4911162, at *1 (N.D. Cal. Nov. 14,
11 2008) ("In this district, the conduct of counsel, including
12 withdrawal of counsel, is governed by the standards of professional
13 conduct required of members of the State Bar of California.").
14 California Rule of Professional Conduct 3-700(C) permits an
15 attorney to request permission to withdraw if the client renders
16 the representation unreasonably difficult, continued representation
17 is likely to result in a violation of the rules, or the attorney
18 believes that the court will find other good cause.

19     LH represents Image and Van; D&S has never met the principal
20 for Image or Van and only appeared in this action as sponsor and
21 local co-counsel for LH. ECF No. 101-1 ("Huebner Decl."). Mr.
22 Huebner asserts that he has had communication difficulties with his
23 clients since 2011. He also claims that a conflict of interest has
24 developed between one of the principals of Van or Image and other
25 parties to the case, and that he consulted with the principal
26 regarding this action. Mr. Huebner claims that "their interests
27 are diverse and I can no longer communicate with them let alone
28 represent their interests in this action." Id. at 1. Finally, Mr.

2

Huebner states that his small firm cannot afford to represent Van and Image.  Id.

Mr. Huebner and D&S moved to withdraw on July 1.  They served a copy of their motion upon all defendants in this action.  ECF No. 101-3 ("Service Aff.") at 1-2.  On July 9, the Court received a letter from Defendant Shneior Zilberman, a principal of Image and Van.  Mr. Zilberman informed the Court that "we're in the process of looking for new counsel to replace Levi Huebner."  ECF No. 103 ("Zilberman Letter").  Mr. Zilberman requested 45 days to hire new counsel and respond to the amended complaint.

The Court finds that there is good cause to grant LH and D&S's motion to withdraw, and that the reason for withdrawal is consistent with the California Rules of Professional Conduct.  Additionally, Image and Van are clearly aware of their attorney's intentions and are already in the process of hiring new counsel.  Because Image and Van are business entities, however, they must be represented by a licensed attorney.  See Civ. L.R. 3-9(b); Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201-02 (1993).  No substitution of counsel has been filed on their behalf, and they cannot appear pro se.

Therefore, in accordance with Civil Local Rule 11-5(b), the Court GRANTS LH and D&S's motion to withdraw on the condition that papers may continue to be served on Levi Huebner & Associates PC for forwarding purposes until Image and Van appear by other counsel.  LH shall also serve a copy of this order on all defendants.  Van and Image have 30 days from the date of this order to find substitute counsel and shall file substitution of counsel and respond to Bandago's First Amended Complaint no later than

August 27, 2014 (which gives them more than the 45 days they requested).  If Image and Van have not filed substitution of counsel and responded to Bandago's First Amended Complaint by that date, Bandago may move for entry of default by September 10, 2014.

    IT IS SO ORDERED.

Dated: July 28, 2014 

    UNITED STATES DISTRICT JUDGE