HEATH & STEINBECK, LLP
STEVEN A. HEATH (SBN 250867)
2500 Broadway, Suite F-125
Santa Monica, California 90404
Telephone: (424) 238-4532
Facsimile:  (323) 210-3242
saheath@heathsteinbeck.com

Attorneys for Defendants IMAGE RENT A CAR, INC.; VAN RENTAL CO., INC.; GAD SEBAG; and SHNEIOR ZILBERMAN

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIGBY ADLER GROUP, LLC d/b/a BANDAGO, a California limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> IMAGE RENT A CAR, INC., a New York corporation; VAN RENTAL CO, INC., a New York corporation; GAD SEBAG, an individual; and SHNEIOR ZILBERMAN, an individual, <br><br> Defendants. | Case No.:  10-cv-00617-SC <br><br> **ANSWER OF DEFENDANTS TO FIRST AMENDED COMPLAINT** <br><br> **JURY TRIAL DEMAND** |

Defendants IMAGE RENT A CAR, INC. ("Image"), VAN RENTAL CO., INC. ("Van Rental"), GAD SEBAG ("Sebag"), and SHNEIOR ZILBERMAN ("Zilberman") (collectively, "Defendants"), by and through their undersigned counsel of record, in response to the First Amended Complaint ("FAC") filed by Plaintiff DIGBY ADLER GROUP, LLC d/b/a BANDAGO ("Plaintiff"), deny the FAC's allegations of

1
**ANSWER TO FIRST AMENDED COMPLAINT**

cybersquatting, unfair competition, false advertising, common law trademark infringement, statutory unfair competition, copyright infringement, and trademark infringement, as follows:

## JURISDICTION AND VENUE

1. The allegations in paragraph 1 assert contentions of law, as to which no response is offered. To the extent any factual allegation is implied, Defendants lack sufficient information to either admit or deny the allegations in paragraph 1 and on that basis deny the allegations in said paragraph.

2. The allegations in paragraph 2 assert contentions of law, as to which no response is offered. To the extent any factual allegation is implied, Defendants deny the allegations in said paragraph.

3. The allegations in paragraph 3 assert contentions of law, as to which no response is offered. To the extent any factual allegation is implied, Defendants lack sufficient information to either admit or deny the allegations in paragraph 3 and on that basis deny the allegations in said paragraph.

## PARTIES

4. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in paragraph 4, and on that basis deny the allegations in said paragraph.

5. Defendants admit the allegations in paragraph 5.

6. Defendants admit the allegations in paragraph 6.

7. Defendants admit the allegations in paragraph 7.

8. Defendants admit the allegations in paragraph 8.

9. The allegations in paragraph 9 assert contentions of law, as to which no response is offered. To the extent any factual allegation is implied, Defendants deny the allegations in said paragraph.

10. The allegations in paragraph 10 assert contentions of law, as to which no response is offered. To the extent any factual allegation is implied, Defendants deny the

allegations in said paragraph.

## INTRADISTRICT ASSIGNMENT

11. The allegations in paragraph 11 assert contentions of law, as to which no response is offered. To the extent any factual allegation is implied, Defendants deny the allegations in said paragraph.

## FACTUAL ALLEGATIONS

### Plaintiff's Business and Plaintiff's BANDAGO Mark

12. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in paragraph 12, and on that basis deny the allegations in said paragraph.

13. Defendants admit on information and belief that Plaintiff's principal offices are in San Francisco, California. Defendant deny that Plaintiff had offices in New Jersey at the time this action was filed. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 13, and on that basis deny the allegations in said paragraph.

14. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in paragraph 14, and on that basis deny the allegations in said paragraph.

15. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in paragraph 15, and on that basis deny the allegations in said paragraph.

16. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in paragraph 16, and on that basis deny the allegations in said paragraph.

17. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in paragraph 17, and on that basis deny the allegations in said paragraph.

18. Defendants lack sufficient knowledge or information to form a belief as to

the truth or falsity of the allegations set forth in paragraph 18, and on that basis deny the allegations in said paragraph.

19. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in paragraph 19, and on that basis deny the allegations in said paragraph.

