**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (CA Bar No. 226112)
Jeffrey M. Rosenfeld (CA Bar No. 222187)
Conor H. Kennedy (CA Bar No. 281793)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@KRInternetLaw.com
jeff@KRInternetLaw.com
conor@KRInternetLaw.com

Attorneys for Plaintiff Digby Adler Group LLC *dba* Bandago

**HEATH & STEINBECK, LLP**
Steven A. Heath (CA Bar No. 250867)
2500 Broadway, Suite F-125
Santa Monica, CA 90404
Telephone: (424) 238-4532
Facsimile: (323) 210-3242
saheath@heathsteinbeck.com

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **DIGBY ADLER GROUP LLC** *dba* **BANDAGO**,<br><br>        Plaintiff,<br><br>    v.<br><br>**IMAGE RENT A CAR, INC.**, *et al.*<br><br>        Defendants. | Case No. 3:10-cv-00617-SC<br><br>**SUBSEQUENT JOINT CASE MANAGEMENT STATEMENT**<br><br>**[PURSUANT TO FED. R. CIV. P. 26(f) AND CIVIL LOCAL RULE 16-9]**<br><br>DATE:  September 19, 2014<br>TIME:  10:00 AM<br>CTRM:  1, 17th Floor<br><br>Before the Honorable Samuel Conti |

Case No. 3:10-cv-00617-SC          **SUBSEQUENT JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**

The parties to the above-entitled action jointly submit this Subsequent Joint Case Management Statement pursuant to the Standing Order for All Judges of the Northern District of California dated August 25, 2014 and Civil Local Rules 16-9 and 16-10(d).

The Court previously entered a Status Conference Order on December 3, 2010. [D.E. No. 63.] Thereafter, on April 13, 2011, the Court stayed this action in its entirety after Defendants Image Rent A Car, Inc. and Van Rental Co., Inc. (collectively, the "Corporate Defendants") filed petitions for bankruptcy protection in the United States Bankruptcy Court for the Eastern District of New York. [D.E. No. 90.] On June 16, 2014, the Court lifted the bankruptcy stay. [D.E. No. 97.]

1. **JURISDICTION & SERVICE**

This Court has subject matter jurisdiction over the federal claims in this action under 28 U.S.C. §§1331 and 1338. This Court has supplemental jurisdiction over the state claims in this action under 28 U.S.C. §1367 because they are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

The Corporate Defendants previously moved to dismiss this action for lack of personal jurisdiction. [D.E. No. 8.] The Court denied the motion. [D.E. No. 14.] The Corporate Defendants reserve the right to seek relief from that decision on appeal.

All Defendants have now answered the First Amended Complaint ("FAC"). No Defendant had challenged the adequacy of service as an affirmative defense or otherwise. Moreover, neither Defendant Gad Sebag or Schneior Zilberman (collectively, the "Individual Defendants") has challenged the Court's personal jurisdiction over him. No party remains to be served.

2. **FACTS**

**Plaintiff's Statement:**

Plaintiff, founded in 2002, rents cars and vans, including 15-passenger vans and

Dodge "Sprinter" vans for tours, groups, and extended travel and long-term use. Plaintiff has been doing business under the fictitious name and service mark "Bandago" (the "Mark") since 2003. On or about August 7, 2003, Plaintiff registered the domain name <www.bandago.com> for use in connection with its car and van rental business. Plaintiff has invested significant resources into building its brand name and reputation under the Mark through advertising and marketing, including building and maintaining the website located at <www.bandago.com>.

Defendants are in substantially the same business as Plaintiff, renting cars and vans, including 15-passenger vans and Dodge "Sprinter" vans. Notably, Plaintiff and Defendants are some of the only companies to rent Dodge "Sprinter" vans in the country. On or about August 28, 2008, Defendants registered the domain name <www.bandago.net>. Defendants then created a website located at <www.bandago.net>, which automatically redirected visitors to defendant Image Rent A Car, Inc.'s website, located at <www.imagerentacar.com>. Defendants also copied website content from Plaintiff's website and displayed it on the Image Rent A Car website

Defendants do not have any trademark or intellectual property rights in the Mark. Defendants registered the domain name <www.bandago.net> with the intent to divert Plaintiff's actual and potential customers to Defendants' website with the intent that those redirected customers use Defendants' services instead of Plaintiff's. Defendants' misconduct caused actual confusion among members of the public between Defendants' and Plaintiff's websites and services.

