HEATH & STEINBECK, LLP
STEVEN A. HEATH (SBN 250867)
2500 Broadway, Suite F-125
Santa Monica, California 90404
Telephone: (424) 238-4532
Facsimile:  (323) 210-3242
saheath@heathsteinbeck.com

Attorneys for Defendants IMAGE RENT A CAR, INC.; VAN RENTAL CO., INC.; GAD SEBAG; and SHNEIOR ZILBERMAN

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIGBY ADLER GROUP, LLC d/b/a BANDAGO, a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>IMAGE RENT A CAR, INC., a New York corporation; VAN RENTAL CO, INC., a New York corporation; GAD SEBAG, an individual; and SHNEIOR ZILBERMAN, an individual,<br><br>Defendants. | Case No.:  3:10-cv-00617-SC<br><br>**DEFENDANT GAD SEBAG'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>Date:    January 9, 2015<br>Time:   10:00 a.m.<br>Ctrm.:   1 [17th Floor] |

**DEFENDANT GAD SEBAG'S REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant Gad Sebag ("Sebag") respectfully submits the following Memorandum of Points and Authorities in Support of his Reply Brief in connection with his Motion for Summary Judgment ("Motion") on Plaintiff Digby Adler Group, LLC dba Bandago's ("Plaintiff's")'s First Amended Complaint ("FAC").

**I.**

**SEBAG DID NOT AUTHORIZE OR PARTICIPATE IN ANY INFRINGEMENT**

As set forth in Sebag's Motion, and as demonstrated below, the Court should determine that there exists no basis to find Sebag personally authorized or directed Van or Image's infringing conduct. In this regard, Plaintiff's theory is entirely flawed.

**A.  Sebag's Motion Demonstrates That The Court Should Grant Summary Judgment In His Favor And Dismiss Him From This Lawsuit**

In his Motion, Sebag demonstrates the correct standard for imposition of direct liability on a corporate officer or director with respect to trademark and copyright infringement. Motion at 6:1-26. In sum, applicable authority permits a court to impose liability only if the individual "authorized" or "directed" the corporation's conduct. *Transgo, Inc. v. Ajac Transmission Parts Corp.*, 768 F.2d 1001, 1021 (9th Cir. 1985). Plaintiff's Opposition recognizes the same. Opp. at 11:27-12:6.

The Motion further demonstrates that, based on the evidence, the Court should grant summary judgment in Sebag's favor on this issue. The facts confirm that Zilberman, rather than Sebag, was responsible for the conduct underlying the FAC. Specifically, Zilberman controlled and operated Image and Van, was solely responsible for their marketing, and was solely responsible for Image's website. Motion at 7:1-8. Conversely, Sebag's involvement with both companies was minimal at best. In fact, Sebag's involvement arose solely because Zilberman's last venture in the car rental business was unsuccessful and, as a result, Zilberman lacked the credit necessary to form a new company. *Id.* at 2:22-3:10; 7:9-10. Even then, Sebag's assistance was limited to two means: (i) agreeing to form Image and Van in his name so that Zilberman could use Sebag's higher credit rating and generally trade

1

**DEFENDANT GAD SEBAG'S REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

based off his financial standing and (ii) drawing on personal lines of credit to provide Zilberman with funds to launch a new rental business.  *Id.* at 3:11-4:22; 7:10-16.

With regard to the matters leading to this lawsuit, both Zilberman's and Sebag's declarations establish that Zilberman alone was responsible for registering www.bandago.net, the companies' marketing campaigns, Image's website, and each company's Google AdWords account.  *Id.* at 3:11-4:22; 7:16-19.  Based on these facts, there is no basis to impose direct liability on Sebag because he did not authorize, or direct, the underlying conduct set forth in the FAC.

### B. <u>Plaintiff's Opposition Fails To Counter Sebag's Showing And The Court And Should Grant Sebag Summary Judgment</u>

Plaintiff's Opposition utterly fails to submit this showing.  Rather than offer genuine issues of material facts, Plaintiff merely sets forth myopic arguments that, as demonstrated below, the evidence swiftly resolves in Sebag's favor.

