**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (CA Bar No. 226112)
Jeffrey M. Rosenfeld (CA Bar No. 222187)
Conor H. Kennedy (CA Bar No. 281793)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@KRInternetLaw.com
jeff@KRInternetLaw.com
conor@KRInternetLaw.com

Attorneys for Plaintiff Digby Adler Group LLC *dba* Bandago

**HEATH & STEINBECK, LLP**
Steven A. Heath (CA Bar No. 250867)
2500 Broadway, Suite F-125
Santa Monica, CA 90404
Telephone: (424) 238-4532
Facsimile: (323) 210-3242
saheath@heathsteinbeck.com

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **DIGBY ADLER GROUP LLC** *dba* **BANDAGO**,<br><br>         Plaintiff,<br><br>    v.<br><br>**IMAGE RENT A CAR, INC.**, *et al.*<br><br>         Defendants. | Case No. 3:10-cv-00617-SC<br><br>**SUBSEQUENT JOINT CASE MANAGEMENT STATEMENT**<br><br>**[PURSUANT TO FED. R. CIV. P. 26(f) AND CIVIL LOCAL RULE 16-9]**<br><br>DATE:    January 9, 2015<br>TIME:    10:00 AM<br>CTRM:   1, 17th Floor<br><br>Before the Honorable Samuel Conti |

Case No. 3:10-cv-00617-SC                      **SUBSEQUENT JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**

The parties to the above-entitled action jointly submit this Subsequent Joint Case Management Statement pursuant to the Standing Order for All Judges of the Northern District of California dated August 25, 2014 and Civil Local Rules 16-9 and 16-10(d).

The Court previously entered a Status Conference Order on December 3, 2010. [D.E. No. 63.] Thereafter, on April 13, 2011, the Court stayed this action in its entirety after Defendants Image Rent A Car, Inc. and Van Rental Co., Inc. (collectively, the "Corporate Defendants") filed petitions for bankruptcy protection in the United States Bankruptcy Court for the Eastern District of New York. [D.E. No. 90.] On June 16, 2014, the Court lifted the bankruptcy stay. [D.E. No. 97.] The Court held a subsequent case management conference on September 19, 2014, and continued the matter to January 9, 2015 for a further case management conference. [D.E. No. 118.]

## 1. JURISDICTION & SERVICE

This Court has subject matter jurisdiction over the federal claims in this action under 28 U.S.C. §§1331 and 1338. This Court has supplemental jurisdiction over the state claims in this action under 28 U.S.C. §1367 because they are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

The Corporate Defendants previously moved to dismiss this action for lack of personal jurisdiction. [D.E. No. 8.] The Court denied the motion. [D.E. No. 14.] The Corporate Defendants reserve the right to seek relief from that decision on appeal.

All Defendants have now answered the First Amended Complaint ("FAC"). No Defendant had challenged the adequacy of service as an affirmative defense or otherwise. Moreover, neither Defendant Gad Sebag or Schneior Zilberman (collectively, the "Individual Defendants") has challenged the Court's personal jurisdiction over him. No party remains to be served.

///

///

## 2. FACTS

**Plaintiff's Statement:**

Plaintiff, founded in 2002, rents cars and vans, including 15-passenger vans and Dodge "Sprinter" vans for tours, groups, and extended travel and long-term use. Plaintiff has been doing business under the fictitious name and service mark "Bandago" (the "Mark") since 2003. On or about August 7, 2003, Plaintiff registered the domain name <www.bandago.com> for use in connection with its car and van rental business. Plaintiff has invested significant resources into building its brand name and reputation under the Mark through advertising and marketing, including building and maintaining the website located at <www.bandago.com>.

