1 **KRONENBERGER ROSENFELD, LLP**
2 Karl S. Kronenberger (CA Bar No. 226112)
  Jeffrey M. Rosenfeld (CA Bar No. 222187)
3 150 Post Street, Suite 520
  San Francisco, CA 94108
4 Telephone: (415) 955-1155
  Facsimile: (415) 955-1158
5 karl@KRInternetLaw.com
6 jeff@KRInternetLaw.com

7 Attorneys for Plaintiff
  Digby Adler Group LLC



**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **DIGBY ADLER GROUP LLC** *DBA* **BANDAGO,** a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>**IMAGE RENT A CAR, INC.**, a New York corporation, and **VAN RENTAL CO., INC.**, a New York corporation, et al.<br><br>Defendants. | Case No. 3:10-cv-00617-SC<br><br>**STIPULATION AND [PROPOSED] CONSENT JUDGMENT AGAINST DEFENDANTS IMAGE RENT A CAR, INC. AND VAN RENTAL CO., INC. ONLY** |

Plaintiff Digby Adler Group LLC *dba* Bandago and Defendants Image Rent A Car Inc. and Van Rental Co., Inc., (collectively, the "Corporate Defendants"), with the approval of their respective counsel, request that the Court enter this Proposed Consent Judgment ("Consent Judgment") based on the following stipulated facts:

1. Plaintiff is the owner of the trademark BANDAGO for use in connection with the rental of passenger cars and passenger vans, and the rental of musical instruments and stage and movie equipment. Plaintiff is the rightful owner of the domain name <bandago.net>.

2. On February 11, 2010, Plaintiff filed the initial complaint in this action, which named Image Rent A Car Inc. and Van Rental Co., Inc. as defendants. On March 21, 2011, Plaintiff filed an amended complaint in this action against all Defendants. [D.E. No. 85.]

3. In this action, Plaintiff has asserted claims for Cybersquatting (Lanham Act §43(d); 15 USC §1125(d)(1)); Unfair Competition (Lanham Act §43(a), 15 U.S.C. §1125(a)); False Advertising (Lanham Act §43(a), 15 U.S.C. §1125(a)(1)(B)); Common Law Trademark Infringement; Unlawful, Unfair, or Fraudulent Business Practices (Cal. Bus. & Prof. C. §17200); Copyright Infringement, Vicarious Copyright Infringement, and Contributory Copyright Infringement (17 U.S.C. §501 *et seq.*); and Infringement of an Unregistered Trademark (15 U.S.C. §1125(a)).

4. This Court has subject matter jurisdiction over this action and personal jurisdiction over the Corporate Defendants.

5. On November 17, 2014, Plaintiff filed a motion for partial summary judgment against all Defendants. [D.E. No. 122.] On December 2, 2014, Defendant Gad Sebag filed a motion for summary judgment. [D.E. No. 134.] On February 6, 2015, the Court entered an Order on Cross Motions for Summary Judgment. [D.E. No. 149.] In its order, the Court ruled as follows: a) the Court granted partial summary judgment in favor of Plaintiff and against the Image Rent A Car Inc., Van Rental Co., Inc., Shneior Zilberman as to Plaintiff's cybersquatting, trademark infringement, and copyright

infringement claims; b) the Court awarded $25,000 in statutory damages on Plaintiff's cybersquatting claim; c) the Court denied Plaintiff's motion for partial summary judgment against Gad Sebag as to all claims; d) the Court denied Plaintiff's motion for partial summary judgment as to the amount of Plaintiff's actual damages for Plaintiff's cybersquatting, trademark infringement, and copyright infringement claims; and e) the Court denied Gad Sebag's motion for summary judgment as to all claims.

6. Except as set forth in this Stipulation and Consent Judgment, the Corporate Defendants make no admission as to the allegations of Plaintiff in this action, including the allegations in the complaint and the first amended complaint.

7. The parties have reached a settlement of this action, governed by a separate settlement agreement.

8. As part of the settlement agreement, the parties agreed to the entry of this Consent Judgment in favor of Plaintiff and against the Corporate Defendants only, jointly and severally.

9. The parties intend for the Consent Judgment to finally resolve all claims in this action against the Corporate Defendants, including those addressed in the Court's Order on Cross Motions for Summary Judgment. [D.E. No. 149.].

10. Based on these stipulated facts, the parties consent to the entry of this Consent Judgment and request that the Court enter the same.

**ACCORDINGLY, IT IS SO ORDERED, ADJUDGED, AND DECREED THAT:**

1. Judgment is hereby entered in this action in favor of Plaintiff and against Defendants Image Rent A Car Inc. and Van Rental Co., Inc. only, jointly and severally, in the amount of One Hundred Thousand Dollars and No Cents ($100,000.00).

2. Plaintiff and the Corporate Defendants shall bear their own costs and fees.

3. Within fourteen (14) days of the entry of this Consent Judgment, the Corporate Defendants shall use diligent and reasonable efforts to transfer the domain name <bandago.net> to Plaintiff. Any third party registrar possessing control over the

1 | domain name <bandago.net>, including but not limited to Network Solutions, LLC, shall
2 | provide reasonable assistance to Defendants in transferring the domain name to Plaintiff.

3 |     4.    This Consent Judgment fully resolves this action as to the Corporate
4 | Defendants.

5 |     5.    The Court shall retain jurisdiction over this action for purposes of
6 | enforcement of this Consent Judgment.

**JUDGMENT IS SO ENTERED.**

Dated:_____

The Honorable Samuel Conti
United States District Judge

STIPULATED TO BY:

DATED: July 14, 2015

**KRONENBERGER ROSENFELD, LLP**

By: */s/ Jeffrey M. Rosenfeld*
Jeffrey M. Rosenfeld

Attorneys for Plaintiff Digby Adler Group LLC *dba* Bandago

DATED: July 14, 2015

**HEATH & STEINBECK**

By: */s/ Steven A. Heath*
Steven A. Heath

Attorneys for Image Rent A Car Inc., Van Rental Co., Image, Gad Sebag, and Shneior Zilberman

Case No. 3:10-cv-617-SC      2      STIPULATION AND [PROPOSED] CONSENT