20. The allegations in paragraph 20 assert contentions of law, as to which no response is offered.  To the extent any factual allegation is implied, Defendants lack sufficient information to either admit or deny the allegations in paragraph 20 and on that basis deny the allegations in said paragraph.

21. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in paragraph 21, and on that basis deny the allegations in said paragraph.

22. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in paragraph 22, and on that basis deny the allegations in said paragraph.

23. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in paragraph 23, and on that basis deny the allegations in said paragraph.

**Defendants' Disregard of Corporate Entities**

24. Defendants admit that during the relevant timeframe alleged in the FAC, Image and Van Rental were in substantially the same business as Plaintiff.  Defendants lack sufficient information to either admit or deny the remaining allegations in paragraph 24 and on that basis deny the allegations in said paragraph.

25. Defendants admit that during the relevant timeframe alleged in the FAC, Image and Van Rental's principal offices were in the State of New York.  Defendants deny the remaining allegations in paragraph 25.

26. Defendants admit that during the relevant timeframe alleged in the FAC, Van Rental owned the website www.imagerentacar.com.  Defendants deny the remaining

allegations in paragraph 26.

27. Defendants deny the allegations in paragraph 27.

28. The allegations in paragraph 28 assert contentions of law, as to which no response is offered. To the extent any factual allegation is implied, Defendants lack sufficient information to either admit or deny the allegations in paragraph 28 and on that basis deny the allegations in said paragraph.

29. Defendants admit that during the relevant timeframe alleged in the FAC, Zilberman was an officer of Image and Van Rental and in charge of their day-to-day operations. Defendants deny the remaining allegations in paragraph 29.

30. The allegations in paragraph 30 assert contentions of law, as to which no response is offered. To the extent any factual allegation is implied, Defendants deny the allegations in said paragraph.

31. The allegations in paragraph 31 assert contentions of law, as to which no response is offered. To the extent any factual allegation is implied, Defendants deny the allegations in said paragraph.

**Defendants' Misconduct**

<u>Defendants' Registration and Use of &lt;bandago.net&gt;</u>

32. Defendants deny the allegations in paragraph 32.

33. Defendants deny the allegations in paragraph 33.

34. Defendants deny the allegations in paragraph 34.

35. Defendants deny the allegations in paragraph 35.

36. The allegations in paragraph 36 assert contentions of law, as to which no response is offered. To the extent any factual allegation is implied, Defendants lack sufficient information to either admit or deny the allegations in paragraph 36 and on that basis deny the allegations in said paragraph.

37. Defendants admit the allegations in paragraph 37.

38. Defendants admit that they have never used or benefited from the name "Bandago" in commerce or in connection with any bona fide offering of goods of

services.  Defendants deny the remaining allegations in paragraph 38.

39. Defendants deny the allegations in paragraph 39.

40. The allegations in paragraph 40 assert contentions of law, as to which no response is offered.  To the extent any factual allegation is implied, Defendants deny the allegations in said paragraph.

41. The allegations in paragraph 41 assert contentions of law, as to which no response is offered.  To the extent any factual allegation is implied, Defendants lack sufficient information to either admit or deny the allegations in paragraph 41 and on that basis deny the allegations in said paragraph.

42. The allegations in paragraph 42 assert contentions of law, as to which no response is offered.  To the extent any factual allegation is implied, Defendants lack sufficient information to either admit or deny the allegations in paragraph 42 and on that basis deny the allegations in said paragraph.

43. Defendants deny the allegations in paragraph 43.

44. Defendants deny the allegations in paragraph 44.

<u>Defendants' Trademark Infringement by Keyword Advertising on the BANDAGO Mark</u>

45. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in paragraph 45, and on that basis deny the allegations in said paragraph.

46. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in paragraph 46, and on that basis deny the allegations in said paragraph.

47. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in paragraph 47, and on that basis deny the allegations in said paragraph.

48. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in paragraph 48, and on that basis deny the allegations in said paragraph.

49. Defendants deny the allegations in paragraph 49.

50. Defendants deny the allegations in paragraph 50.

51. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in paragraph 51, and on that basis deny the allegations in said paragraph.

52. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in paragraph 52, and on that basis deny the allegations in said paragraph.

53. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in paragraph 53, and on that basis deny the allegations in said paragraph.

54. Defendants deny the allegations in paragraph 54.

55. Defendants deny the allegations in paragraph 55.

<u>Defendants' Copyright Infringement</u>

56. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in paragraph 56, and on that basis deny the allegations in said paragraph.

57. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in paragraph 57, and on that basis deny the allegations in said paragraph.

58. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in paragraph 58, and on that basis deny the allegations in said paragraph.

59. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in paragraph 59, and on that basis deny the allegations in said paragraph.

60. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in paragraph 60, and on that basis deny the

allegations in said paragraph.

61. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in paragraph 61, and on that basis deny the allegations in said paragraph.

62. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in paragraph 62, and on that basis deny the allegations in said paragraph.

63. Defendants deny the allegations in paragraph 63.

## FIRST CLAIM FOR RELIEF

### Cybersquatting [Lanham Act §43(d); 15 U.S.C. §1125(d)(1)]

64. Defendants repeat and incorporate the admissions and denials of paragraphs 1 through 63 above as if fully set forth herein.

65. The allegations in paragraph 65 assert contentions of law, as to which no response is offered. To the extent any factual allegation is implied, Defendants lack sufficient information to either admit or deny the allegations in paragraph 66 and on that basis deny the allegations in said paragraph.

66. The allegations in paragraph 66 assert contentions of law, as to which no response is offered. To the extent any factual allegation is implied, Defendants lack sufficient information to either admit or deny the allegations in paragraph 66 and on that basis deny the allegations in said paragraph.

67. Defendants deny the allegations in paragraph 67.

68. Defendants deny the allegations in paragraph 68.

69. Defendants deny the allegations in paragraph 69.

70. Defendants deny the allegations in paragraph 70.

## SECOND CLAIM FOR RELIEF

### Unfair Competition [Lanham Act §43(a); 15 U.S.C. §1125(a)]

71. Defendants repeat and incorporate the admissions and denials of paragraphs 1 through 70 above as if fully set forth herein.

ANSWER TO FIRST AMENDED COMPLAINT

72. The allegations in paragraph 72 assert contentions of law, as to which no response is offered. To the extent any factual allegation is implied, Defendants lack sufficient information to either admit or deny the allegations in paragraph 66 and on that basis deny the allegations in said paragraph.

73. The allegations in paragraph 73 assert contentions of law, as to which no response is offered. To the extent any factual allegation is implied, Defendants lack sufficient information to either admit or deny the allegations in paragraph 66 and on that basis deny the allegations in said paragraph.

74. Defendants deny the allegations in paragraph 74.

75. The allegations in paragraph 75 assert contentions of law, as to which no response is offered. To the extent any factual allegation is implied, Defendants deny the allegations in said paragraph.

76. The allegations in paragraph 76 assert contentions of law, as to which no response is offered. To the extent any factual allegation is implied, Defendants deny the allegations in said paragraph.

77. Defendants deny the allegations in paragraph 77.

78. Defendants deny the allegations in paragraph 78.

### THIRD CLAIM FOR RELIEF

### False Advertising [Lanham Act §43(a); 15 U.S.C. §1125(a)(1)(B)]

79. Defendants repeat and incorporate the admissions and denials of paragraphs 1 through 78 above as if fully set forth herein.

80. The allegations in paragraph 80 assert contentions of law, as to which no response is offered. To the extent any factual allegation is implied, Defendants lack sufficient information to either admit or deny the allegations in paragraph 80 and on that basis deny the allegations in said paragraph.

81. The allegations in paragraph 81 assert contentions of law, as to which no response is offered. To the extent any factual allegation is implied, Defendants lack sufficient information to either admit or deny the allegations in paragraph 81 and on that

ANSWER TO FIRST AMENDED COMPLAINT

basis deny the allegations in said paragraph.