**Defendants' Statement:**

Defendants' over-arching position is that this lawsuit is predicated on alleged trademark and copyright infringement in which Plaintiff did not suffer any demonstrable damages whatsoever. During the relevant timeframe set forth in the FAC, Defendant Van Rental Co., Inc. ("Van") registered and owned the website <www.bandago.net>. At that time, Plaintiff's business operations were focused predominantly in California and Van and Defendant Image Rent A Car's operation were focused largely in the New York area.

The website has not been used for commercial purposes since this action was filed in February 2010. Defendants dispute that Van's registration of the website caused any marketplace confusion: Defendants believe (i) the website received less than 25 visitors; (ii) Van did not make a single sale from a customer of Plaintiff via the website; and (iii) Plaintiff cannot introduce any credible evidence of marketplace confusion, lost revenues, or damages arising from Defendants' alleged conduct.

**3. LEGAL ISSUES**

A. Whether Defendants engaged in cybersquatting in violation of 15 U.S.C. §1125(d), by registering and using domain names containing the trademark "Bandago."

B. Whether Defendants engaged in unfair competition in violation of 15 U.S.C. §1125(a)(1)(A) by registering and using domain names containing the trademark "Bandago."

C. Whether Defendants engaged in false advertising in violation of 15 U.S.C. §1125(a)(1)(B) by registering and using domain names containing the trademark "Bandago."

D. Whether Defendants engaged in common law trademark infringement by registering and using domain names containing the trademark "Bandago."

E. Whether Defendants engaged in unfair competition in violation of California Business and Professions Code section 17200 by registering and using domain names containing the trademark "Bandago."

F. Whether Defendants engaged in copyright infringement by copying website content from Plaintiff's website and displaying that content on Defendants' website.

G. Whether either or both of the Individual Defendants intentionally engaged in the conduct alleged in the FAC.

H. Whether the Corporate Defendants are alter egos of each other or of either or

both of the Individual Defendants.

I. Whether Plaintiff is entitled to compensatory or punitive damages, disgorgement of wrongful profits, and/or restitution for the claims alleged in the FAC.

J. Whether any or all of Plaintiff's claims are barred by the affirmative defenses raised in the Answer of Defendants to First Amended Complaint.

## 4. MOTIONS

On July 20, 2010, this Court denied the Corporate Defendant's Motion to Dismiss for Lack of Personal Jurisdiction or Transfer Venue to the Eastern District of New York. [D.E. No. 37.]

Plaintiff previously filed a motion to compel discovery responses. [D.E. No. 78.] That discovery motion was pending at the time the bankruptcy stay was entered, and thus was taken off calendar. [D.E. No. 88.] The parties intend to confer about the issues raised in that motion, and Plaintiff will only re-notice it if the dispute cannot be resolved through the meet-and-confer process.

The parties anticipate filing motions for summary judgment or summary adjudication. Additionally, the parties will file discovery notions as needed, and only after satisfying the requirements set forth in the Federal Rules of Civil Procedure and the Local Civil Rules.

## 5. AMENDMENT OF PLEADINGS

Plaintiff does not anticipate amending its operative FAC. However, Plaintiff's investigation of the relevant facts is ongoing, and Plaintiff reserves the right to amend the FAC as permitted under the Federal Rules of Civil Procedure.

Defendants do not currently anticipate amending their answer to the FAC. However, Defendants' investigation of the relevant facts is ongoing, and Defendants reserve the right to amend their answer as permitted under the Federal Rules of Civil

Procedure.

The parties propose that amendments to pleadings be made by October 31, 2014.

## 6. EVIDENCE PRESERVATION

The parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and have confirmed that they will take reasonable and proportionate steps to preserve potentially relevant evidence.

## 7. DISCLOSURES

Plaintiff served its initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) on December 15, 2010.

Defendants have not yet served their initial disclosures. The parties have agreed for Defendants to serve their initial disclosures by September 26, 2014. The parties do not believe that any changes should be made to the form or requirements for disclosures under Rule 26(a).

## 8. DISCOVERY

### a. Discovery Taken To Date

Prior to the bankruptcy stay, Plaintiff served the Corporate Defendants with interrogatories, requests for admission, and requests for production, and the Corporate Defendants responded to those requests. Additionally, prior to the bankruptcy stay, Plaintiff served document subpoenas on Google and Network Solutions and received responses to those subpoenas.

Defendants have not yet taken any discovery.