<u>First</u>, Plaintiff points to the fact that Sebag formed Image and Van, served as each company's CEO, and "was the only person who could have acted on Van's behalf" in registering www.bandago.net.  Opp. at 12:10-17.  These claims are either immaterial or lack evidentiary support.  As noted above, Sebag does not dispute that he was involved in Image or Van's formation, or that he held the title of CEO in order to assist his brother-in-law in establishing a new venture.  Furthermore, the entire basis for Sebag and Zilberman's agreement was that Zilberman would run each company, such that it is nonsensical to claim that "only" Sebag could physically handle Van's affairs.  Opp. at 12:14-17.  The evidence is firmly to the contrary – Zilberman was solely responsible for each company, and Sebag's role was limited to providing financial assistance to Zilberman so he could in fact operate the companies.  Motion at 2:22-4:22.

<u>Second</u>, Plaintiff claims that Sebag created a Network Solutions account to register www.bandago.net, and also created Image and Van's Google Adwords accounts.  Opp. at 12:18-24.  This claim is untrue. Zilberman's and Sebag's unrefuted declarations establish that Sebag was simply not responsible for such matters and, furthermore, Sebag had no

2
**DEFENDANT GAD SEBAG'S REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

knowledge of the marketing activities Zilberman undertook in the corporations' names. Motion at 4:24-5:6. Plaintiff's Opposition simply assumes that Sebag 'must have' created the accounts because he was listed in public records as the companies' CEO. However, as noted above, that assumption lacks evidentiary support.

Third, Plaintiff offers inadmissible evidence, including a hearsay-laden and highly suspicious 'email' from Chanie Vilenkin supplied by Image's former business rival, David Baksht. Opp. at 9:22-10:16. As set forth in further detail in Sebag's Objections (Section III) below, the authenticity of this document is far from established. Regardless, it is inadmissible to show Sebag's liability. Most troubling of all, it very likely constitutes a fabrication that Mr. Baksht penned, and provided to Plaintiff, in order to serve his own agenda.[1] Significantly, the email, which purports to place Sebag at the heart of Image's operations, differs in material respects to Ms. Vilenkin's testimony in Image's bankruptcy proceeding. Heath Decl. at ¶ 3, Ex. 1 at p. 18:19-21 ["Q: Was Gad Sebag involved in the day-to-day operations of Image Rent A Car? A: No."]. Dubious and inadmissible material such as this offers no credible basis on which to deny Sebag's Motion.

Fourth, Plaintiff claims that Sebag's supporting declaration is self-serving and uncorroborated. Opp. at 13:18-14:11. It is neither. Despite setting forth a litany of accusations regarding his credibility, Plaintiff deliberately overlooks the fact that its own evidence supports Sebag's as to his lack of involvement in the infringing conduct. As long ago as December 2010, Defendants disclosed in discovery witnesses possessing information regarding Plaintiff's claims of infringement. Prior Rosenfeld Decl., Ex. 11 at p. 1. Sebag's name was (properly) <u>not</u> among them. *Id.* This disclosure is entirely consistent with the position underlying Sebag's Motion. Similarly, Zilberman's concurrently-filed declaration

---

[1] Plaintiff also persists in making the unsubstantiated claim that Defendants committed "fraud" in Image and Van's bankruptcy proceeding. Opp. at 8:8-10:16. As set forth at length in Defendants' Opposition to Plaintiff's own pending motion for summary judgment, this allegation is bereft of evidentiary support. Certainly, and despite Plaintiff's repeated urgings, the Bankruptcy Court did not (and has not) entered any findings of misconduct by any company or individual involved in the bankruptcy. Once again, Plaintiff's inflammatory rhetoric is no substitute for demonstrable facts.

3
**DEFENDANT GAD SEBAG'S REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

fully corroborates Sebag's own. The two declarations explain why Sebag, an individual employed full-time as a religious scribe, had no knowledge of the 'ins and outs' of the car rental business, much less the specific activities undertaken by the family member (Zilberman) who operated each company as his own. Plaintiff may feign incredulity in the face of those truths, but the facts make clear that Sebag merely lent money and his name to Image and Van. Beyond a good faith attempt to assist his brother-in-law and sister, he had no active role in either company. It would constitute a harsh result indeed to deny Sebag's Motion based on this showing.