Defendants are in substantially the same business as Plaintiff, renting cars and vans, including 15-passenger vans and Dodge "Sprinter" vans. Notably, Plaintiff and Defendants are some of the only companies to rent Dodge "Sprinter" vans in the country. On or about August 28, 2008, Defendants registered the domain name <www.bandago.net>. Defendants then created a website located at <www.bandago.net>, which automatically redirected visitors to defendant Image Rent A Car, Inc.'s website, located at <www.imagerentacar.com>. Defendants also copied website content from Plaintiff's website and displayed it on the Image Rent A Car website

Defendants do not have any trademark or intellectual property rights in the Mark. Defendants registered the domain name <www.bandago.net> with the intent to divert Plaintiff's actual and potential customers to Defendants' website with the intent that those redirected customers use Defendants' services instead of Plaintiff's. Defendants' misconduct caused actual confusion among members of the public between Defendants' and Plaintiff's websites and services.

**Defendants' Statement:**

Defendants' over-arching position is that this lawsuit is predicated on trademark and copyright infringement in which Plaintiff did not suffer any demonstrable damages whatsoever. During the relevant timeframe set forth in the FAC, Defendant Van Rental

Co., Inc. ("Van") registered and owned the website <www.bandago.net>. At that time, Plaintiff's business operations were focused predominantly in California, and Van and Defendant Image Rent A Car's operation were focused largely in the New York area. The website has not been used for commercial purposes since this action was filed in February 2010, and the Corporate Defendants have not engaged in business operations since at least March 2011.

Notwithstanding the above, and as set forth in the parties' recent briefing on Plaintiff's Motion for Partial Summary Judgment, Defendants concede that the Corporate Defendants are liable (i) on two of the three elements required to prove cybersquatting; (ii) for common law trademark infringement; and (iii) for copyright infringement based on the allegations in the FAC. However, Defendants dispute that the Corporate Defendants' conduct warrants an award of anything beyond *de minimis* damages. Defendants believe that (i) the infringing website, www.bandago.net, received less than 25 visitors; (ii) Van did not make a single sale from a customer via the website; and (iii) Plaintiff cannot introduce any credible evidence of lost revenues, or damages arising from the Corporate Defendants' conduct.

Finally, the Individual Defendants deny that they are alter egos of either Corporate Defendant, and that Defendant Gad Sebag did not intentionally engage in or otherwise direct the conduct set forth in the FAC.

## 3. LEGAL ISSUES

The parties agree that the following legal issues will be determined in this matter. The scope of the these issues is likely to be narrowed following the Court's ruling on Plaintiff's Motion for Partial Summary Judgment and Defendant Sebag's Motion for Summary Judgment:

A. Whether Defendants engaged in cybersquatting in violation of 15 U.S.C. §1125(d), by registering and using domain names containing the trademark "Bandago."

Co., Inc. ("Van") registered and owned the website <www.bandago.net>. At that time, Plaintiff's business operations were focused predominantly in California, and Van and Defendant Image Rent A Car's operation were focused largely in the New York area. The website has not been used for commercial purposes since this action was filed in February 2010, and the Corporate Defendants have not engaged in business operations since at least March 2011.

Notwithstanding the above, and as set forth in the parties' recent briefing on Plaintiff's Motion for Partial Summary Judgment, Defendants concede that the Corporate Defendants are liable (i) on two of the three elements required to prove cybersquatting; (ii) for common law trademark infringement; and (iii) for copyright infringement based on the allegations in the FAC. However, Defendants dispute that the Corporate Defendants' conduct warrants an award of anything beyond *de minimis* damages. Defendants believe that (i) the infringing website, www.bandago.net, received less than 25 visitors; (ii) Van did not make a single sale from a customer via the website; and (iii) Plaintiff cannot introduce any credible evidence of lost revenues, or damages arising from the Corporate Defendants' conduct.

Finally, the Individual Defendants deny that they are alter egos of either Corporate Defendant, and that Defendant Gad Sebag did not intentionally engage in or otherwise direct the conduct set forth in the FAC.

## 3. LEGAL ISSUES

The parties agree that the following legal issues will be determined in this matter. The scope of the these issues is likely to be narrowed following the Court's ruling on Plaintiff's Motion for Partial Summary Judgment and Defendant Sebag's Motion for Summary Judgment:

A. Whether Defendants engaged in cybersquatting in violation of 15 U.S.C. §1125(d), by registering and using domain names containing the trademark "Bandago."