82. Defendants deny the allegations in paragraph 82.

83. The allegations in paragraph 83 assert contentions of law, as to which no response is offered. To the extent any factual allegation is implied, Defendants deny the allegations in said paragraph.

84. Defendants deny the allegations in paragraph 84.

85. Defendants deny the allegations in paragraph 85.

86. Defendants deny the allegations in paragraph 86.

## FOURTH CLAIM FOR RELIEF

### Common Law Trademark Infringement

87. Defendants repeat and incorporate the admissions and denials of paragraphs 1 through 86 above as if fully set forth herein.

88. The allegations in paragraph 88 assert contentions of law, as to which no response is offered. To the extent any factual allegation is implied, Defendants lack sufficient information to either admit or deny the allegations in paragraph 88 and on that basis deny the allegations in said paragraph.

89. The allegations in paragraph 89 assert contentions of law, as to which no response is offered. To the extent any factual allegation is implied, Defendants lack sufficient information to either admit or deny the allegations in paragraph 89 and on that basis deny the allegations in said paragraph.

90. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in paragraph 90, and on that basis deny the allegations in said paragraph.

91. The allegations in paragraph 91 assert contentions of law, as to which no response is offered. To the extent any factual allegation is implied, Defendants deny the allegations in said paragraph.

92. Defendants deny the allegations in paragraph 92.

93. Defendants deny the allegations in paragraph 93.

# FIFTH CLAIM FOR RELIEF

**Unlawful, Unfair, or Fraudulent Business Practices [Cal. Bus. & Prof. C. § 17200]**

94. Defendants repeat and incorporate the admissions and denials of paragraphs 1 through 93 above as if fully set forth herein.

95. The allegations in paragraph 95 assert contentions of law, as to which no response is offered. To the extent any factual allegation is implied, Defendants lack sufficient information to either admit or deny the allegations in paragraph 95 and on that basis deny the allegations in said paragraph.

96. The allegations in paragraph 96 assert contentions of law, as to which no response is offered. To the extent any factual allegation is implied, Defendants lack sufficient information to either admit or deny the allegations in paragraph 96 and on that basis deny the allegations in said paragraph.

97. The allegations in paragraph 97 assert contentions of law, as to which no response is offered. To the extent any factual allegation is implied, Defendants deny the allegations in said paragraph.

98. The allegations in paragraph 98 assert contentions of law, as to which no response is offered. To the extent any factual allegation is implied, Defendants deny the allegations in said paragraph.

99. Defendants deny the allegations in paragraph 99.

100. Defendants deny the allegations in paragraph 100.

# SIXTH CLAIM FOR RELIEF

**Copyright Infringement, Vicarious Copyright Infringement, and Contributory Copyright Infringement [17 U.S.C. §501 et seq.]**

101. Defendants repeat and incorporate the admissions and denials of paragraphs 1 through 100 above as if fully set forth herein.

102. The allegations in paragraph 102 assert contentions of law, as to which no response is offered. To the extent any factual allegation is implied, Defendants deny the allegations in said paragraph.

103. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in paragraph 103, and on that basis deny the allegations in said paragraph.

104. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in paragraph 104, and on that basis deny the allegations in said paragraph.

105. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in paragraph 105, and on that basis deny the allegations in said paragraph.

106. Defendants deny the allegations in paragraph 106.

107. Defendants deny the allegations in paragraph 107.

108. Defendants deny the allegations in paragraph 108.

109. Defendants deny the allegations in paragraph 109.

110. Defendants deny the allegations in paragraph 110.

111. Defendants deny the allegations in paragraph 111.

112. Defendants deny the allegations in paragraph 112.

113. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in paragraph 113, and on that basis deny the allegations in said paragraph.

114. Defendants deny the allegations in paragraph 114.

## SEVENTH CLAIM FOR RELIEF

### Infringement of an Unregistered Trademark [15 U.S.C. §1125(a)]

115. Defendants repeat and incorporate the admissions and denials of paragraphs 1 through 114 above as if fully set forth herein.

116. The allegations in paragraph 116 assert contentions of law, as to which no response is offered. To the extent any factual allegation is implied, Defendants deny the allegations in said paragraph.