### b. Scope of Anticipated Discovery

**Plaintiff's Statement:**

Plaintiff intends to pursue discovery on the following topics through additional written discovery and party and third-party depositions.

- Defendants' corporate structures and their relationship with each other;
- Defendants' products and services;
- Defendants' Internet and website presence and use;
- Defendants' purported acquisition of rights in the BANDAGO mark;
- Defendants' use of the BANDAGO mark, particularly in Internet publications;
- Defendants' purported development and maintenance of rights in the BANDAGO mark;
- Incidents of confusion resulting from Defendants' use of the BANDAGO mark;
- The creation and content of Defendants' websites, including the persons responsible for the Corporate Defendants' online activities;
- Defendants' revenues and profits resulting from their use of the BANDAGO mark.

**Defendants' Statement:**

Defendants may conduct discovery on the allegations set forth in the FAC, including, without limitation, (i) Plaintiff's internet presence and website; (ii) Plaintiff's alleged use of the claimed mark; (iii) evidence of confusion, if any; and (iv) Plaintiff's alleged damages, if any. With respect to Plaintiff's intent to conduct certain discovery referenced above, Defendants note that Plaintiff participated in briefing and discovery in the bankruptcy proceedings relating to Image and Van in New York. Accordingly, while Defendants will meet and confer with Plaintiff with respect to discovery issues, Defendants believe that any discovery in this action should not be duplicative of the discovery already completed through such bankruptcy proceedings.

    **c.** **<u>Any Proposed Limitations on Discovery</u>**

1  The parties intend to follow the limitations set forth in the Federal Rules of Civil
2  Procedure and the Local Civil Rules.

### d. Electronically Stored Information

The parties anticipate that electronically stored information ("ESI") may comprise a significant portion of the discovery at issue in this action. The parties agree to produce ESI in formats reasonably useable to the receiving party, without the need to create databases and data fields that do not already exist. The parties agree to produce ESI as single-page TIFF images with associated information including metadata in a Concordance load file <u>or</u> text searchable PDF files. The parties further agree that ESI not reasonably useable as single-page TIFF images or PDF files, such as audiovisual data, large spreadsheets, or database information, shall be produced in native format. Upon reasonable request in writing, the parties shall produce in native format ESI previously produced as single-page TIFF or PDF images with metadata.

The parties do not foresee any significant modifications or other adjustments that will need to be made to discovery rules or ordinary discovery procedures.

### e. Proposed Discovery Plan Under Fed. R. Civ. P. 26(f)

The parties propose the discovery schedule set forth in Section 17 below. The parties do not believe that discovery should be conducted in phases or be limited to or focused on particular issues.

The parties anticipate the discovery of certain confidential information. Thus, the parties anticipate negotiating and submitting to the Court a stipulated protective order to safeguard that confidential information.

### f. Any Identified Discovery Disputes

Plaintiff found the Corporate Defendants' responses to Plaintiff's initial discovery requests to be deficient, and on February 15, 2011, Plaintiff filed a motion to compel.

[D.E. No. 78.] This motion to compel was pending at the time the bankruptcy stay was entered, and the hearing on the motion was taken off of the Court's calendar. [D.E. No. 88.] The parties intend to confer about the issues raised in this motion and seek to resolve those issues through the meet-and-confer process. If the parties are unable to resolve these discovery issues informally, Plaintiff will re-notice its motion to compel.

**9.     CLASS ACTIONS**

This case is not a class action.

**10.    RELATED CASES**

The parties are not aware of any related case or proceeding.

**11.    RELIEF**

**Plaintiff's Statement:**

Plaintiff seeks the following relief:

A. Injunctive relief against Defendants, requiring Defendants to transfer the domain name <www.bandango.net> to Plaintiff;

B. The greater of Plaintiff's damages (composed of Plaintiff's actual damages and Defendants' profits) in an amount to be determined according to proof pursuant to, or Plaintiff's statutory damages of $100,000 pursuant to, 15 U.S.C. §1117(a), (d);

C. Plaintiff's damages (composed of Plaintiff's actual damages and Defendants' profits) in an amount to be determined according to proof pursuant to 15 U.S.C. §1117(a) for Defendant's willful infringement of Plaintiff's unregistered trademark. Plaintiff asks that these damages be tripled under 15 U.S.C. §1117(a);

D. Plaintiff's damages (composed of Plaintiff's actual damages and Defendants' profits) in an amount to be determined according to proof

pursuant to 17 U.S.C. §504 for Defendant's willful infringement of Plaintiff's copyright;