In light of the above, the evidence demonstrates beyond cavil that Sebag was <u>not</u> a "moving force," "principal architect," or "dominant influence" behind Van or Image's infringement of Plaintiff's rights. *Polo Fashions, Inc. v. Branded Apparel Merchandising, Inc.*, 592 F. Supp. 648, 653 (D. Mass. 1984); *Brittingham v. Jenkins*, 914 F.2d 447, 458 (4th Cir. 1990); *Sailor Music v. Mai Kai of Concord, Inc.*, 640 F.Supp.629, 633 (D.N.H. 1986). Accordingly, Sebag respectfully submits that the Court can and should grant his Motion with respect to Plaintiff's attempt to impose personal liability on him.

## II.

### NEITHER IMAGE NOR VAN IS SEBAG'S ALTER EGO

In his Motion, Sebag demonstrates that no alter ego relationship exists between him and Image or Van, and thus he should be dismissed from this lawsuit in its entirety. As set forth in the Motion and summarized herein, in order to pierce the corporate veil a party must show (i) unity of interest and ownership between the individual and the corporation and (ii) an inequitable result if the acts at issue are treated as those of the corporation alone. Motion at 8:2-12, citing *Mesler v. Bragg Management Co.*, 39. Cal.3d 290, 300 (Cal. 1985). If a party makes that showing, then "the persons actually controlling the corporation" may be personally liable for corporate acts. *Id.*, citing *Toho-Towa Co., Ltd. v. Morgan Creek Productions, Inc.*, 217 Cal.App.4th 1096, 1106-07 (Cal. App. 2 Dist. 2013).

Applying those principles, the Motion demonstrates that Sebag did not control either entity and thus he cannot be deemed their "equitable owner" for purposes of the doctrine.

1  Motion at 9:10-27.  Furthermore, with regard to the second prong, equitable considerations
2  clearly show that a gross injustice would result if Sebag is deemed the corporations' alter
3  ego.  Under no circumstances should Sebag be deemed liable for conduct beyond his control
4  or knowledge, particularly where, as here, his involvement was limited to providing
5  financial assistance to his family.  *Id.* at 9:28-10:7.

6  Plaintiff's Opposition fails to address Sebag's showing in two material respects.  First,
7  Plaintiff merely offers a formulaic assessment of the various factors that a court may
8  consider, on a case-by-case basis, in determining whether to pierce the corporate veil.  Opp.
9  at 15:8-17:13.  However, Plaintiff utterly ignores the critical fact that Sebag played no role,
10  directly or indirectly, in either Image's or Van's management or operations.  Prior to
11  Plaintiff filing its original Complaint, he certainly had no involvement or knowledge of the
12  occurrences leading to this lawsuit.  Motion at 9:9-27.  Accordingly, given his lack of
13  control – a threshold requirement for any alter ego finding (*Toho-Towa Co., Ltd.*, 217
14  Cal.App.4th at p. 1106-07) – the Court can and should grant his Motion and dismiss him
15  from this proceeding.  Plaintiff's Opposition does not demonstrate otherwise.

16  Second, Plaintiff cites inapposite case law in support of the generic proposition that a
17  director owes a duty of loyalty to a corporation.  Opp. at 18:15-19:18, citing *Singhania v.*
18  *Uttarwar*, 136 Cal.App.4th 416, 426 (Cal. App. 6 Dist. 2006) and *Angelica Textile Servs.,*
19  *Inc. v. Park*, 220 Cal.App.4th 495, 509 (Cal. App. 4 Dist. 2013).  Rather than confront the
20  situation at bar, the court's focus in each matter was on a director's duty to a corporation's
21  shareholders.  Those cases have no bearing here.  Similarly, *Minton v. Cavaney*, 56 Cal.2d
22  576, 580 (Cal. 1961) involved the discrete issue of whether an individual could be deemed
23  personally liable on a prior judgment obtained against a corporation when the individual
24  neither participated in nor controlled the prior litigation.  Ironically, the Supreme Court
25  expressly noted that a prerequisite for an alter ego finding is that, unlike here, the individual
26  must "actively participate in the conduct of corporate affairs."  *Id.*  Here, as noted above,
27  Sebag does not disclaim the fact that he was listed as Image and Van's CEO in order to
28  assist his brother-in-law for the reasons explained at length in the Motion and supporting

5
**DEFENDANT GAD SEBAG'S REPLY BRIEF IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT**

declarations. However, for the purposes of an analysis grounded in equitable principles, his mere status as an officer wielding no control or influence over corporate affairs is insufficient to allow Plaintiff's alter ego theory to stand. *Roman Catholic Archbishop v. Superior Court*, 15 Cal.App.3d 405, 411 (Cal. App. 1st Dist. 1971). The Court should grant Sebag's Motion with respect to Plaintiff's alter ego theory of liability.