B. Whether Defendants engaged in unfair competition in violation of 15 U.S.C. §1125(a)(1)(A) by registering and using domain names containing the trademark "Bandago."

C. Whether Defendants engaged in false advertising in violation of 15 U.S.C. §1125(a)(1)(B) by registering and using domain names containing the trademark "Bandago."

D. Whether Defendants engaged in common law trademark infringement by registering and using domain names containing the trademark "Bandago."

E. Whether Defendants engaged in unfair competition in violation of California Business and Professions Code section 17200 by registering and using domain names containing the trademark "Bandago."

F. Whether Defendants engaged in copyright infringement by copying website content from Plaintiff's website and displaying that content on Defendants' website.

G. Whether either or both of the Individual Defendants intentionally engaged in the conduct alleged in the FAC.

H. Whether the Corporate Defendants are alter egos of each other or of either or both of the Individual Defendants.

I. Whether Plaintiff is entitled to compensatory or punitive damages, disgorgement of wrongful profits, and/or restitution for the claims alleged in the FAC.

J. Whether any or all of Plaintiff's claims are barred by the affirmative defenses raised in the Answer of Defendants to First Amended Complaint.

4. **MOTIONS**

On July 20, 2010, this Court denied the Corporate Defendant's Motion to Dismiss for Lack of Personal Jurisdiction or Transfer Venue to the Eastern District of New York. [D.E. No. 37.]

Case No. 3:10-cv-00617-SC  4  SUBSEQUENT JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER

Plaintiff has filed a motion for partial summary judgment against all Defendants, which is set for hearing on January 9, 2015. Defendant Gad Sebag has filed a motion for summary judgment, which is also set for hearing on January 9, 2015.

To the extent that the parties' summary judgment motions do not resolve all claims of all parties, the parties will file discovery motions and motions in limine as needed, and only after satisfying the requirements set forth in the Federal Rules of Civil Procedure and the Local Civil Rules.

## 5. AMENDMENT OF PLEADINGS

The Court previously set October 31, 2014 as the deadline to amend pleadings.

Plaintiff does not anticipate amending its operative FAC. However, Plaintiff's investigation of the relevant facts is ongoing, and Plaintiff reserves the right to seek to amend the FAC as permitted under the Federal Rules of Civil Procedure.

Defendants do not currently anticipate amending their answer to the FAC. However, Defendants' investigation of the relevant facts is ongoing, and Defendants reserve the right to amend their answer as permitted under the Federal Rules of Civil Procedure.

## 6. EVIDENCE PRESERVATION

The parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and have confirmed that they will take reasonable and proportionate steps to preserve potentially relevant evidence.

## 7. DISCLOSURES

Plaintiff served its initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) on December 15, 2010.

Defendants have not yet served their initial disclosures. However, Defendants

have in the course of this lawsuit served responses to Plaintiff's written discovery requests, which Defendants believe include information that would otherwise have been provided in their initial disclosures. However, in order to comply fully with the Federal Rules, Defendants will serve initial disclosures no later than January 9, 2015.

The parties do not believe that any changes should be made to the form or requirements for disclosures under Rule 26(a).

8. **DISCOVERY**

   a. **Discovery Taken To Date**

   Prior to the bankruptcy stay, Plaintiff served the Corporate Defendants with interrogatories, requests for admission, and requests for production, and the Corporate Defendants responded to those requests. Additionally, prior to the bankruptcy stay, Plaintiff served document subpoenas on Google and Network Solutions and received responses to those subpoenas.

   On December 5, 2014, Defendant Zilberman served his First Set of Requests for Production of Documents.

   b. **Scope of Anticipated Discovery**

**Plaintiff's Statement:**

Plaintiff may pursue additional discovery on the following topics through written discovery and party and third-party depositions.