117. The allegations in paragraph 116 assert contentions of law, as to which no

12
ANSWER TO FIRST AMENDED COMPLAINT

response is offered. To the extent any factual allegation is implied, Defendants deny the allegations in said paragraph.

118. Defendants deny the allegations in paragraph 118.

119. Defendants deny the allegations in paragraph 119.

120. Defendants deny the allegations in paragraph 120.

121. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in paragraph 121, and on that basis deny the allegations in said paragraph.

122. Defendants deny the allegations in paragraph 122.

123. Defendants deny the allegations in paragraph 123.

124. Defendants deny the allegations in paragraph 124.

125. Defendants deny the allegations in paragraph 125.

## AFFIRMATIVE DEFENSES

126. By alleging the Affirmative Defenses to the FAC set forth below, Defendants do not agree or concede that they bear the burden of proof or the burden of persuasion on any of these issues, whether in whole or in part. For its Affirmative Defenses, Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

127. The FAC, and each and every claim alleged therein, fails to state a claim upon which relief can be granted against Defendants.

### SECOND AFFIRMATIVE DEFENSE
### (Laches)

128. The FAC, and each and every claim alleged therein, is barred, in whole or in part, by the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE
### (Waiver, Acquiescence, and Estoppel)

129. The FAC, and each and every claim alleged therein, is barred, in whole or in

part, by the doctrines of waiver, acquiescence, and estoppel.

## FOURTH AFFIRMATIVE DEFENSE

### (Invalid Trademark)

130. Plaintiff has no valid, protectable marks in which it enjoys any rights that may be asserted against Defendants.

## FIFTH AFFIRMATIVE DEFENSE

### (Lack of Secondary Meaning and/or Distinctiveness)

131. The FAC, and each and every claim alleged therein, is barred, in whole or in part, on the basis that the marks and alleged trademark at issue lack distinctiveness, including, without limitation, secondary meaning.

## SIXTH AFFIRMATIVE DEFENSE

### (Generic Terms)

132. The FAC, and each and every claim alleged therein, is barred, in whole or in part, on the basis that the marks and alleged trademark at issue is generic.

## SEVENTH AFFIRMATIVE DEFENSE

### (Abandonment)

133. The FAC, and each and every claim alleged therein, is barred, in whole or in part, by abandonment of the marks and alleged trademark at issue.

## EIGHTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

134. Plaintiff is not entitled to any injunctive relief against Defendants because Plaintiff, to the extent it is deemed to be entitled to any relief, has adequate remedies at law.

## NINTH AFFIRMATIVE DEFENSE

### (Consent)

135. The FAC, and each and every claim alleged therein, is barred, in whole or in part, because Plaintiff was fully advised of Defendants' alleged acts and omissions, and Plaintiff consented to the alleged acts and omissions.

## TENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

136. The FAC, and each and every claim alleged therein, is barred, in whole or in part, because of Plaintiff's failure to mitigate damages, if any.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Acts of Plaintiff)

137. On information and belief, the damages, if any, that Plaintiff allegedly sustained as a result of the acts complained of in the FAC were caused in whole or in part or were contributed to by reason of the acts, omissions, negligence, and/or intentional misconduct of Plaintiff, its agents, predecessors, and/or related entities.

## TWELFTH AFFIRMATIVE DEFENSE
### (No Willful Infringement)

138. Plaintiff's claims for enhanced damages and an award of fees and costs against Defendants have no basis in fact or law and should be denied.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (No Causation)

139. The FAC, and each and every claim alleged therein, is barred, in whole or in part, because Plaintiff's damages, if any, were not caused by Defendants.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (No Damage)

140. Without admitting that the FAC states a claim, there has been no damage to Plaintiff in any amount, manner, or at all, by reason of any act alleged against Defendants, and the relief prayed for in the FAC therefore cannot be granted.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Duplicative Claims)

141. Without admitting that the FAC states a claim, any remedies are limited to the extent that there is sought an overlapping or duplicative recovery pursuant to the various claims against Defendants for any alleged single wrong.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (No Punitive Damages)