E. Plaintiff's compensatory damages under California common law;

F. Restitution for Plaintiff's harm arising from Defendants' violation of California Business and Professions Code section 17200;

G. Plaintiff's costs;

H. Plaintiff's attorneys' fees under 15 U.S.C. §1117(a);

I. Such other damages as the Court shall deem appropriate;

J. Interest, including prejudgment interest, on the foregoing sums.

**Defendants' Statement:**

Defendants request the Court to award the following relief to Defendants and against Plaintiff:

A. Dismissal of the within action.

B. Defendants' costs.

C. Defendants' attorneys' fees under 15 U.S.C. §1117(a).

D. Interest, including prejudgment interest, on the foregoing sums; and

E. Such other and further relief as the Court may deem just and appropriate.

**12. SETTLEMENT AND ADR**

The parties certify that they have reviewed the Court's ADR materials. Plaintiff is willing to participate in mediation before a mediator appointed from the Court's panel. Plaintiff believes that the case is ready for mediation at this time.

Defendants' position is that attempts at further resolution are unlikely to be productive. Defendants have made their settlement position clear to Plaintiff in this proceeding and in the bankruptcy proceeding in New York. In light of the parties' prior negotiations, Defendants do not believe that a panel mediation will be likely to yield a settlement. Nonetheless, Defendants will of course comply with any orders the Court enters with respect to this issue.



**13.  CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.  ____ YES   __X__ NO

**14.  OTHER REFERENCES**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.  NARROWING OF ISSUES**

At this time, the parties do not believe that issues can be narrowed.

**16.  EXPEDITED TRIAL PROCEDURE**

The parties do not believe that this is the type of action that can be handled on an expedited basis with streamlined procedures.

**17.  SCHEDULING**

The Parties propose the following schedule:

| | |
|---|---|
| Deadline to Amend Pleadings | 10/31/2014 |
| Non-Expert Discovery Cutoff | 03/14/2015 |
| Designation of Experts | 03/28/2015 |
| Designation of Rebuttal Experts | 04/18/2015 |
| Expert Discovery Cutoff | 05/13/2015 |
| Last Day to Hear Dispositive Motions | 06/19/2015 |
| Pretrial Conference | 09/07/2015 |
| Trial | 09/28/2015 |

1 **18. TRIAL**

2 Each of the parties has requested to try this case to a jury. The parties expect the
3 trial will last for 5-7 days.

4

5 **19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

6 **Plaintiff's Statement:**

7 Plaintiff has filed a Certificate of Interested Parties and certifies that other than the
8 named parties, there is no such interest to report. Defendants have yet to file their
9 Certification of Interested Entities or Persons.

10 **Defendants' Statement:**

11 Defendants have yet to file their Certification of Interested Entities or Persons.
12 Defendants' reserve their right to file Certification of Interested Entities or Persons
13 pending the outcome of further discovery.

14

15 **20. PROFESSIONAL CONDUCT**

16 Counsel for Plaintiff and Defendants have reviewed and agree to comply with this
17 Court's Guidelines for Professional Conduct, located online at the following address:
18 <http://www.cand.uscourts.gov/professional_conduct>.

19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28



**21. OTHER**

The parties do not presently know of any other matters to be addressed that may facilitate the just, speedy and inexpensive disposition of this matter.

Dated: September 12, 2014          **KRONENBERGER ROSENFELD, LLP**

                                                  ___s/ Jeffrey M. Rosenfeld_____
                                                       Jeffrey M. Rosenfeld

Attorneys for Plaintiff

Dated: September 12, 2014          **HEATH & STEINBECK, LLP**

                                                  ___s/ Steven A. Heath_____
                                                         Steven A. Heath

Attorneys for Defendants

## ATTESTATION OF CONCURRENCE IN FILING

Pursuant to Local Rule 5-1(i)(3), the filer hereby attests that concurrence in the filing of this document has been obtained from each of the other signatories, which shall serve in lieu of their signatures on the document.

Respectfully Submitted,

DATED: September 12, 2014          **KRONENBERGER ROSENFELD, LLP**

                                                  By: ___s/ Jeffrey M. Rosenfeld_____
                                                         Jeffrey M. Rosenfeld

Attorneys for Plaintiff




**CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

**IT IS SO ORDERED.**

Dated: _____

UNITED STATES DISTRICT JUDGE