## III.

## EVIDENTIARY OBJECTIONS

Sebag objects to Exhibit 38 to the Prior Rosenfeld Declaration (Dkt. No. 123) and Exhibit A to the Rosenfeld Declaration (Dkt. No. 136) referenced in Plaintiff's Opposition to the Motion. The Ninth Circuit requires affidavits offered in support of summary judgment to be based on personal knowledge. *Bliesner v. The Communication Works of* America, 464 F.3d 910, 916 (9th Cir. 2006). Federal Rules of Evidence 902 provides that "[a] witness may testify to a matter only if evidence is introduced sufficient to supporting a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. Similarly, "[a] writing is not authenticated simply by attaching it to an affidavit…The foundation is laid for receiving a document in evidence by the testimony of a witness with personal knowledge of the facts who attests to the identity and due execution of the document and, where appropriate, its delivery." *United States v. Dibble*, 429 F.2d 598, 602 (9th Cir. 1970); s*ee also Canada v. Blain's Helicopters, Inc.*, 831 F.2d 920, 925 (9th Cir. 1987) ("documents which have not had a proper foundation laid to authenticate them cannot support a motion for summary judgment").

With regard to Exhibit 38, no foundation is established to admit it. Mr. Rosenfeld provides insufficient information with respect to his personal knowledge of the email, which appears to be a February 15, 2011 email from David Lipsker a/k/a David Baksht, a non-party, to Chana Vilenkin, a former Image employee. Furthermore, the email's authenticity is disputed. At her deposition in connection with Image's bankruptcy proceedings, Ms. Vilenkin expressed considerable doubt as to whether she had actually written it. Heath Decl., Exh. 1 at 55:15-60:17.

With regard to Exhibit A, and similarly, no foundation is established to admit it.  Mr. Rosenfeld provides no information with respect to his personal knowledge of Exhibit 39, which appears to be a May 9, 2011 email from Ms. Vilenkin to Mr. Baksht.  The email was not introduced during Ms. Vilenkin's deposition  The email also constitutes inadmissible hearsay to the extent Plaintiff offers it in support of its theory of liability as to Sebag

Accordingly, Sebag respectfully requests that the Court sustain his objections to Exhibit 38 to the Prior Rosenfeld Declaration and Exhibit A to the Rosenfeld Declaration.

## IV.

## CONCLUSION

Based on the foregoing, and for the reasons set forth in his Motion, Defendant Gad Sebag respectfully requests that the Court grant his Motion for Summary Judgment in its entirety.

Dated:  December 23, 2014                HEATH & STEINBECK, LLP


By: */s/ Steven A. Heath*
Steven A. Heath
Attorneys for Defendants IMAGE RENT A CAR, INC.; VAN RENTAL CO., INC.; GAD SEBAG; and SHNEIOR ZILBERMAN

# CERTIFICATE OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is Heath & Steinbeck, LLP, 2500 Broadway, Suite F-125, Santa Monica, California 90404.

On December 23, 2014, I served the **DEFENDANT GAD SEBAG'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** on the interested parties in this action:

☒ **(BY E-MAIL OR ELECTRONIC TRANSMISSION)**

The document was served on the following via The United States District Court – Northern District's CM/ECF electronic transfer system which generates a Notice of Electronic Filing upon the parties, the assigned judge, and any registered user in the case:

Karl S. Kronenberger, Esq.
Jeffrey M. Rosenfeld, Esq.
Kronenberger Rosenfeld, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
karl@krinternetlaw.com
jeff@krinternetlaw.com
*Attorneys for Plaintiff Digby Adler Group, LLC*

☒ **(FEDERAL)**  I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 23, 2014, here, at Santa Monica, California.

/s/ Steven A. Heath