- Defendants' corporate structures and their relationship with each other;
- Defendants' products and services;
- Defendants' Internet and website presence and use;
- Defendants' purported acquisition of rights in the BANDAGO mark;
- Defendants' use of the BANDAGO mark, particularly in Internet publications;

- Defendants' purported development and maintenance of rights in the BANDAGO mark;
- Incidents of confusion resulting from Defendants' use of the BANDAGO mark;
- The creation and content of Defendants' websites, including the persons responsible for the Corporate Defendants' online activities;
- Defendants' revenues and profits resulting from their use of the BANDAGO mark.

**Defendants' Statement:**

Defendants may conduct discovery on the allegations set forth in the FAC, including, without limitation, (i) Plaintiff's internet presence and website; (ii) Plaintiff's alleged use of the claimed mark; (iii) evidence of confusion, if any; and (iv) Plaintiff's alleged damages, if any.  With respect to Plaintiff's intent to conduct certain discovery referenced above,  Defendants note that Plaintiff participated in briefing and discovery in the bankruptcy proceedings relating to Image and Van in New York.  Accordingly, while Defendants will meet and confer with Plaintiff with respect to discovery issues, Defendants believe that any discovery in this action should not be duplicative of the discovery already completed through such bankruptcy proceedings.

  c. **<u>Any Proposed Limitations on Discovery</u>**

The parties intend to follow the limitations set forth in the Federal Rules of Civil Procedure and the Local Civil Rules.

  d. **<u>Electronically Stored Information</u>**

The parties anticipate that electronically stored information ("ESI") may comprise a significant portion of the discovery at issue in this action.  The parties agree to produce ESI in formats reasonably useable to the receiving party, without the need to create databases and data fields that do not already exist.  The parties agree to produce ESI as

single-page TIFF images with associated information including metadata in a Concordance load file <u>or</u> text searchable PDF files. The parties further agree that ESI not reasonably useable as single-page TIFF images or PDF files, such as audiovisual data, large spreadsheets, or database information, shall be produced in native format. Upon reasonable request in writing, the parties shall produce in native format ESI previously produced as single-page TIFF or PDF images with metadata.

The parties do not foresee any significant modifications or other adjustments that will need to be made to discovery rules or ordinary discovery procedures.

### e. Proposed Discovery Plan Under Fed. R. Civ. P. 26(f)

The parties propose the discovery schedule set forth in Section 17 below. The parties do not believe that discovery should be conducted in phases or be limited to or focused on particular issues.

### f. Any Identified Discovery Disputes

The parties do not have any discovery disputes at this time.

## 9. CLASS ACTIONS

This case is not a class action.

## 10. RELATED CASES

The parties are not aware of any related case or proceeding.

## 11. RELIEF

**Plaintiff's Statement:**

Plaintiff seeks the following relief:

A. Injunctive relief against Defendants, requiring Defendants to transfer the domain name <www.bandango.net> to Plaintiff;

B. The greater of Plaintiff's damages (composed of Plaintiff's actual damages and Defendants' profits) in an amount to be determined according to proof pursuant to, <u>or</u> Plaintiff's statutory damages of $100,000 pursuant to, 15 U.S.C. §1117(a), (d);

C. Plaintiff's damages (composed of Plaintiff's actual damages and Defendants' profits) in an amount to be determined according to proof pursuant to 15 U.S.C. §1117(a) for Defendant's willful infringement of Plaintiff's unregistered trademark. Plaintiff asks that these damages be tripled under 15 U.S.C. §1117(a);

D. Plaintiff's damages (composed of Plaintiff's actual damages and Defendants' profits) in an amount to be determined according to proof pursuant to 17 U.S.C. §504 for Defendant's willful infringement of Plaintiff's copyright;

E. Plaintiff's compensatory damages under California common law;

F. Restitution for Plaintiff's harm arising from Defendants' violation of California Business and Professions Code section 17200;