142. Defendants alleges that no punitive or exemplary damages should be awarded based on the claims made in the FAC under the law of the United States and California because (i) an award of punitive or exemplary damages would be unconstitutional under the United States and California Constitutions; specifically, the First Amendment to the United States Constitution and Article I, Section 2 of the California Constitution; (ii) any recovery of punitive or exemplary damages arising out of the claims made in the FAC would constitute the imposition of a criminal fine or penalty without the substantive or procedural safeguards guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and by Article I, Section 7 of the California Constitution; (iii) the imposition of any punitive or exemplary damages in this lawsuit would constitute an excessive fine or penalty under Article I, Section 17 of the California Constitution; (iv) any such award is precluded or limited pursuant to Section 3294 of the California Civil Code or the United States Constitution and the due process clause; and (v) punitive damages would violate the United States and California Constitutions and common law because such an award is based from procedures that are vague, open-ended, unbound in discretion, arbitrary and without sufficient constraints or protection against arbitrary and excessive awards.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

143. The FAC, and each and every claim alleged therein, is barred, in whole or in part, by the applicable statute of limitations, including Cal. Code Civ. Proc. § 3438, subd. (d) for Plaintiff's claims under 15 U.S.C. §1125, subd. (a) and Cal. Bus. & Prof. Code § 17028 for Plaintiff's claims under Cal. Bus. & Prof. Code § 17200.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Third Party Use)

144. The FAC, and each and every claim alleged therein, is barred, in whole or in

part, by reason of other parties' use of any trademarks at issue.

### NINETEENTH AFFIRMATIVE DEFENSE
### (Fair Use)

145. The FAC, and each and every claim alleged therein, is barred, in whole or in part, because Defendants' alleged acts constitute fair use, either nominative, statutory, or at common law.

### TWENTIETH AFFIRMATIVE DEFENSE
### (Unclean Hands)

146. The FAC, and each and every claim alleged therein, is barred, in whole or in part, by the doctrines of waiver, acquiescence, and estoppel.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Lack of Standing)

147. Plaintiff lacks standing to assert the claims alleged in the FAC.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Indemnification and Contribution)

148. Defendants are entitled to indemnification and/or contribution from any and all persons, whether or not parties to this action, whose negligence or fault proximately caused or contributed to Plaintiff's damages, if any.

### ADDITIONAL DEFENSES

149. Defendants reserve the right to assert additional defenses based on information learned or obtained during discovery and/or in the course of further investigation or preparation for trial.

### PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment as follows:

1. That the Court dismiss with prejudice any and all claims of Plaintiff's FAC, order that Plaintiff take nothing as a result of the FAC and that Plaintiff's prayers for relief, costs, and attorney's fees are denied;

2. For costs of suit;

3. For attorneys' fees; and

4. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Defendants hereby demand a jury trial on all claims triable by jury in this action.

Dated:  August 27, 2014                    HEATH & STEINBECK, LLP


By: */s/ Steven A. Heath*
    Steven A. Heath
    Attorneys for Defendants IMAGE RENT A CAR, INC.; VAN RENTAL CO., INC.; GAD SEBAG; and SHNEIOR ZILBERMAN

# CERTIFICATE OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is Heath & Steinbeck, LLP, 2500 Broadway, Suite F-125, Santa Monica, California 90404.

On August 27, 2014, I served the **ANSWER TO FIRST AMENDED COMPLAINT; JURY TRIAL DEMAND** on the interested parties in this action:

☒ **(BY E-MAIL OR ELECTRONIC TRANSMISSION)**

The document was served on the following via The United States District Court – Northern District's CM/ECF electronic transfer system which generates a Notice of Electronic Filing upon the parties, the assigned judge, and any registered user in the case:

Karl S. Kronenberger, Esq.
Jeffrey M. Rosenfeld, Esq.
Kronenberger Rosenfeld, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
karl@krinternetlaw.com
jeff@krinternetlaw.com
*Attorneys for Plaintiff Digby Adler Group, LLC*

☒ **(FEDERAL)** I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 27, 2014, here, at Santa Monica, California.

                                               */s/ Steven A. Heath*