G. Plaintiff's costs;

H. Plaintiff's attorneys' fees under 15 U.S.C. §1117(a);

I. Such other damages as the Court shall deem appropriate;

J. Interest, including prejudgment interest, on the foregoing sums.

**Defendants' Statement:**

Defendants request the Court to award the following relief to Defendants and against Plaintiff:

A. Dismissal of the within action.

B. Defendants' costs.

C. Defendants' attorneys' fees under 15 U.S.C. §1117(a).

D. Interest, including prejudgment interest, on the foregoing sums; and

E. Such other and further relief as the Court may deem just and appropriate.

Case No. 3:10-cv-00617-SC  9  **SUBSEQUENT JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**

## 12. SETTLEMENT AND ADR

The parties certify that they have reviewed the Court's ADR materials. Plaintiff is willing to participate in mediation before a mediator appointed from the Court's panel. Plaintiff believes that the case is ready for mediation at this time.

Defendants' position is that attempts at further resolution are unlikely to be productive. Defendants have made their settlement position clear to Plaintiff in this proceeding and in the bankruptcy proceeding in New York. In light of the parties' prior negotiations, Defendants do not believe that a panel mediation will be likely to yield a settlement. Nonetheless, Defendants will of course comply with any orders the Court enters with respect to this issue.

## 13. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.  ____ YES   __X__ NO

## 14. OTHER REFERENCES

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## 15. NARROWING OF ISSUES

At this time, the parties do not believe that issues can be narrowed.

## 16. EXPEDITED TRIAL PROCEDURE

The parties do not believe that this is the type of action that can be handled on an expedited basis with streamlined procedures.

## 17. SCHEDULING

The Parties propose the following schedule:

| Deadline to Amend Pleadings | 10/31/2014 |
|---|---|
| Non-Expert Discovery Cutoff | 03/14/2015 |
| Designation of Experts | 03/28/2015 |
| Designation of Rebuttal Experts | 04/18/2015 |
| Expert Discovery Cutoff | 05/13/2015 |
| Last Day to Hear Dispositive Motions | 06/19/2015 |
| Pretrial Conference | 09/07/2015 |
| Trial | 09/28/2015 |

## 18. TRIAL

Each of the parties has requested to try this case to a jury. The parties expect the trial will last for 5-7 days.

## 19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

**Plaintiff's Statement:**

Plaintiff has filed a Certificate of Interested Parties and certifies that other than the named parties, there is no such interest to report. Defendants have yet to file their Certification of Interested Entities or Persons.

**Defendants' Statement:**

Defendants have yet to file their Certification of Interested Entities or Persons. Defendants' reserve their right to file Certification of Interested Entities or Persons pending the outcome of further discovery.

## 20. PROFESSIONAL CONDUCT

Counsel for Plaintiff and Defendants have reviewed and agree to comply with this Court's Guidelines for Professional Conduct, located online at the following address: <http://www.cand.uscourts.gov/professional_conduct>.

21. **OTHER**

The parties do not presently know of any other matters to be addressed that may facilitate the just, speedy and inexpensive disposition of this matter.

Dated: December 31, 2014  **KRONENBERGER ROSENFELD, LLP**

        s/ Jeffrey M. Rosenfeld
        Jeffrey M. Rosenfeld

Attorneys for Plaintiff

Dated: December 31, 2014  **HEATH & STEINBECK, LLP**

        s/ Steven A. Heath
        Steven A. Heath

Attorneys for Defendants

### ATTESTATION OF CONCURRENCE IN FILING

Pursuant to Local Rule 5-1(i)(3), the filer hereby attests that concurrence in the filing of this document has been obtained from each of the other signatories, which shall serve in lieu of their signatures on the document.

Respectfully Submitted,

DATED: December 31, 2014  **KRONENBERGER ROSENFELD, LLP**

By:   s/ Jeffrey M. Rosenfeld
        Jeffrey M. Rosenfeld

Attorneys for Plaintiff

**CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

**IT IS SO ORDERED.**

Dated: _____

UNITED STATES DISTRICT JUDGE